JUDGE SWEET

# 14 CV 7990

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL AGROPONG, MARCOS BASABE,
ADRIAN BATANA, CARLOS LAGUNA, YOLANDA
NIEVE, CHRISTINE NUNEZ, ANDY OSEI, ABEL
PANTOJA, ELIETZER PIERRE-LOUIS, JOSUE PIERRE-
LOUIS,  DAVID RICHARDSON, DANIEL RODRIGUEZ,
ROBERTO RODRIGUEZ, HECTOR ROSADO, and
SURITA SUEDASS, individually, and on behalf of all
others similarly situated,

Plaintiffs,

-against-

MICHAEL MEMON  a/k/a IQBAL MEMON, GULAN
DORIA a/k/a JEFF DORIA, BERGEN DISCOUNT INC.,
BERGEN DISCOUNT PLUS, INC., 518 WILLIS
REALTY, INC., WILLIS DISCOUNT INC., ALI M.
ABADI  d/b/a WILLIS DISCOUNT, ZIAD NASSRADIN,
ZNF 99 CENT DISCOUNT CORP., DOLLAR-RITE INC.,
TODO BARATO DISCOUNT INC., COMMUNITY
DOLLAR PLUS, INC., 167 TRADING DISCOUNT INC.,
167 PRIMO TRADING INC., B&S DISCOUNT INC., 99
CENT DISCOUNT & PARTY STORE INC., 99 CENT
DISCOUNT, INC., CLEAR CHOICE, INC., JOHN AND
JANE DOES 1-50, and JOHN DOE CORPORATIONS 1-
20,

Defendants.

Civil Action No.

**COMPLAINT**

JURY TRIAL DEMANDED



RECEIVED

OCT 03 2014

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, Emmanuel Agropong, Marcos Basabe, Adrian Batana, Carlos Laguna, Yolanda

Nieve, Christine Nunez, Andy Osei, Abel Pantoja, Elietzer Pierre Louis, Josue Pierre Louis, David

Richardson, Daniel Rodriguez, Roberto Rodriguez, Hector Rosado and Surita Suedass

(collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their

attorneys, Slater Slater Schulman LLP and Katz Melinger PLLC, respectfully allege upon

knowledge as to themselves and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

1.     Plaintiffs are current and former stock workers, unloaders, cashiers, sales-floor employees and truck drivers, employed by Defendants to work at numerous discount stores owned and/or operated by Defendants in the County of Bronx, State of New York.

2.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated current and former employees, to seek class-wide redress against the Defendants for payment of substandard wages far below the applicable minimum wage; for refusal to pay overtime wages while requiring the Plaintiffs to work sixty-six (66) hours or more per week; for failure to pay spread of hours despite subjecting Plaintiffs to eleven hour work days with fifteen minute lunch breaks; and for failure to provide wage statements as required by the NYLL.

3.     The central hub of Defendants' business operations was and still is Bergen Discount, the location at which each of the Plaintiffs was hired, worked, and was paid.  The Plaintiffs were assigned each week by the owners and operators of Bergen Discount, Defendants Michael Memon and Gulan Doria, to work at other discount stores described herein that Defendants Michael Memon and Gulan Doria owned, operated, and/or did business with via an arrangement with the owners and/or operators thereof to share their employees' services and interchange employees.

4.     Plaintiffs' regular work schedules were from 9:00 a.m. to 8:00 p.m., Monday through Saturday, for sixty-six (66) hours per week. Plaintiffs were paid flat weekly salaries ranging from as low $150.00 per week ($2.27 per hour) to $360.00 per week ($5.45 per hour) for all hours worked. Plaintiffs were allotted a lunch break of fifteen (15) minutes per day or less, and Plaintiffs would regularly be required to forego such breaks.

5.     Upon protesting their sweat shop wages and conditions, Plaintiffs were repeatedly advised by Defendants that Defendants would not increase their pay, that Plaintiffs would not receive a job elsewhere without documentation, and that Defendants would report the Plaintiffs to immigration authorities if they said anything about the unlawful practices. Upon information and belief, Defendants' unlawful policies and practices have been occurring since Bergen Discount opened in 1986. Through the substantial profits Defendants have gained by taking advantage of large number of workers, Defendants have been able to greatly expand and open numerous discount stores in which Defendants' deplorable and unlawful practices continue.

