UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL AGROPONG, MARCOS BASABE,
ADRIAN BATANA, CARLOS LAGUNA, YOLANDA
NIEVE, CHRISTINE NUNEZ, ANDY OSEI, ABEL
PANTOJA, ELIETZER PIERRE-LOUIS, JOSUE PIERRE-
LOUIS,  DAVID RICHARDSON, DANIEL RODRIGUEZ,
ROBERTO RODRIGUEZ, HECTOR ROSADO, and
SURITA SUEDASS, individually, and on behalf of all
others similarly situated,

                      Plaintiffs,

       -against-

MICHAEL MEMON  a/k/a IQBAL MEMON, GULAN
DORIA a/k/a JEFF DORIA, BERGEN DISCOUNT INC.,
BERGEN DISCOUNT PLUS, INC., 518 WILLIS
REALTY, INC., WILLIS DISCOUNT INC., ALI M.
ABADI  d/b/a WILLIS DISCOUNT, ZIAD NASSRADIN,
ZNF 99 CENT DISCOUNT CORP., DOLLAR-RITE INC.,
TODO BARATO DISCOUNT INC., COMMUNITY
DOLLAR PLUS, INC., 167 TRADING DISCOUNT INC.,
167 PRIMO TRADING INC., B&S DISCOUNT INC., 99
CENT DISCOUNT & PARTY STORE INC., 99 CENT
DISCOUNT, INC., CLEAR CHOICE, INC., JOHN AND
JANE DOES 1-50, and JOHN DOE CORPORATIONS 1-
20,

_____

Civil Action No.
14-cv-7990 (RWS)

**PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A FLSA COLLECTIVE
ACTION AND SEND NOTICE OF PENDENCY TO COLLECTIVE CLASS AND
PROSPECTIVE CLASS MEMBERS**

      Plaintiffs, through the undersigned counsel, hereby move the Court to conditionally

certify a Fair Labor Standards Act collective action and order a Notice of Pendency sent to

members and prospective members of a class of all current and former stock workers,

unloaders, cashiers, sales-floor employees and truck drivers employed by the Defendants on or

after October 4, 2008, who worked overtime hours but were not paid overtime wages during all

or part of their employment, were not paid minimum wage for all or some of their hours of employment, were not paid premium pay for working more than ten hours in a single workday and were not provided with notices and pay statements as required by New York's Wage Theft Prevention Act.  Plaintiffs' counsel conferred with Defendants' counsel regarding this motion, and Defendants' counsel consented to the conditional certification, Plaintiffs' plan of providing notice, and the form of the proposed Notice of Pendency. As explained in the accompanying memorandum of law in support of this motion, this case meets the standard for conditional certification as the Plaintiffs have shown that the proposed class members are similarly situated pursuant to 29 U.S.C. § 216(b). Additionally the Court should authorize notice to the class, as court authorization of notice to the class in a FLSA collective action serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. A proposed order is submitted herewith.

Dated: June 25, 2015
        New York, New York

                                    Respectfully submitted,

                                    SLATER SLATER SCHULMAN LLP

                                       /s / Adam P. Slater
                                    Adam P. Slater, Esq.
                                    Slater Slater Schulman LLP
                                    445 Broad Hollow Road, Sutie 334
                                    Melville, NY 11747
                                    Telephone: (212) 922-0906
                                    Facsimile:  (212) 922-0907
                                    Aslater @sssfirm.com

                                    *Co-Counsel for Plaintiff*