LAW OFFICES OF
# MICHAEL K. CHONG LLC

1250 BROADWAY 36TH FL. STE. 300
NEW YORK, NEW YORK 10001
**(212) 726-1104   FAX (212) 726-310**
_____

EMAIL: MKC@mkclawgroup.com

| | | |
|---|---|---|
| **MICHAEL K. CHONG ‡**<br>_____<br>‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY<br>SDNY, NEW YORK<br>EDNY, NEW YORK<br>U.S.C.A 2nd CIRCUIT | **NEW YORK:**<br>2 EXECUTIVE DRIVE, Suite 720<br>FORT LEE, NEW JERSEY 07024<br>(201) 708-6675   FAX (201) 708-6676<br><br>*\* Please Reply to: Fort Lee* | **HOBOKEN:**<br>300 HUDSON STREET. STE. 10<br>HOBOKEN, NEW JERSEY 07030<br>(201) 203-7476   FAX (201) 708-6676<br><br>DIRECT DIAL: (201) 947-5200 |

September 11, 2015

**<u>VIA ECF</u>**
Honorable Robert W. Sweet, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Agropong v. Iqbal Memon et. al
             Civil Action No. 14-CV-7990 (RWS)

Dear Judge Sweet:

This office represents Defendants in the above referenced matter. Please kindly accept the following letter brief, *in lieu* of a more formal brief, in reply to Plaintiffs' Opposition to Defendants' Motion to Quash Plaintiffs' Subpoena.

Defendants' oppose Plaintiffs' subpoena on several grounds. At the outset, Plaintiffs have not met their burden as to the why the information requested in the subpoena is relevant, and have failed to provide any basis to support their request, other than rank hearsay.

### I.    <u>Law and Argument</u>

On a motion to quash a subpoena, the burden is upon the party issuing the subpoena to demonstrate that information sought is relevant and material to the allegations and claims at issue in the proceeding. *Compantitla v. Fiskardo Estiatorit, Inc.* 2010 WL 1327921 at \*9 (SDNY 2010); *Wright & Miller, Federal Practice and Procedure: Civil* §2459 n 7.1 (3d ed 2010). Once

the party issuing the subpoena has demonstrated the relevance of the requested documents, the burden then shifts to the party seeking to quash the subpoena. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y.2007).

Accordingly, when addressing a motion to quash a subpoena duces tecum, a court shall quash a subpoena duces tecum when:  (1) it is overly broad and fails to allow reasonable time for compliance; or (2) it subjects a person to undue burden, or (3) it requires the disclosure of privileged or confidential information.  Fed. R. Civ. Pro. 45(c)(3)(A).

While the Federal Rules of Civil Procedure allow for a broad range of discoverable documents, it does not allow for a party to engage in a fishing expedition.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).  Its purpose is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding. *Matter of Terry D.*, 81 N.Y.2d 1042.

### A.     **Defendants' Motion to Quash is Not Premature**

Plaintiffs assert in their opposition that "Defendants have made no good faith effort" to communicate about the subpoena before Defendants filed its Motion to Quash.  Specifically, Plaintiffs contend that the only effort made to obtain information about Plaintiffs' subpoena was to interrogate Plaintiff Sonia Espinosa about it.  This argument is entirely false.

Defendants' counsel engaged in multiple phone calls with Plaintiffs' counsel about their subpoena, after it was sent out, and concerning their contention that Defendants allegedly tried to hack into the cell phone services of Keletso Tebogo and Sonia Espinosa.

Moreover, Plaintiffs' counsel maintains that they contacted Defendants' counsel on August 17, 2015 to confer about the subpoena's purpose, regarding the third motion for contempt sanctions for the allegedly "cell phone service hijacking caper"; however, Plaintiffs' subpoena was already in the hands of the T-Mobile Subpoena Compliance Department on August 14, 2015.

Thus, as soon as Defendants became aware of Plaintiffs' subpoena, Defendants' counsel reached out and conferred with Plaintiffs' counsel. Accordingly, Defendants question how concerned Plaintiffs' counsel was about "conferring in good faith" over the subpoena's contents with Defendants' counsel as the subpoena was already in the hands of T-Mobile before the parties could "confer in good faith" over same.

