UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

EMMANUEL AGROPONG, et al.,

                    Plaintiffs,

                                    14-cv-7990 (RWS)

   - against -

                                       OPINION

MICHAEL MEMON, et al.

                    Defendants.

----------------------------------------X

A P P E A R A N C E S:



      <u>Attorneys for Plaintiff</u>

      SLATER SLATER SCHULMAN LLP
      445 Broad Hollow Road
      Melville, NY 11747
      By:  Adam Paul Slater, Esq.
           Anthony R. Portesy, Esq.

      KATZ MELINGER PLLC
      280 Madison Avenue, Suite 600
      New York, NE 10016
      By:  Kenneth J. Katz, Esq.
           Nicole Deanna Grunfeld, Esq.

      THE MARLBOROUGH LAW FIRM, P.C.
      555 Fifth Avenue, 14th Floor
      New York, NY 10017
      By:  Christopher Marlborough, Esq.

      <u>Attorneys for Defendants</u>

      LAW OFFICES OF MICHAEL K. CHONG, LLC
      300 Hudson Street, Suite 10
      Hoboken, NJ 07030
      By:  Michael K. Chong, Esq.

**Sweet, D.J.,**

Plaintiffs Emmanuel Agropong, Marcos Basabe, Adrian Batana, Carlos Laguna, Yolana Nieve, Christine Nunez, Andy Osei, Abel Pantoja, Elietzer Pierre-Louis, Josue Pierre-Louis, David Richardson, Daniel Rodriguez, Roberto Rodriguez, Hector Rosado, and Surita Suedass (collectively, the "Plaintiffs") have moved the court to conditionally certify their lawsuit against defendants Michael Memon, Gulan Doria, Bergen Discount Inc., Bergen Discount Plus, Inc., 518 Willis Realty, Inc., Willis Discount Inc., Ali M. Abadi, Ziad Nassradin, ZNF 99 Cent Discount Corp., Dollar-Rite Inc., Todo Barato Discount Inc., Community Dollar Plus, Inc., 167 Trading Discount Inc., 167 Primo Trading, Inc., B&S Discount Inc., 99 Cent Discount and Party Store Inc., 99 Cent Discount, Inc., Clear Choice, Inc., 50 individual John and Jane Doe defendants, and 20 John Doe corporation defendants (collectively, the "Defendants") as a collective action under the Fair Labor Standards Act. Plaintiffs have separately moved to amend their Complaint, seeking to redesignate this action as "In re Doria/Memon Discount Stores Wage and Hour Litigation," to add 13 new defendants while removing certain others who were erroneously sued, and to add eight additional named plaintiffs while removing one who wishes to withdraw. For the reasons set forth

2

below, both motions are granted.

**Prior Proceedings**

The Plaintiffs, employees of a Bronx-based chain of
discount stores owned or operated by the Defendants, brought
this action on October 3, 2014, alleging that the Defendants
paid Plaintiffs less than minimum wage, failed to pay overtime,
and did not provide proper statements documenting hours worked
and payment received, in violation of the Fair Labor Standards
Act ("FLSA") and New York Labor Law ("NYLL").  (See generally
Complaint, Dkt. No. 1.)  Defendants Answered the Complaint on
December 6, 2014.  (Dkt. No. 10.)

On May 12, 2015, the Plaintiffs filed an Order to Show
Cause, seeking to enjoin the Defendants from retaliating against
any employee for their participation in the lawsuit, and from
speaking to any employees regarding any communications with
Plaintiffs' counsel.  (Dkt. No. 16)  The Court signed a
Temporary Restraining Order on the same day (id.), and the TRO
was converted into a preliminary injunction, with minor
alterations, by the Honorable Richard J. Sullivan, sitting as
Part One Judge, on June 2, 2015.  (Dkt. No. 61.)  The Plaintiffs
allege that they continued to suffer retaliation even after the
entry of the TRO and preliminary injunction, and have filed two

3

motions for contempt (Dkt. Nos. 27 & 100), which are scheduled
to be heard on September 30, 2015.  (Dkt. No. 113.)

Plaintiffs filed their motion for conditional certification
on June 25, 2015 (Dkt. Nos. 77-89), and Defendants responded by
letter dated July 9, 2015, offering no opposition to the motion
but seeking minor changes to the Plaintiffs' Proposed Order.
(Dkt. No. 95.)  The motion was heard on submission on July 16,
2015.  (See Dkt. No. 90.)  The Plaintiffs' motion to amend their
Complaint was filed on August 5, 2015 (Dkt. Nos. 114-116), and
Defendants opposed the motion with a letter-brief filed on
September 14.  (Dkt. No. 140.)  The motion was heard on
submission on September 21, 2015.  (See Dkt. No. 137.)

