**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | **ANSWER TO AMENDED COMPLAINT** |
| **DORIA/MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION** | Civil Action No. 14-cv-7990 (RWS) |

Defendant Sofiya Doria, as administrator of the Estate of Mohamed Doria ("Defendant"), by her attorneys The Heppt Law Group, PLLC, answers the Amended Complaint in the above-captioned matter as follows:

**As to "Nature of the Action"**

1.      Denies only so much of the allegations contained in in Paragraph 1 of the Amended Complaint as allege or imply that Mohamed Doria (i) operated the Discount Stores, and (ii) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

2.      Denies only so much of the allegations contained in in Paragraph 2 of the Amended Complaint as allege or imply that Mohamed Doria (i) violated any statutes concerning overtime or minimum wage compensation, and (ii) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"). The remaining allegations in the aforementioned paragraph do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

**THE HEPPT LAW GROUP, PLLC**
**260 Madison Avenue**
**New York, New York 10016**
**(212) 973-0839**

3.      Denies only so much of the allegations contained in in Paragraph 3 of the Amended Complaint as allege or imply that Mohamed Doria (i) violated any statutes concerning overtime, minimum wage compensation, spread of hours compensation, failure to provide wage statements, and failure to provide wage theft prevention act notifications, and (ii) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"). The remaining allegations in the aforementioned paragraph do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

4.      Denies only so much of the allegations contained in in Paragraph 4 of the Amended Complaint as allege or imply that Mohamed Doria (i) engaged in retaliatory conduct or (ii) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"). The remaining allegations in the aforementioned paragraph do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

5.      Denies only so much of the allegations contained in in Paragraph 5 of the Amended Complaint as allege or imply that Mohamed Doria (i) engaged in retaliatory conduct or (ii) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"). The remaining allegations in the aforementioned paragraph do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

**As to the "Parties"**

6.      Denies so much of the allegations contained in Paragraph 6 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the

prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

7.      Denies so much of the allegations contained in Paragraph 7 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

8.      Denies so much of the allegations contained in Paragraph 8 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

9.      Denies so much of the allegations contained in Paragraph 9 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

10.     Denies so much of the allegations contained in Paragraph 10 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

11.     Denies so much of the allegations contained in Paragraph 11 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

12.     Denies so much of the allegations contained in Paragraph 12 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

21.     Denies so much of the allegations contained in Paragraph 21 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

22.     Denies so much of the allegations contained in Paragraph 22 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24.     Denies so much of the allegations contained in Paragraph 24 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

25.     Denies so much of the allegations contained in Paragraph 25 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the

prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

26.     Denies so much of the allegations contained in Paragraph 26 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

27.     Denies so much of the allegations contained in Paragraph 27 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

28.     The allegations contained in Paragraph 28 do not call for a response, and to the extent that they may deemed to call for a response, they are denied.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30.     Admits the allegations contained in Paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33.     Denies the allegations contained in Paragraph 33 of the Amended Complaint, except admits that Mohamed Doria was the brother by blood or marriage of Defendant Gulan Doria Usman Doria, Salim Doria, Sikander Doria and Musajee Vawda.

34.     Denies the allegations contained in Paragraph 34 of the Amended Complaint

35.     Admits the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Admits the allegations contained in Paragraph, 36 (sister in-law) of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint, except admits that Gulan Doria is the brother by blood or marriage to Moahmed Doria and Defendants Usman Doria, Salim Doria, Sikander Doria and Musajee Vawda.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint, except admits that Defendatn Usman Doria is a brother by blood or marriage to Moahmed Doria, Gulan Doria, Salim Doria, Sikander Doria and Musajee Vawda.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint, except admits that Defendatn Sikander Doria is a brother by blood or marriage to Moahmed Doria, Gulan Doria, Salim Doria, Usman Doria and Musajee Vawda.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Amended Complaint, except admits that Defendant Slaim Doria is a brother by blood or marriage to Moahmed Doria, Gulan Doria, Sikander Doria, Usman Doria and Musajee Vawda.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Complaint, except admits that Defendant Musajee Vawda Doria is a brother by blood or marriage to Moahmed Doria, Gulan Doria, Sikander Doria, Salim Doria and Usman Vawda.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Complaint.