## PARTIES

6.     During all relevant time periods, Plaintiff Emmanuel Agropong was and still is a resident of Bronx County, State of New York.

7.     During all relevant time periods, Plaintiff Marcos Basabe was and still is a resident of the County of Bronx, State of New York.

8.     During all relevant time periods, Plaintiff Adrian Batana was and still is a resident of the County of Bronx, State of New York.

9.     During all relevant time periods, Plaintiff Carlos Laguna was and still is a resident of the County of Bronx, State of New York.

10.     During all relevant time periods, Plaintiff Yolanda Nieve was and still is a resident of the County of Bronx, State of New York.

11.     During all relevant time periods, Plaintiff Christine Nunez was and still is a resident of the County of Kings, State of New York.

12.     During all relevant time periods, Plaintiff Andy Osei was and still is a resident of the County of Bronx, State of New York.

3

13.     During all relevant time periods, Plaintiff Abel Pantoja was and still is a resident of the County of Bronx, State of New York.

14.     During all relevant time periods, Plaintiff Elietzer Pierre-Louis was and still is a resident of the County of Bronx, State of New York.

15.     During all relevant time periods, Plaintiff Josue Pierre-Louis was and still is a resident of the County of Bronx, State of New York.

16.     During all relevant time periods, Plaintiff David Richardson was and still is a resident of the County of Bronx, State of New York.

17.     During all relevant time periods, Plaintiff Daniel Rodriguez was and still is a resident of the County of Bronx, State of New York.

18.     During all relevant time periods, Plaintiff Roberto Rodriguez was and still is a resident of the County of Bronx, State of New York.

19.     During all relevant time periods, Plaintiff Hector Rosado was and still is a resident of the County of Bronx, State of New York.

20.     During all relevant time periods, Plaintiff Surita Suedass was and still is a resident of the County of Bronx, State of New York.

21.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

22.     Defendant Bergen Discount Inc. was and still is a domestic corporation organized and existing under the laws of the State of New York, operating under the store name "Bergen Discount", located at 518 Willis Avenue, Bronx, New York 10455.

23.     Defendant Bergen Discount Plus, Inc. was and still is a domestic corporation organized and existing under the laws of the State of New York, operating under the store

4

name "Bergen Discount", located at 518 Willis Avenue, Bronx, New York 10455.

24.     Defendant Willis Realty, Inc. was and still is a domestic corporation organized and existing under the laws of the State of New York, operating under the store name "Bergen Discount", located at 518 Willis Avenue, Bronx, New York 10455.

25.     Defendant Willis Discount Inc. was and still is a domestic corporation organized and existing under the laws of the State of New York, operating under the store name "Bergen Discount", located at 518 Willis Avenue, Bronx, New York 10455.

26.     Defendant Ali M. Abadi d/b/a Willis Discount was and still is a sole proprietorship organized and existing under the laws of the State of New York, operating under the store name "Bergen Discount", located at 518 Willis Avenue, Bronx, New York 10455.

27.     Defendant Ziad Nassradin was and still is a resident of Bronx County, State of New York, and at all relevant times, was the owner and/or operator of the variety store "ZNF 99 Cent Plus Discount Store", located at 3072 White Plains Road, Bronx, New York 10467.

28.     Defendant ZNF 99 Cent Discount Corp. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "ZNF 99 Cent Plus Discount Store", located at 3072 White Plains Road, Bronx, New York 10467.

29.     Defendant Dollar-Rite Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "Dollar Rite Discount Warehouse", located at 3706 3rd Avenue, Bronx, New York 10456, and 3728 White Plains Road, Bronx, New York 10467.

30.     Defendant Todo Barato Discount, Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under

the store name "Barato Discount Store", located at 1924 Cross Bronx Expressway, Bronx, New York 10472.

31.     Defendant Community Dollar Plus Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "Community Discount Store", located at 680 East Tremont Avenue, Bronx, New York 10457.

32.     Defendant 167 Trading Discount Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "167 Trading Discount", located at 263 East 167th Street, Bronx, New York 10456.