### B. The Information Sought is Irrelevant

Plaintiffs maintain that the information they seek through the subpoena is relevant to their retaliatory claims, however, this argument is entirely without merit. While the instant matter centers on FLSA and NYLL claims, Plaintiffs' subpoena focuses on Plaintiffs', Keletso Tebogo and Sonia Espinosa, cell phone use from August 1, 2015 to the present. Specifically, Plaintiffs assert that the subpoena is relevant to the "cell phone service hijacking tentacle of Defendants retaliatory leviathan" that has been on-going for "months."

As provided in the attached Affidavit of Defendant Michael Memon (submitted in opposition to Plaintiffs' Motion to Amend), Defendants have no knowledge of how to "hack" cell phones; they have never "hacked" anyone's cell phone; and they have not "hacked" the Plaintiffs' cell phones. Defendant assert that Plaintiffs' allegation that Defendants "hacked" Plaintiffs' cell phones is completely ridiculous, and evidence a continuous fraudulent pattern by Plaintiffs to "establish" a basis for frivolous retaliation claims. It is similar to the completely false and fabricated claims Plaintiffs have proffered in their pending Contempt Motions.

Moreover, the information sought by Plaintiffs' subpoena is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs base their relevancy on the recently decision in *Malibu Media, LLC. v. John Doe*. See 2015 U.S. Dist. LEXIS 94054, at *8. In this case, Malibu Media ("Malibu") brought an action against John Doe alleging copyright infringement. The defendant, an anonymous internet user, sought an order to quash the subpoena

served on his internet service provider ("ISP"), Time Warner Cable, to prevent Malibu from obtaining John Doe's true name and address. The court held that John Doe lacked standing. However, the Malibu court's emphasis on why the information should be available to Malibu is utterly different in relation to why Plaintiffs here in this present action, seek information. The court in Malibu stated in pertinent part as follows:

> "….because the use of BitTorrent is wholly anonymous with the mere exception that the user must reveal the user's IP address, subpoenaing the ISP, which can use its subscriber logs to connect the identify of one subscriber and a particular IP address, is the only means to obtain identifying information under these circumstances." Id. at *8.

Accordingly, the Malibu court reasoned that because Malibu sought the true name and address of Doe, a particular Time Warner Cable subscriber, based on the specific times and dates when Doe allegedly downloaded Malibu's copyrighted movies, such identifying information is sufficiently specific and is centrally needed to advance Malibu's copyright infringement claims. See Malibu Media, 2012 WL 59878564, at *3.

Plaintiffs assert that Defendants allegedly "hacked" Plaintiffs', Keletso Tebogo and Sonia Espinosa, cell phones. Plaintiffs do not identify which Defendants allegedly engaged in this alleged "hacking."

Further, how will the production of Keletso Tebogo and Sonia Espinosa phone logs; requests for changes to account; reports of missing phones and/or lost phones; requests for recovery of data; location of request for changes to account; and, notes to customer service or other representatives participating in the transfer of a number to a new phone, could provide any evidence of any alleged cell phone hacking is not explained by Plaintiffs. Plaintiffs have not even provided any evidence that Keletso Tebogo and Sonia Espinosa were "hacked" as claimed.

Moreover, as Keletso Tebogo and Sonia Espinosa are Plaintiffs, why would they not merely consent to providing these documents and records to their own counsel?

### C. The Information Sought is Overly Broad, Unduly Burdensome and Arbitrary

Plaintiffs contend that the information sought by their subpoena is not unduly burdensome, overly broad or arbitrary; however, Plaintiffs have failed to show that all of the information sought by the subpoena (phone logs; requests for changes to account; reports of missing phones and/or lost phones; requests for recovery of data; location of request for changes to account; and, notes to customer service or other representatives participating in the transfer of a number to a new phone) is relevant, admissible and specific.

### Conclusion

Defendants respectfully submit that the Court should grant Defendants' Motion to Quash Plaintiffs' Subpoena Duces Tecum for Production of Cell Phone Records of Keletso Tebogo and Sonia Espinosa. Plaintiffs' subpoena duces tecum seeks records from T-Mobile that are irrelevant to the issues involved in this lawsuit; additionally the request is unduly burdensome and overly broad.

Respectfully Submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/fc
Attach.
cc: Plaintiffs' Counsel (*via ECF*)