## Conditional Certification as a Collective Action is Granted

In order to merit conditional certification as a collective
action under the FLSA, plaintiffs need only "make a modest
factual showing that they and potential opt-in plaintiffs
together were victims of a common policy or plan that violated
the law." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir.
2010) (quotation omitted).  That modest factual showing "cannot
be satisfied simply by unsupported assertions, but it should
remain a low standard of proof because the purpose of this first
stage is merely to determine whether similarly situated

4

plaintiffs do in fact exist." Id. The Court is not concerned
with weighing the merits of the underlying claims, but rather
with determining whether there are others similarly suited who
could opt into the lawsuit and become plaintiffs. See Lloyd v.
J.P. Morgan Chase & Co., No. 11 Civ. 9305, 2013 WL 4828588, at
*3 (S.D.N.Y. Sept. 9, 2013).

Here, the Plaintiffs have more than adequately made the
modest factual showing required. Along with their notice of
motion and its supporting memorandum of law, they submitted ten
declarations and affidavits from employees at the defendants'
stores, several of whom are not yet plaintiffs in this case.
(See Dkt. Nos. 80-89.) A number of the affidavits make
reference to other employees in the Defendants' stores who
allegedly were subject to the Defendants' illegal wage-and-hour
practices or suffered retaliation in connection with this
lawsuit. (See, e.g., Affidavit of Roberto Rodriguez, Dkt. No.
85 ¶¶ 7-11; Affidavit of David Richardson, Dkt. No. 88 ¶¶ 15-18,
21-22.) These affidavits and declarations are sufficient to
sustain the low burden of proof required at the conditional
certification stage. See Weng Long Liu v. Rong Shing, Inc., No.
12 Civ. 7136, 2014 WL 1244676, at *2 (S.D.N.Y. Mar. 26, 2014)
("Plaintiffs may satisfy their minimal burden by relying on
their own pleadings and affidavits, or the affidavits of other
potential class members.").

Therefore, this lawsuit is conditionally certified as a collective action under the FLSA on behalf of a class consisting of all current and former non-exempt employees who have worked for the Defendants since October 4, 2008, authorizes Plaintiffs' Counsel to issue the proposed Notice of Pendency, as modified by this Opinion,[1] and requires Defendants to post copies of the Notice and the Consent to Become a Party Plaintiff form in a conspicuous location at each of their stores.  The parties are directed to meet and confer regarding whether these documents should also be translated into any language other than English. The Defendants are ordered to provide Plaintiffs' counsel with all known names, titles, periods of employment, mailing addresses, alternate addresses, telephone numbers, and email addresses of potential class members, to the extent that the information is within their possession, custody, or control, within 45 days of the filing of this Opinion.

**Leave to Amend the Complaint is Granted**

---

[1] Pursuant to the Court's discretionary authority to shape the Notice of Pendency, see Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989); Ramos v. Platt, No. 13 Civ. 8957, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014), Plaintiffs' Counsel are directed to remove from the Notice all language indicating that opt-in plaintiffs must consent to being represented by their law firm.  Any plaintiffs that join the action are entitled to representation by an attorney of their choosing, and counsel cannot use the certification process to bind opt-in plaintiffs in this manner.  See Ramos, 2014 WL 3639194 at *5.

In their motion to amend, the Plaintiffs ask to make three major changes to their Complaint: first, altering the caption to redesignate this case "In re Doria/Memon Discount Stores Wage and Hour Litigation;" second, adding additional named plaintiffs and additional defendants connected to the ownership and operation of the discount stores; and third, adding a claim that Defendants failed to provide Wage Theft Prevention Act Notices, as required by the NYLL, as well as claims for overtime under the NYLL and retaliation under both the NYLL and FLSA.[2]  (See generally Pl.'s Br., Dkt. No. 116; Proposed Amended Complaint, Dkt. No. 115 Ex. A.)