48.     Denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Amended Complaint, including the allegations contained in each subsection contained therein.

50.     Denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Denies knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint except admits that

8

Mohamed Doria was listed as "President" of Bergan Discount, Inc. on that corporation's Certificate of Dissolution filed with the State of New York Department of State on May 28, 1997.

52.     Denies the allegations contained Paragraph 52 of the Amended Complaint

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 except admits that Mohamed Doria was listed as the Chief Executive Officer on the biennial statement for W.P. Rainbow, Inc., filed with the State of New York Department of State for the years 2000, 2002 and 2004.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in Paragraph 62 of the Amended Complaint except admits that Mohamed Doria was listed as the Chief Executive Officer on the Biennial Statement of Rosy Discount Inc. filed with the New York State Department of State for the filing period December 12, 2012.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Amended complaint.

64.     Denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forh in Paragraph 65 of the Amended complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Amended complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Amended complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68, except admits that Mohamed Doria was listed as the Chief Executive Officer on the Biennial Statement of W.A. Rainbow Inc. filed with the New York State Department of State for the years 2000, 2002 and 2004.

69.     Denies the allegation contained in Paragraph 69 that Mohamed Doria operated the Discount Stores. The remaining allegations contained in Paragraph 69 do not call for a response, and to the extent that they may be deemed to call for a response, they are denied.

70.     The allegations contained in Paragraph 70 do not call for a response, and to the extent that they may be deemed to call for a response, they are denied.

71.     The allegations contained in Paragraph 71 do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

72.     Denies so much of the allegations contained in Paragraph 72 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

73.     Denies the allegations set forth in Paragraph 73 of the Amended complaint.

## As to "Jurisdiction and Venue"

74.     Paragraph 74 of the Amended complaint asserts legal conclusions to which no answer is required. To the extent that an Answer is required, denies the allegations asserted therein.

75.     Paragraph 75 of the Amended complaint asserts legal conclusions to which no answer is required. To the extent that an Answer is required, denies the allegations asserted therein.

76.     Paragraph 74 of the Amended complaint asserts legal conclusions to which no answer is required. To the extent that an Answer is required, denies the allegations asserted therein.

## As to "Plaintiffs' Factual Allegations"

77.     Denies so much of the allegations contained in Paragraph 77 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the

prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

78.     Denies the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Denies so much of the allegations contained in Paragraph 82 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL") and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Amended Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Amended Complaint.

86.     Denies so much of the allegations contained in Paragraph 86 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to

minimum wage, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

87.     Denies so much of the allegations contained in Paragraph 87 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

88.     Denies so much of the allegations contained in Paragraph 88 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Denies so much of the allegations contained in Paragraph 95 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

96.     Denies so much of the allegations contained in Paragraph 96 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Amended Complaint.

100.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Amended Complaint.

101.   Denies so much of the allegations contained in Paragraph 101 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to the aforementioned labor statutes, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

102.   Denies so much of the allegations contained in Paragraph 102 of the Amended Complaint.

103.   Denies so much of the allegations contained in Paragraph 103 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

104.   Denies so much of the allegations contained in Paragraph 104 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

105.   Denies so much of the allegations contained in Paragraph 105 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York

Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

106.   Denies so much of the allegations contained in Paragraph 106 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

107.   Denies so much of the allegations contained in Paragraph 107 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

108.   Denies so much of the allegations contained in Paragraph 108 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

109.   Denies so much of the allegations contained in Paragraph 109 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

110.   Denies so much of the allegations contained in Paragraph 110 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

111.   Denies so much of the allegations contained in Paragraph 111 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

112.   Denies so much of the allegations contained in Paragraph 112 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

113.   Denies so much of the allegations contained in Paragraph 113 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

114.   Denies so much of the allegations contained in Paragraph 114 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York

Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

115.   Denies so much of the allegations contained in Paragraph 115 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

116.   Denies so much of the allegations contained in Paragraph 116 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

117.   Denies so much of the allegations contained in Paragraph 117 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