33.     Defendant 167 Primo Trading Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "167 Trading Discount", located at 263 East 167th Street, Bronx, New York 10456.

34.     Defendant B&S 99 Cents and Variety Store Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "B&S Discount", located at 1170 Webster Avenue, Bronx, New York 10456.

35.     Defendant, B&S Discount Inc., was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "B&S Discount", located at 1170 Webster Avenue, Bronx, New York 10456.

36.     Defendant, 99 Cent Discount & Party Store Inc., was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "99 Cent Discount Store", located at 693 Morris Ave, Bronx, New York 10451.

37.     Defendant 99 Cent Discount, Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "99 Cent Discount Store", located at 693 Morris Ave, Bronx, New York 10451.

38.     Defendant Clear Choice Inc. was and still is a domestic business corporation organized and existing under the laws of the State of New York, operating under the store name "Clear Choice Discount Store", located at 21-12 36th Avenue, Long Island City, New York 11106.

39.     Defendant Michael Memon, believed to also be known as and/or using the name of "Iqbal Memon", was and still is a resident of Bronx County, State of New York, and at all relevant times, was the owner and/or operator of the variety stores commonly known and referred to as "Bergen Discount"; "Barato Discount Store"; "167 Trading Discount"; "B&S Discount"; "99 Cent Discount Store"; "Clear Choice Discount Store"; "99 Cent University Discount"; and "99 & Up Magic".

40.     Defendant Gulan Doria, believed to also be known as and/or using the nickname of "Mr. G" and/or "Jeff Doria", was and still is a resident of Bronx County, State of New York, and at all relevant times, was the owner and/or operator of the variety stores commonly known and referred to as "Barato Discount Store"; "QB Mini Mart"; "99 Cent University Discount"; and "99 & Up Magic".

41.     Defendants John and Jane Does 1 through 50 are individuals whose names and addresses are unknown.

42.     Defendants John Doe Corporations 1 through 20 are corporations whose names and addresses are unknown.

7

43.    Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs and similarly situated employees.

44.    Upon information and belief, Defendants Michael Memon and Gulan Doria owned, operated and/or did business with the owners and/or operators of each of the foregoing variety stores via an arrangement to share their employees' services and interchange employees.

45.    Upon information and belief, Defendants Michael Memon and Gulan Doria operated the foregoing variety stores through corporations and individuals serving as alter egos and/or instrumentalities for the Defendants.

## JURISDICTION AND VENUE

46.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

47.    This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

48.    Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, collective and class members, within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

49.    At all relevant times, each of the Plaintiffs was hired at Bergen Discount.

50.    Plaintiffs were hired and worked for Defendants for varying time periods ranging from 2006 through present.

8

51.     At all relevant times, Plaintiffs were sent from Bergen Discount each week to work at the Defendants' other discount store locations described herein.

52.     Plaintiffs were required to work at Bergen Discount when not scheduled at one of the Defendants' other discount stores described herein.

53.     Plaintiffs were scheduled to work at the Defendants' other discount stores when the stores were understaffed or required additional support.

54.     Upon information and belief, Defendants Michael Memon and Gulan Doria owned, operated, managed, controlled, or had an arrangement with the owners and/or operators of the aforementioned discount stores to share their employees' services, including the Plaintiffs, and/or interchange employees.

55.     Upon information and belief, each of the Defendants shared control of the Plaintiffs, directly or indirectly.

56.     Defendant Gulan Doria was responsible for hiring and firing employees; assigning and directing Plaintiffs to work at the Defendants' various discount store locations; and setting Plaintiffs' work schedules.

57.     Upon information and belief, Defendant Michael Memon was responsible for the operation and finances of the discount stores, as well as for paying the Plaintiffs and deciding their rates of pay.

58.     The standard work schedule for the Plaintiffs was generally 9:00 a.m. to 8:00 p.m., eleven (11) hours per day, Monday through Saturday, for sixty-six (66) hours per week.