Federal Rule of Civil Procedure 15(a)(2) provides that once 21 days have passed after the filing of a responsive pleading, a party may amend its pleading only with the consent of the opposing party or with leave of the court, although "[t]he court should freely give leave when justice so requires."  The decision to grant or deny leave to amend is "within the sound discretion of the district court," Franconero v. UMG Recordings, Inc., 542 F. App'x 14, 17 (2d Cir. 2013), and should generally be denied "only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  Richardson

---

[2] A FLSA overtime claim was present in the original Complaint.  (See Dkt. No. 1 at 22-24.)

Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir.
1987).

Taking each of the Plaintiffs' proposed changes in turn,
the new caption is a welcome alteration and befits the case's
status as a conditional collective action.  Since the Defendants
do not specifically oppose the new proposed caption in their
letter-brief, it is approved without further discussion.

Secondly, the Plaintiffs seek to add a number of parties to
the case: eight corporate defendants they allege to be part of
Defendants' discount store chain; Sofiya Doria, the
administrator of the estate of Mohamed Doria, who allegedly ran
the stores along with Defendants Gulan Doria and Mike Memon;
four individual defendants who are alleged to hold managerial
roles at the discount stores and to have enacted the unfair
wage-and-hour practices; and eight additional named plaintiffs
who have filed forms seeking to join the action.[3]  Defendants
argue that joinder of the additional parties would cause "undue
delay and prejudice" and that several of the individuals the
Plaintiffs seek to sue are not properly part of the action
because they are not managers or lack authority to hire, fire,
or set wages.  In deciding whether to permit the addition of new
parties pursuant to Fed. R. Civ. P. 21, the Court applies the

_____

[3] Plaintiffs also seek to remove one named plaintiff and several defendants,
to which Defendants do not object.

same "standard of liberality" that governs the addition of new claims under Rule 15(a), with leave freely given when justice so requires.   Otegbade v. N.Y. City Admin. for Children's Servs., No. 12 Civ. 6298, 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015).

Here, Defendants have not articulated what "undue delay and prejudice" would result from the additional corporate defendants being joined, other than their being required to defend this lawsuit and participate in discovery, which is still ongoing. The addition of the corporate defendants is of importance to the case because they are necessary to achieve "a merit-based resolution of the entire controversy." Lavian v. Hagnazari, 884 F. Supp. 670, 674 (E.D.N.Y. 1995). Since Plaintiffs allege that unfair labor practices were present throughout the Defendants' chain of discount stores, including only part of the chain in this litigation would likely result in multiple parallel lawsuits, wasting judicial resources and potentially resulting in inconsistent verdicts. Given the early stage of the litigation, including the additional corporate defendants should result in no significant prejudice. See Saint-Jean v. Emigrant Mortg. Co., 50 F. Supp. 3d 300, 326 (E.D.N.Y. 2014) (granting amendment where new corporate defendants were connected to corporate defendants already in the case and the new parties "only slightly increased the scope of discovery which remained

incomplete."). The Defendants' objection to their joinder is
therefore rejected.

As to the objection that four newly-named individual
defendants, Usman Doria, Sikander Doria, Salim Doria, and
Musajee Vawda, did not have managerial responsibilities and
therefore are not liable for the Plaintiffs' claims, their
joinder is improper if it is futile, i.e., if a claim against
them could not withstand a motion to dismiss. See Dougherty v.
Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).[4]  Here,
the Proposed Amended Complaint alleges that all four individual
defendants had managerial responsibilities at the Defendants'
discount stores, regulate the employment of the workers there,
and acted on behalf of the discount stores in relation to the
employees. (See Dkt. No. 115 Ex. A. ¶¶ 1, 39-46, 81, 115, 152,
157, 227, 231, 243.) The Defendants' opposition papers, on the
other hand, state that the four are salespeople and stock-boys,
without any authority over wages or hours. (D.'s Opp. Br., Dkt.
No. 140, at 6.) This factual dispute would not be sufficient to
defeat claims against the four new defendants at the motion to
dismiss stage, since the Court would be required to accept all
facts alleged in the Complaint as true. See Thomas v. N.Y. City
Dep't of Educ., No. 14 Civ. 8019, 2015 WL 5143986, at *2

---

[4] Defendants' counsel acknowledges in his letter-brief (Dkt. No. 140 at 5-6)
that he does not represent the Estate of Mohamed Doria and therefore cannot
object to joinder on behalf of its executor.

(S.D.N.Y. Sept. 1, 2015).  Addition of the new defendants is therefore proper.