118.   Denies so much of the allegations contained in Paragraph 118 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

119.   Denies so much of the allegations contained in Paragraph 119 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

120.   Denies so much of the allegations contained in Paragraph 120 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

121.   Denies so much of the allegations contained in Paragraph 121 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

122.   Denies so much of the allegations contained in Paragraph 122 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

123.   Denies so much of the allegations contained in Paragraph 123 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York

Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

124.   Denies so much of the allegations contained in Paragraph 124 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

125.   Denies so much of the allegations contained in Paragraph 125 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage and/or any premim for overtime hours worked, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

126.   Denies so much of the allegations contained in Paragraph 126 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

127.   Denies the allegations contained in Paragraph 127 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated the FLSA or NYLL, and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

128.   Denies so much of the allegations contained in Paragraph 128 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage and/or any premim for overtime hours worked, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

129.   Denies so much of the allegations contained in Paragraph 129 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage and/or any premim for overtime hours worked, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

130.   Denies so much of the allegations contained in Paragraph 130 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage and/or any premim for overtime hours worked, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

131.   Denies so much of the allegations contained in Paragraph 131 of the Amended Complaint as allege or imply (i) that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and (ii) that Mohamed Doria violated any statutes with respect to minimum wage and/or any premim for overtime hours worked, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

132.   Denies so much of the allegations contained in Paragraph 132 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

133.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of the Amended Complaint.

134.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of the Amended Complaint.

135.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Amended Complaint.

136.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 136 of the Amended Complaint.

137.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of the Amended Complaint.

138.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of the Amended Complaint.

139.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 139 of the Amended Complaint.

140.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Amended Complaint.

141.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Amended Complaint.

142.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Amended Complaint.

143.   Admits the allegation in Paragraph 143 of the Amended Complaint that the Court issued a preliminary injunction against alleged acts of relation and communications with workers about the lawsuit.

144.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Amended Complaint.

145.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Amended Complaint.

146.   Admits the allegations set forth in Paragraph 146 of the Amended Complaint.

147.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 of the Amended Complaint.

148.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Amended Complaint.

149.   Denies the allegations set forth in Paragraph 149 of the Amended Complaint.

150.   Denies the allegations set forth in Paragraph 150 of the Amended Complaint.

151.   Admits the allegation in Paragraph 151 of the Amended Complaint.

152.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 of the Amended Complaint.

153.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the Amended Complaint.

154.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Amended Complaint.

155.   The allegations set forth in Paragraph 155 of the Amended Complaint do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

156.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of the Amended Complaint.

157.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of the Amended Complaint.

158.   Admits the allegations set forth in Paragraph 158 of the Amended Complaint.

159.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 159 of the Amended Complaint.

160.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 of the Amended Complaint.

161.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the Amended Complaint.

162.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 of the Amended Complaint.

163.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 163 of the Amended Complaint.

164.   Denies the allegations set forth in Paragraph 164 of the Amended Complaint.

165.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165 of the Amended Complaint.

166.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Amended Complaint.

167.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Amended Complaint.

168.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the Amended Complaint.

169.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 of the Amended Complaint.

170.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 of the Amended Complaint.

171.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 of the Amended Complaint.

172.   Admits the allegation set forth in Paragraph 172 of the Amended Complaint to the extent that such Order was issued.

173.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 173 of the Amended Complaint.

174.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of the Amended Complaint.

175.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 175 of the Amended Complaint.

176.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 176 of the Amended Complaint.

177.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 177 of the Amended Complaint.

178.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Amended Complaint.

179.   Admits the allegation set forth in Paragraph 179 of the Amended Complaint.

180.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the Amended Complaint.

181.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181 of the Amended Complaint.

182.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 of the Amended Complaint.

183.   Admits the allegation set forth in Paragraph 183 of the Amended Complaint.

184.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 184 of the Amended Complaint.

185.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 185 of the Amended Complaint.

186.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Amended Complaint.

187.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Amended Complaint.

188.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Amended Complaint.

189.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 of the Amended Complaint.

190.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190 of the Amended Complaint.

191.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Amended Complaint.

192.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 of the Amended Complaint.