59.     The maximum daily lunch break allotted to Plaintiffs was approximately fifteen (15) minutes or less.

60.     The only break Plaintiffs were allotted was their fifteen (15) minute lunch break.

61.     At all relevant times, Plaintiffs were paid in cash.

62.     Plaintiffs' hours worked were not recorded by the Defendants at any time.

63.     Plaintiff Emmanuel Agropong was employed by Defendants as a stock worker from approximately October 2013 through March 2014. For each and every week of his employment, Mr. Agropong worked from 9:00 a.m. to 8:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was paid a flat salary of $240.00 per week ($3.63 per hour).

64.     Plaintiff Marcos Basabe, was a stock and sales-floor worker employed by the Defendants from approximately July 21, 2014 through July 25, 2014. Mr. Basabe worked from 9:00 a.m. to 8:00 p.m., for fifty-five (55) hours and was paid $300.00 for the week ($5.45 per hour).

65.     Plaintiff Adrian Batana, has been employed by the Defendants as a cashier from approximately April 2013 through present. For each and every week of her employment, Ms. Batana has worked from 9:00 a.m. to 8:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was and still is paid a flat salary of $350.00 per week ($5.30 per hour).

66.     Plaintiff Carlos Laguna is a stock worker and unloader who has been employed by Defendants from approximately June 2011 through present. For each and every week of his employment, Mr. Laguna has worked from 9:00 a.m. to 8:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was and still is paid a flat salary of $360.00 per week ($5.45 per hour).

67.     Plaintiff Christine Nunez was a cashier and sales-floor worker employed by the Defendants from approximately November 2012 through December 2013. For each and every week of her employment, Ms. Nunez worked from 9:00 a.m. to 8:00 p.m., Monday through

10

Saturday, for sixty-six (66) hours per week, and was paid a flat salary of $200.00 per week ($3.03 per hour).

68.     Plaintiff <u>Andy Osei</u> was a warehouse worker employed by the Defendants from approximately July 14, 2014 through July 19, 2014.  Mr. Osei worked 8:00 a.m. to 9:00 p.m. Monday through Friday, for sixty-five (65) hours, and was paid $250.00 for the week ($3.85 per hour).

69.     Plaintiff <u>Abel Pantoja</u> was employed by the Defendants as a truck driver, loader and security guard from approximately August 2008 through March 11, 2014. For each and every week of his employment, Mr. Pantoja worked 8:00 a.m. to 8:00 p.m., Monday through Sunday, for eighty-four (84) hours per week. From August 2008 through January 2011, Mr. Pantoja was paid a flat salary of $150.00 per week ($1.78 per hour). From January 2011 through March 11, 2014, Mr. Pantoja was paid a flat salary of $250.00 per week ($2.97 per hour).

70.     Plaintiff <u>Elietzer Pierre-Louis</u> was a stock worker, unloader and sales-floor worker employed by the Defendants from approximately October 2013 through August 19, 2014. For each and every week of his employment, Mr. Pierre-Louis worked 9:00 a.m. to 8:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was paid a flat salary of $150.00 per week ($2.27 per hour).

71.     Plaintiff <u>Josue Pierre-Louis</u> was a stock worker employed by the Defendants from approximately June 2013 through December 2013. For each and every week of his employment, Mr. Pierre Louis worked 8:00 a.m. to 11:00 p.m., Monday through Sunday, for one hundred five (105) hours per week, and was paid a flat salary of $200.00 per week ($1.90 per hour).

72.   Plaintiff <u>Yolanda Nieve</u> is a cashier who was been employed by Defendants from December 2013 through present. For each and every week of her employment, Ms. Nieve has worked from 8:00 a.m. to 9:00 p.m., sixty-six (66) hours per week, and was and still is paid $350.00 per week ($5.30 per hour).

73.   Plaintiff <u>David Richardson</u> is a stock worker who has been employed by Defendants from January 2008 through present. For each and every week of his employment, Mr. Richardson has worked from 8:00 a.m. to 9:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was and still is paid $300.00 per week ($4.54 per hour).

74.   Plaintiff <u>Daniel Rodriguez</u> is a truck driver who has been employed by Defendants from November 2007 through present. For each and every week of his employment during the period of November 2007 to January 2014, Mr. Rodriguez worked 8:00 a.m. to 9:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was paid $385.00 per week ($5.83 per hour). For each and every week of his employment from January 2014 through present, Mr. Rodriguez has worked from 8:00 a.m. to 8:00 p.m., Monday through Friday, for sixty (60) hours per week, and was and still is paid $260.00 per week ($4.33 per hour).