Defendants also object to the addition of eight new plaintiffs, arguing that one of them, Joseph Kofei, is not their employee, and that eight others should not be included because their claims are based only on retaliation.[5]  (See D.'s Br., Dkt. No. 140 at 6-7.)  In the Proposed Amended Complaint, the Plaintiffs allege that Kofei has been employed by the Defendants for nearly eleven years, working 66 hours per week, and had his pay and hours reduced after joining the lawsuit.  (Proposed Amended Complaint ¶ 118.)  The facts may ultimately prove otherwise, but because these allegations would be accepted as true on a motion to dismiss, Mr. Kofei's joinder is proper.  See Dougherty, 282 F.3d at 88; Thomas, 2015 WL 5143986 at *2.  As to the eight proposed plaintiffs alleging retaliation, since the Court also grants the Plaintiffs' request to include retaliation claims in the Amended Complaint, as discussed further below, their allegations are also properly part of this case.

Lastly, Defendants oppose the addition of new claims, arguing that too much time has passed since the original Complaint, that the new claims are meritless, and that the new claims are duplicative of other proceedings.  None of their

---

[5] Mr. Kofei's name has been spelled differently from document to document in this litigation.  The Plaintiffs are directed to verify its spelling before filing their Amended Complaint.

objections holds water.  Although the original Complaint was
filed nearly a year ago, "Rule 15(a) does not prescribe any time
limit within which a party may apply to the court for leave to
amend," 6 Charles Alan Wright et al., Federal Practice and
Procedure § 1488 (3d ed. 2015), and courts in this district have
granted leave to amend after periods far longer than the one at
issue here.  E.g., Hinds County, Miss. V. Wachovia Bank N.A.,
291 F.R.D. 73, 74 (S.D.N.Y. 2013) (granting leave to amend more
than five years into litigation).  At this early stage, with
discovery only just underway and no dispositive motion having
been filed, the addition of new claims will result in little
prejudice to the Defendants.

    As to their merits challenge to the new claims, Defendants
correctly point out that an amendment to a pleading should be
rejected as futile if it could not withstand a motion to
dismiss, citing Lucente v. IBM Corp., 310 F.3d 243, 358 (2d Cir.
2002), but they do not point to any actual deficiencies in the
new claims.  The only substantive attack aimed at any of the new
claims is an objection that Plaintiffs' allegations regarding
the alleged hacking of two cell phones by the Defendants are
contradicted by Defendants' affidavits and not supported by
"actual proof."  (See D.'s Br., Dkt. No. 140, at 7-8.)  This
factual attack on the allegations would fail at the motion to
dismiss stage, where the Court accepts the facts set forth in

the complaint as true and draws all reasonable inferences in the
plaintiff's favor.  See Thomas, 2015 WL 5143986 at *2.

The Defendants also argue that the retaliation claims which
the Plaintiffs seek to add to the Complaint are duplicative of
their contempt motions, and of a recent related action filed in
this Court, Diallo v. Memon, No. 15 Civ. 6947.  (D.'s Br., Dkt.
No. 140, at 8.)  Although the facts of the retaliation claims in
the Proposed Amended Complaint overlap with those asserted in
the contempt motions, the legal justifications are different,
since the new claims are for violations of the NYLL and FLSA,
while the contempt motions are for violations of the Temporary
Restraining Order and Preliminary Injunction imposed during the
pendency of this case.  (Compare MOL in Support of Pl.'s Second
Motion for Contempt, Dkt. No. 101 at 1 (objecting to "numerous
violations of the Court's Preliminary Injunction") with Proposed
Amended Complaint, Dkt. No. 115 Ex. A at 62-63 (alleging
retaliation under the FLSA and NYLL).)  And since these
allegations of retaliation have been part of the fabric of this
case for months, the proper response to a newly-filed litigation
covering the same claims and parties would be to dismiss the new
case under the prior pending action doctrine, rather than to
scrub the retaliation issues from this one.  See Smith v. United
Fed'n of Teachers, 162 F.3d 1148, 1998 WL 639756, at *2 (2d Cir.
Mar. 26, 1998) ("Faced with repetitive complaints in the same

13

district, the district court should invoke the prior pending

action doctrine to give priority to the first suit.").[6]

## Conclusion

The Plaintiffs' motion for conditional certification is

granted, and the parties are directed to provide notice to

potential class members.  The Plaintiffs' motion to amend their

Complaint is also granted in its entirety.

---

[6] The Court makes no finding regarding whether the claims or parties in this action and the Diallo case overlap.

14

It is so ordered.

New York, NY
September 2? 2015

ROBERT W. SWEET
U.S.D.J.