193.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193 of the Amended Complaint.

194.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Amended Complaint.

195.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Amended Complaint.

196.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Amended Complaint.

197.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Amended Complaint.

198.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Amended Complaint.

199.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 of the Amended Complaint.

200.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 200 of the Amended Complaint.

201.   The allegations set forth in Paragraph 201 of the Amended Complaint do not call for a response, and to the extent that they are deemed to call for a response, they are denied.

202.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Amended Complaint.

203.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Amended Complaint.

204.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Amended Complaint.

205.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Amended Complaint.

206.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 206 of the Amended Complaint.

207.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207 of the Amended Complaint.

208.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 208 of the Amended Complaint.

209.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209 of the Amended Complaint.

210.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 210 of the Amended Complaint.

211.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 211 of the Amended Complaint.

212.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 of the Amended Complaint.

213.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213 of the Amended Complaint.

214.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Amended Complaint.

215.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Amended Complaint.

216.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Amended Complaint.

217.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Amended Complaint.

218.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Amended Complaint.

219.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Amended Complaint.

220.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 of the Amended Complaint.

221.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221 of the Amended Complaint.

222.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222 of the Amended Complaint.

223.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223 of the Amended Complaint.

224.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Amended Complaint.

225.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225 of the Amended Complaint.

226.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 of the Amended Complaint.

227.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Amended Complaint.

228.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Amended Complaint.

229.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Amended Complaint.

230.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230 of the Amended Complaint.

231.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231 of the Amended Complaint.

232.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Amended Complaint.

233.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Amended Complaint.

234.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234 of the Amended Complaint.

235.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Amended Complaint.

236.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 of the Amended Complaint.

237.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 237 of the Amended Complaint.

238.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 of the Amended Complaint.

239.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239 of the Amended Complaint.

240.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240 of the Amended Complaint.

241.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Amended Complaint.

242.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 of the Amended Complaint.

243.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 243 of the Amended Complaint.

244.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244 of the Amended Complaint.

245.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Amended Complaint.

246.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 of the Amended Complaint.

247.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 of the Amended Complaint.

248.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 of the Amended Complaint.

249.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 of the Amended Complaint.

250.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250 of the Amended Complaint.

251.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Amended Complaint.

252.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 of the Amended Complaint.

253.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253 of the Amended Complaint.

254.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Amended Complaint.

255.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Amended Complaint.

256.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256 of the Amended Complaint.

257.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Amended Complaint.

258.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 258 of the Amended Complaint.

259.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259 of the Amended Complaint.

260.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260 of the Amended Complaint.

261.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 261 of the Amended Complaint.

262.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 262 of the Amended Complaint.

263.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 of the Amended Complaint.

264.   Admits the allegations contained in Paragraph 264 of the Amended Complaint.

265.   Denies the allegations contained in Paragraph 265 of the Amended Complaint.

266.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 266 of the Amended Complaint.

267.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 267 of the Amended Complaint.

268.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 268 of the Amended Complaint.

269.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 269 of the Amended Complaint.

270.   Denies the allegations contained in Paragraph 270 of the Amended Complaint.

271.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 271 of the Amended Complaint.

272.   Denies the allegations contained in Paragraph 272 of the Amended Complaint.

273.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 of the Amended Complaint.

274.   Denies the allegations contained in Paragraph 274 of the Amended Complaint.

275.   Denies the allegations set forth in Paragraph 275 of the Amended Complaint except admits that Mohamed Doria and Mike Memon were sued for allegedly failing to pay overtime and minimum wage.

276.   Admits the allegations contained in Paragraph 276 of the Amended Complaint.

277.   Admits the allegations contained in Paragraph 277 of the Amended Complaint.

278.   Admits the allegations contained in Paragraph 278 of the Amended Complaint.

279.   Denies the truth of the allegations set forth in Paragraph 279 of the Amended Complain except admits that Defendant Mike Memon asserted that his legal first name is "Iqbal," and that his legal first name is not "Mike."

280.   Denies the truth of the allegations set forth in Paragraph 279 of the Amended complaint except admits that Defendant Mike Memon states that his name is Iqbal, and that he is "also known as Mike."