75.   Plaintiff <u>Roberto Rodriguez</u> is an unloader and truck driver who was employed by Defendants from approximately September 2013 through August 13, 2014. For each and every week of his employment, Mr. Rodriguez worked from 8:00 a.m. to 9:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was paid $330.00 per week ($5.00 per hour).

76.   Plaintiff <u>Hector Rosado</u> is a stock worker who has been employed by the Defendants from approximately November 2006 through present. For each and every week of his employment, Mr. Rosado has worked from 9:00 a.m. to 8:00 p.m., Monday through Sunday, for seventy-seven (77) hours per week, and was and still is paid $150.00 per week

($1.94 per hour).

77.     Plaintiff Sarita Suedass was employed by the Defendants as a cashier from September 2013 through June 2014. For each and every week of her employment during the period of September 2013 through December 2013, Ms. Suedass worked 9:00 a.m. to 8:00 p.m., Monday through Saturday, for sixty-six (66) hours per week, and was paid a flat salary of $300.00 per week ($4.54 per hour). For each and every week of her employment during the period of January 2014 through June 2014, Plaintiff worked 9:00 a.m. to 8 p.m., three days per week, for thirty-three (33) hours per week, and was paid a flat salary of $330.00 per week.

78.     The work performed by Plaintiffs was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

79.     During the relevant time period, Plaintiffs and others similarly situated were not paid the required minimum wage, in violation of the FLSA and NYLL.

80.     Upon information and belief, Defendants regularly fail to pay their employees the applicable minimum wage.

81.     Plaintiffs were and still are entitled to be paid at least one and one-half of their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

82.     During the relevant time periods, each of the Plaintiffs worked in excess of forty (40) hours per workweek and were entitled to receive overtime wages.

83.     During the relevant time periods, Plaintiffs were not paid one and one-half times their regular hourly work rate for any hours that they worked in excess of 40 per workweek, in violation of the FLSA and NYLL.

84.     Upon information and belief, Defendants regularly fail to pay their employees one and one-half times their regular hourly work rate for any hours that they work in excess of 40 per workweek.

85.     Plaintiffs were and still are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

86.     During the relevant time periods, each of the Plaintiffs worked shifts in excess of ten (10) hours per day and were entitled to receive spread of hours wages.

87.     During the relevant time periods, Plaintiffs were not paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL and NYCRR.

88.     Upon information and belief, Defendants regularly fail to pay their employees an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

89.     Plaintiffs were and still are entitled to be paid all of their earned spread of hours wages pursuant to the NYLL § 190, *et. seq.*

90.     At all relevant times, each of the Plaintiffs was entitled to be paid all of his or her wages.

91.     At all relevant times, each of the Plaintiffs was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized

allowances and deductions.

## CLASS ACTION ALLEGATIONS

92.      Plaintiffs bring this case as representatives of a class of all other persons similarly situated.

93.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiffs seek the certification of a class of all persons who, during the relevant time period of January 1, 2008, to the date of final judgment in this matter, have been employed by Defendants as stock workers, unloaders, cashiers, sales-floor employees or truck drivers at Bergen Discount, and/or were directed to work at Defendants' other discount store locations Defendants owned, operated, and/or did business with via an arrangement with the owners and/or operators thereof to share their employees' services and interchange employees; worked overtime as defined by the NYLL; were paid less than minimum wage; worked shifts in excess of ten (10) hours; were not provided wage payment statements; and were not paid all of their wages (hereinafter referred to as the "Discount Workers Class").

94.      Upon information and belief, the Discount Workers Class includes over one hundred (100) similarly situated individuals who have not been paid minimum wage, overtime, or spread of hours; who have not received wage payment statements; and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

95.      The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

96.      There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants

15

have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

97.  Common questions of law and fact include, but are not limited to, the following:

A.  Whether Defendants have consistently failed to pay the Plaintiffs and class members minimum wage as required by the NYLL;

B.  Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

C.  Whether Defendants consistently failed to pay Plaintiffs and class members spread of hour wages as required by New York Law;

D.  Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

E.  Whether Defendants have consistently failed to provide wage payment statements as required by New York Law.

98.  Plaintiffs' wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

99.  Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.