281.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 281 of the Amended Complaint.

282.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 282 of the Amended Complaint.

283.   Admits the allegations set forth in Paragraph 283 of the Amended Complaint.

284.   Denies the allegations set forth in Paragraph 284 of the Amended Complaint.

285.   Denies the allegations contained in Paragraph 285 of the Amended Complaint except admits that Judge Kimba Wood granted the motion to vacate the default judgment.

286.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 286 of the Amended Complaint.

287.   The allegations contained in Paragraph 287 of the Amended Complaint do not call for an answer, and to the extent that an answer is required, they are denied.

288.   The allegations contained in Paragraph 288 of the Amended Complaint do not call for an answer, and do the extent that an answer is required, the allegations contained therein are denied.

289.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 289 of the Amended Complaint.

290.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 290 of the Amended Complaint.

291.   The allegations contained in Paragraph 291 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

292.   The allegations contained in Paragraph 292 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

293.   The allegations contained in Paragraph 293 of the Amended Complaint, including all subsections therein, asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

294.   The allegations contained in Paragraph 294 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

295.   The allegations contained in Paragraph 295 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

296.   The allegations contained in Paragraph 296 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

297.    The allegations contained in Paragraph 297 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

298.    The allegations contained in Paragraph 298 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

### As to "Collective Action Allegations"

299.    The allegations contained in Paragraph 299 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

300.    The allegations contained in Paragraph 300 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

301.    The allegations contained in Paragraph 301 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

302.    The allegations contained in Paragraph 302 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

303.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 303 of the Amended Complaint.

304.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 304 of the Amended Complaint.

305.    The allegations contained in Paragraph 305 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

306.    The allegations contained in Paragraph 306 of the Amended Complaint asserts legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations contained therein are denied.

### As to "Class wide Factual Allegations"

307.    Denies only so much of the allegations contained in in Paragraph 307 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA or NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

308.    Denies only so much of the allegations contained in in Paragraph 307 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or the Wage Theft ACt, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

309.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 309 of the Amended Complaint.

310.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 310 of the Amended Complaint.

311.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 311 of the Amended Complaint.

312.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 312 of the Amended Complaint.

313.    Denies only so much of the allegations contained in in Paragraph 313 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA or NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

314.    Denies only so much of the allegations contained in in Paragraph 314 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA or NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

315.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 315 of the Amended Complaint.

316.    Denies only so much of the allegations contained in in Paragraph 316 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA or NYLL, and denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

317.   Denies only so much of the allegations contained in in Paragraph 317 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA or NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

318.   Denies only so much of the allegations contained in in Paragraph 318 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA or NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

### As to "The First Claim for Relief"
### (Minimum Wage Under the FLSA)

319.   Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

320.   The allegations contained in Paragraph 320 of the Amended Complaint do not call for an answer, and to the extent that an answer is required, the allegations contained in that Paragraph are denied.

321.   The allegations contained in Paragraph 321 of the Amended Complantassert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

322.   The allegations contained in Paragraph 322 of the Amended complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

323.   The allegations contained in Paragraph 323 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

324.   The allegations contained in Paragraph 324 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

325.   The allegations contained in Paragraph 325 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

326.   The allegations contained in Paragraph 326 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

327.   The allegations contained in Paragraph 327 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

328.   Denies only so much of the allegations contained in in Paragraph 328 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

329.     Denies only so much of the allegations contained in in Paragraph 329 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

330.     The allegations contained in Paragraph 330 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

331.     Denies only so much of the allegations contained in in Paragraph 331 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

332.     Denies only so much of the allegations contained in in Paragraph 332 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

333.     The allegations contained in Paragraph 333 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

334.     The allegations contained in Paragraph 334 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

### As to "The Second Claim for Relief"
### (Minimum Wage Under the NYLL)

335.     Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

336.     The allegations contained in Paragraph 336 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

337.     Denies only so much of the allegations contained in in Paragraph 337 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

338.     Denies only so much of the allegations contained in in Paragraph 338 of the Amended Complaint that Plaintiffs and the Discount Workers Class were employees and Mohamed Doria was an employer of Plaintiffs and the prospective classes under the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