100.    Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

101.    Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

102.    Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COLLECTIVE ACTION ALLEGATIONS

103.    Plaintiffs' FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b).

104.    Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

105.    Plaintiffs brings the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as stock workers, unloaders, cashiers, sales-floor employees and truck drivers at Bergen Discount, and were directed to work at Defendants' other discount store locations Defendants owned, operated, and/or did business with via an arrangement with the owners and/or operators thereof to share their employees' services and interchange employees, from the period of January 1, 2011 to the date of final judgment in this matter, and who were not paid the required minimum wage or overtime for

hours worked in excess of forty (40) hours per week (hereinafter referred to as the "Discount Workers Collective").

106.    Upon information and belief, the Discount Workers Collective consists of approximately one hundred (100) similarly situated individuals who have not been paid minimum wage and overtime and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

107.    Upon information and belief, Defendants have failed to pay overtime to employees other than those in the Discount Workers Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

108.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

109.    Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

### CLASS- and COLLECTIVE-WIDE FACTUAL ALLEGATIONS

110.    Plaintiffs and members of the Discount Workers Class and Discount Workers Collective defined above (collectively, "Discount Workers Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including without limitation, minimum wage, overtime wages and spread of hours wages.

111.    As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Discount Workers Group by engaging in a pattern, practice and/or policy of violating the FLSA and/or the NYLL.

112.    Defendants have paid wages to the Plaintiffs and Discount Workers Group significantly below minimum wage and have not paid overtime wages at any time.

113.    Defendants have substantially benefitted and profited from the work that Plaintiffs and Discount Workers Group have performed.

114.    Defendants failed to keep any records of the hours worked by the Plaintiffs and the Discount Workers Group.

115.    Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

116.    Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

117.    Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the Discount Workers Group.

### AS AND FOR THE FIRST CAUSE OF ACTION
*(Minimum Wage Under the FLSA)*

118.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

119.    Defendants have engaged in a widespread pattern, policy and practice of violating the minimum wage requirements of the FLSA.

120.    At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq.*

121.    At all relevant times, Plaintiffs and the Discount Workers Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

122.    At all relevant times, Defendants employed Plaintiffs and the Discount Workers Collective within the meaning of 29 U.S.C. § 203(g).

123.    At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

124.    As the Defendants shared control of the services of the Plaintiffs and Discount Workers Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

125.    Subject to the statutory time limits, Defendants were required to pay Plaintiffs and the Discount Workers Collective a rate of $7.25 per hour from September 29, 2011 through present pursuant to 29 U.S.C. § 206(a).

126.    Defendants have engaged in a policy and/or practice of failing to pay Plaintiffs and the Discount Workers Collective the applicable minimum wage for any of the hours Plaintiffs and the Discount Workers Collective were required to work.

127.    Defendants have violated and continue to violate 29 U.S.C. § 206(a) by failing to compensate Plaintiffs and the Discount Workers Collective the applicable minimum hourly wage.

128.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Discount Workers Collective the required minimum wage, Plaintiffs and the Discount Workers Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216.

129.    Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiffs and Discount Workers Collective the required minimum wage.

130.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Discount Workers Collective.

131.    Due to Defendants' intentional and willful failure to pay Plaintiffs and Discount Workers Collective the applicable minimum wage, the Plaintiffs and Discount Workers Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

132.    Members of the Discount Workers Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

### AS AND FOR THE SECOND CAUSE OF ACTION
*(Minimum Wage Under the NYLL)*

133.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

134.    Defendants have engaged in a widespread pattern, policy and practice of violating the minimum wage requirements of the NYLL.

135.    At all relevant times, Plaintiffs and the Discount Workers Class were employees and Defendants have been employers within the meaning of NYLL §§ 190, 651 and 652.

136.    At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

137.    Subject to the statutory time limits, Defendants were required to pay Plaintiffs and the Discount Workers Class at least a minimum wage rate of (a) $7.15 per hour for all hours worked from September 29, 2008 through July 24, 2009; (b) $7.25 per hour for all hours

worked from July 24, 2009 through December 31, 2013; and (c) $8.00 per hour from December 31, 2013 through present, pursuant to NYLL § 652.