339.     Denies only so much of the allegations contained in in Paragraph 339 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the

New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 339 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

340.    Denies only so much of the allegations contained in in Paragraph 340 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 340 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

341.    Denies only so much of the allegations contained in in Paragraph 341 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 341 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

342.    Denies only so much of the allegations contained in in Paragraph 342 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 342 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

343.    Denies only so much of the allegations contained in in Paragraph 343 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs

and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 343 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

344.    Denies only so much of the allegations contained in in Paragraph 344 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

345.    Denies only so much of the allegations contained in in Paragraph 345 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

346.    Denies only so much of the allegations contained in in Paragraph 346 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 346 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

**As to "The Third Claim for Relief"**
**(Overtime Under the FLSA)**

347.    Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

348.    The allegations contained in Paragraph 348 of the Amended complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

349.    Denies only so much of the allegations contained in in Paragraph 349 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

350.    Denies the allegations contained in Paragraph 350 as they relate to Mohamed Doria, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that Paragraph.

351.    Denies the allegations contained in in Paragraph 351 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

352.    Denies only so much of the allegations contained in in Paragraph 352 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA"), or (ii) violated the FLSA, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

46

353.    Denies only so much of the allegations contained in in Paragraph 353 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA. The remaining allegations contained in Paragraph 353 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

354.    Denies only so much of the allegations contained in in Paragraph 354 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA. The remaining allegations contained in Paragraph 354 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations therein are denied.

355.    The allegations contained in Paragraph 355 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

### As to "The Fourth Claim for Relief"
### (Overtime Under the NYLL)

356.    Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

357.    The allegations contained in Paragraph 357 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

358.    Denies only so much of the allegations contained in in Paragraph 358 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs

and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

359.    The allegations contained in Paragraph 359 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

360.    Denies the allegations set forth in Paragraph 360 of the Amended Complaint as it pertains to Mohamed Doria, and denies knowledge or information as to the truth of the remaining allegations set forth in that Paragraph.

361.    Denies only so much of the allegations contained in in Paragraph 361 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

362.    Denies only so much of the allegations contained in in Paragraph 362 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

363.    Denies only so much of the allegations contained in in Paragraph 363 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs

and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 363 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations asserted therein are denied.

364.     Denies only so much of the allegations contained in in Paragraph 364 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL. The remaining allegations contained in Paragraph 364 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations asserted therein are denied.

**As to "The Fifth Claim for Relief"**
**(Spread of Hours Under the NYLL)**

365.     Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

366.     The allegations contained in Paragraph 366 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

367.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 367 of the Amended Complaint.

368.     The allegations contained in Paragraph 368 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

369.     Denies only so much of the allegations contained in in Paragraph 369 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs

and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

370.   The allegations contained in Paragraph 370 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

371.   Denies only so much of the allegations contained in in Paragraph 371 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

372.   The allegations contained in Paragraph 372 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

### As to "The Sixth Claim for Relief"
### (Wage Payment Statements Under the NYLL)

373.   Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

374.   The allegations contained in Paragraph 374 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

375.    Denies only so much of the allegations contained in in Paragraph 375 of the Amended Complaint as allege or imply that Mohamed Doria was an employer of Plaintiffs and the prospective classes under the New York Labor Law ("NYLL"), or (ii) was responsible for providing Plaintiffs and the Discount Workers class with proper statements with every payment of wages, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

376.    Denies only so much of the allegations contained in in Paragraph 376 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

377.    Denies only so much of the allegations contained in in Paragraph 377 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL.   The remaining allegations contained in Paragraph 377 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations asserted therein are denied.

### As to "The Seventh Claim for Relief"
### (Wage Theft Prevention Act Notices of Pay Rate)

378.    Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

379.    The allegations contained in Paragraph 379 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

380.    Denies only so much of the allegations contained in in Paragraph 380 of the Amended Complaint as it pertains to Mohamed Doria, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

381.    Denies only so much of the allegations contained in in Paragraph 381 of the Amended Complaint as it pertains to Mohamed Doria, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

382.    Denies only so much of the allegations contained in in Paragraph 382 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

383.    Denies only so much of the allegations contained in in Paragraph 383 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the NYLL.  The remaining allegations contained in Paragraph 383 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations asserted therein are denied.