138.    Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiffs and the Discount Workers Class the applicable minimum wage for any of the hours they required Plaintiffs and the Discount Workers Class to work.

139.    Defendants have violated and continue to violate NYLL § 652 by failing to compensate Plaintiffs and the Discount Workers Class the applicable minimum hourly wage.

140.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and Discount Workers Class the required minimum wage, Plaintiffs and the Discount Workers Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

141.    Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiffs and Discount Workers Class the required minimum wage.

142.    Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the Discount Workers Class.

143.    Due to Defendants' intentional and willful failure to pay Plaintiffs and Discount Workers Class the applicable minimum wage, Plaintiffs and the Discount Workers Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime Under the FLSA)*

144.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

145.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*

146.    Defendants expected Plaintiffs and Discount Workers Collective to work more than forty (40) hours a week, and Plaintiffs and the Discount Workers Collective regularly worked more than forty (40) hours a week throughout their employment.

147.    At no time have the Defendants paid Plaintiffs and the Discount Workers Collective a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

148.    Defendants willfully, knowingly and intentionally did not, and continue not to, compensate Plaintiffs and the Discount Workers Collective for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

149.    As a result of Defendants' violations of the law and failures to pay Plaintiffs required overtime wages, Plaintiffs and Discount Workers Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

150.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and Discount Workers Collective was in compliance with the law, Plaintiffs and Discount Workers Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

151.    Members of the Discount Workers Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action. 29 U.S.C. § 216(b).

159.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Discount Workers Class was in compliance with the law, Plaintiffs and the Discount Workers Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Spread of Hours Under the NYLL)*

160.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

161.     At all relevant times, Plaintiffs and the Discount Workers Class were and still are required to work eleven (11) hours each shift.

162.     Plaintiffs and the Discount Workers Class were and still are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, pursuant to the NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

163.     Defendants failed to pay Plaintiffs and the Discount Workers Class the spread of hour wages to which they were entitled under NYLL.

164.     Plaintiffs and the Discount Workers Class were and still are entitled to be paid all of their earned wages.

165.     Defendants' failure to pay Plaintiffs and the Discount Workers Class their lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

166.     Pursuant to NYLL § 198, Plaintiffs and the Discount Workers Class are entitled to recovery of full payment of unpaid spread of hour wages, an additional amount equal thereto

25

in liquidated damages, prejudgment interest, attorney's fees, and costs and disbursements of this action.

## AS AND FOR THE SIXTH CAUSE OF ACTION
### *(Wage Payment Statements Under the NYLL)*

167.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

168.    At all relevant times, Defendants failed to provide Plaintiffs and the Discount Workers Class with the proper statements with every payment of wages, as required by NYLL § 195.

169.    As Defendants failed to provide Plaintiffs and the Discount Workers Class with proper statements with every payment of wages as required by NYLL § 195, Plaintiffs are entitled to liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request, pursuant to FRCP 38(b), a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Discount Workers Collective. Such notice shall inform the Discount Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. Certification of the Discount Workers Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiffs as class representatives; designation of Plaintiffs' counsel as class counsel; and a reasonable incentive payment to Plaintiffs;

C. On the First Cause of Action and Second Cause of action on behalf of Plaintiffs and Discount Workers Members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Third Cause of Action and Fourth Cause of Action on behalf of Plaintiffs and Discount Workers Members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiffs and Discount Workers Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiffs and Discount Workers Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $100.00 per week for every work week in which the violation occurred, up to a maximum of $2,500.00, along with all reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. Interest;

H.  Costs and disbursements; and

I.  Such other and further relief as is just and proper.

Dated: New York, New York
       September 29, 2014

Respectfully submitted,

By: _____
Adam P. Slater, Esq.
SLATER SLATER SCHULMAN LLP
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 334
Melville, NY 11747
(631) 420-9300

By: _____
Kenneth J. Katz
Katz Melinger PLLC
Attorneys Plaintiffs, Co-Counsel
280 Madison Avenue, Suite 600
New York, New York 10016
KJKatz@KatzMelinger.com
212.460.0047

28