**As to "The Eight Claim for Relief"**
**(Retaliation Under the FLSA)**

384.     Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

385.     The allegations contained in Paragraph 385 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

386.     The allegations set forth in Paragraph 386 of the Amended Complaint do not require an answer. To the extent that an answer is required, the claims asserted therein are denied.

387.     Denies the allegations set forth in Paragraph 387 of the Amended Complaint as they relate to Mohamed Doria, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

388.     Denies only so much of the allegations contained in in Paragraph 388 of the Amended Complaint as allege or imply that Mohamed Doria (i) was an employer of Plaintiffs and the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL"), or (ii) violated the FLSA.   The remaining allegations contained in Paragraph 388 assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations asserted therein are denied.

**As to "The Ninth Claim for Relief"**
**(Retaliation Under the NYLL)**

389.     Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

390.    The allegations contained in Paragraph 390 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

391.    The allegations contained in Paragraph 391 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

392.    Denies the allegations set forth in Paragraph 392 of the Amended Complaint as they relate to Mohamed Doria, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

393.    The allegations contained in Paragraph 393 of the Amended Complaint assert legal conclusions to which no answer is required, and to the extent that an answer is required, the allegations set forth therein are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

394.    The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

395.    At no time material hereto was Defendant Mohamed Doria an employer of Plaintiffs or the prospective classes under the Fair Labor Standard Act of 1938 (the "FLSA") or the New York Labor Law ("NYLL").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

396.    Mohamed Doria never acted directly or indirectly in the interest of an employer in relation to an employee; was never directly involved in compensation, hiring

and firing or other day-to-day matters in relation to employees; was never manager of any of The Stores, and never exercised economic control over any of the employees.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

397.    Plaintiffs' claims, and the claims of each putative member of the purported class as defined in the Complaint, are barred in whole or in part because they are not "employees" under the FLSA or the NYLL.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

398.    Plaintiffs' claims, and the claims of each putative member of the purported class as defined in the Complaint, are barred in whole or in part by the statute of limitations as against Defendant Mohamed Doria and the Estate of Mohamed Doria.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

399.    Plaintiffs' claims, and the claims of each putative member of the purported class as defined in the Complaint, are barred in whole or in part by the doctrines of laches, delay, waiver, estoppel, acquiescence, and/or excuse.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

400.    The Complaint is barred, in whole or in part, by misconduct on each Plaintiff's part and/or unsatisfactory job performance.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

401.    Plaintiffs' claims, and the claims of each putative member of the purported class as defined in the Complaint, are barred in whole or in part by the failure to utilize internal procedures to seek redress of any complaints Plaintiffs purport to have.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

402.   Plaintiffs' claims, and the claims of each putative member of the purported class as defined in the Complaint, are barred in whole or in part because the Corporate Defendants are not covered under the FLSA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

403.   At no time material hereto did Defendant Mohamed Doria act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of the applicable laws.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

404.   Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as other employees similarly situated, fails to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

405.   Plaintiffs' claims, and the claims of each putative member of the purported class, are barred, in whole or in part, by the failure to mitigate damages, if any.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

406.   Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint, are barred in whole or in part by the doctrines of accord and satisfaction and payment.

**WHEREFORE**, Defendant denies each and every allegation of Plaintiffs' Amended Complaint, except as expressly admitted or qualified above. Judgment should be entered in favor of Defendant, Plaintiffs'' amended Complaint should be dismissed with prejudice, and Plaintiffs should be required to pay the costs of suit as well as attorneys' fees incurred by

Defendant in defending against Plaintiffs' claims and such other relief as the Court may deem

just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Defendant

demands a trial by jury on all issues so triable.

Dated: New York, New York
February 12, 2016

THE HEPPT LAW GROUP PLLC

By: _____

Edward J. Heppt

260 Madison Avenue
New York, New York 10016
(212) 973-0839
*Attorneys for Defendant The Estate of
Mohamed Doria*