UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

IN RE DORIA/MEMON DISCOUNT STORES          14-cv-7990 (RWS)
WAGE AND HOUR LITIGATION

                                                OPINION

----------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiffs

        SLATER SLATER SCHULMAN LLP
        445 Broad Hollow Road
        Melville, NY 11747
        By:  Adam Paul Slater, Esq.
             Jonathan E. Schulman
             Anthony R. Portesy, Esq.

        THE MARLBOROUGH LAW FIRM, P.C.
        555 Fifth Avenue, 14th Floor
        New York, NY 10017
        By:  Christopher Marlborough, Esq.


        Attorneys for Defendants

        LAW OFFICES OF MICHAEL K. CHONG, LLC
        300 Hudson Street, Suite 10
        Hoboken, NJ 07030
        By:  Michael K. Chong, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/16

**Sweet, D.J.,**

The Plaintiffs, a conditionally-certified class of current and former workers at a chain of discount stores in the Bronx, have moved against Defendants Michael Memon ("Memon") and Gulan Doria ("Doria") for attorneys' fees and expenses in connection with their two successful contempt motions. Based upon the findings and conclusions set forth below, the motion is granted in part and denied in part.

## Prior Proceedings

On January 21, 2016 Plaintiffs two motions for contempt were granted. "The Defendants are Ordered to keep accurate records of the hours worked by each employee, as required by the FLSA and NYLL, so that compliance may be verified. Plaintiffs' counsel shall submit an accounting of their costs and fees in connection with the two instant motions; the total, if reasonable, shall be paid by the Defendants." (Dkt. No. 193.)

Plaintiffs filed the instant motion for attorneys' fees on March 2, 2016. (Dkt. No. 204) The motion was argued and marked fully submitted on April 7, 2016. The parties submitted post-argument briefs, which are also resolved in this opinion. (Dkt.

2

Nos. 217 and 218.)

## Applicable Legal Standard

District Courts are "afford[ed] . . . considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). However, '"there is no precise rule or formula for making [fee] determinations . . . .'" Husain v. Springer, 579 Fed. Appx. 3, 6 (2d Cir. 2014) (quoting Hensley, 461 U.S. at 436).

Instead, "Awards of attorney's fees are generally calculated according to the presumptively reasonable fee method, calculated as the product of the number of hours [reasonably] worked and a reasonable hourly rate." Francois v. Mazer, 523 Fed. Appx. 28, 29 (2d Cir. 2013) (internal citation omitted).

## Defendants Shall Pay Plaintiffs for Reasonable Attorneys' Fees

On March 2, 2016 Plaintiffs' submitted their accounting of fees and expenses incurred "in connection with" the two contempt motions.  Plaintiffs claimed $192.21 in expenses, which are uncontested (revised fees claimed in the reply brief will be discussed below).  Accordingly, those expenses are granted. Furthermore, the parties in their March 17, 2016 and April 1, 2016 letters agree that the Estate of Mohamed Doria is not liable for any attorneys' fees because the Estate was not a subject of the contempt motion.  The Estate is not liable.

However, the parties disagree over the proper calculation of fees in connection with the contempt motions.  Plaintiffs claimed attorneys' fees in their March 2, 2016 moving brief and revised their claimed fees in their April 6, 2016.  The Court will use Plaintiffs' fee claims as revised in the reply brief as compared to Defendants objections articulated in Defendants April 4, 2016 opposition brief.  Defendants challenged 130 of Plaintiffs time entries for being vague, unrelated to the contempt motions, and being ministerial in nature.

A review of all of the time entries establishes that many entries were vague and unrelated to the contempt motions, particularly in the entries submitted by the Marlborough Law Firm.  In total, 92 of the Marlborough Law Firm's 208 entries

are not reasonable amounting to $16,504.85 in unreasonable fees.

Similarly, 28 of Slater Slater Schulman LLP's ("the Slater Law

Firm") 107 entries are not reasonable amounting to $4,720 in

unreasonable fees. Subtracting these invalid entries, $67,665

in fees is awarded to the Marlborough Law Firm and further 20%

is deducted for vague entries for a total of $54,132; the Slater

Law Firm is awarded $34,245 in fees.

## The Determinations with Respect to Rates

Defendants in their April 13, 2016 letter challenged the

rates charged by both Plaintiffs firms, in particular for

ministerial work, which could be completed by a paralegal.

(Dkt. No. 217.)

District Courts are "afford[ed] . . . considerable

discretion in determining what constitutes reasonable attorney's

fees." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d

132, 151 (2d Cir. 2008). Further, District Courts must ensure

that the attorneys are charging a reasonable number of hours and

a reasonable fee. Francois v. Mazer, 523 Fed. Appx. 28, 29 (2d

Cir. 2013). "The reasonably hourly rate is the rate a paying

client would be willing to pay" which is the "minimum necessary

to litigate the case effectively." Hensley v. Eckerhart, 461

5

U.S. at 440. "To determine the appropriate hourly rates . . . the court 'looks to the prevailing market rates in the relevant community.'" Kim v. Kum Gang, Inc., 12 Civ. 6344 (MHD), 2015 WL 3536593, at *2 (S.D.N.Y. June 5, 2015) (Dolinger, M.J.) (quoting Perdue v. Kenny A., 559 U.S. 542, 551 (2010)).

Here, Defendants challenge that the rate Plaintiffs charged for ministerial tasks was approximately $100 greater than would be reasonable. Defendants calculated the reasonable rate by finding the median salary for legal secretaries ($50,853) and paralegals (45,000) and dividing those salaries by 52 weeks and 37.5 hours worked per week. Based on this calculation, ministerial work should only be billed at $22-26 per hour.

However, Courts in this District have found that $125 is a reasonable rate for paralegals conducting ministerial tasks. Mills v. Capital One, No. 14 Civ. 1937 (HBP), 2015 WL 5730008, at *12 (S.D.N.Y.) (awarding a rate of $100-125 for paralegals); Viafara v. MCIZ Corp., 12 Civ. 7452 (RLE), 2014 WL 1777438, at *14 (S.D.N.Y. Apr. 30, 2014) (awarding an hourly rate of $125 to paralegals); Guallpa v. N.Y. Pro Signs Inc., 11 Civ. 3133 (LGS)(FM), 2014 WL 2200393, at *10 (S.D.N.Y. May 27, 2014) (Maas, M.J.) (reducing paralegal hourly rate to $125) (Report and Recommendation), adopted by 2014 WL 4105948 (S.D.N.Y., Aug.

18, 2014) (Schofield, D.J.). Here too, $125 is a reasonable rate for ministerial work, particularly since much of this work was conducted by attorneys.

Defendants do not challenge the rate for Plaintiffs' senior attorneys at $450 per hour and a junior attorney at $200 per hour, which are reasonable rates in this District. Scott v. City of New York, 643 F.3d 56, 59-60 (2d Cir. 2011) (approving a rate of $550 per hour in an FLSA case); Gonzalez v. Scalinatella, Inc., 112 F.Supp.3d 5, 28 (S.D.N.Y. 2015) (finding $450 per hour to be at the high end, but reasonable for senior attorneys in an FLSA case). At less than half that rate, $200 is a reasonable rate for a junior attorney.

## The Claimed Fees Are Reduced for Vague and Unrelated Entries

In addition to finding the reasonable rate for fees, the Court must also determine the reasonable amount of time that "should be compensated" based on a review of "contemporaneous time records." Gonzalez v. Scalinatella, Inc., 112 F.Supp.3d at 29. In making this determination, the court should consider the '"contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done."' Id. (quoting New York Ass'n for Retarded Children,

7

Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).) Further, the Court is "required to make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" Id. (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).) "In reducing a claim for time spent, the court may use a percentage deduction as a practical means of trimming fat from a fee application." Id. at 30.

Here, the Court conducted a "detailed inquiry into the validity" of the number of hours worked. Lunday, 42 F.3d at 134. There were significant issues with the hours claimed by both Plaintiffs' firms, though the time entries were particularly lacking in specificity for the Marlborough Law Firm. The primary issue with both firms was that the time entries were vague or unrelated to the contempt motions, the only permissible subject for this fee application. For these reasons, there were many entries for which it could not be said that a "reasonable, paying client would be willing to pay." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2007) (same quote).

Several of the records presented by the Plaintiffs in this action were vague or unrelated to the contempt motions (most often they were so vague as to make it difficult for the Court to determine if they were in fact related to the contempt motions). Fee applications must be supported by time records "which describe with specificity the work done." Ragin v. Harry Macklowe Real Estate Co., 870 F. Supp. 510, 520 (S.D.N.Y. 1993). Further, the "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) (rejecting time records with two and three word descriptions for long blocks of time such as "reviewed docs.").

Only entries that are related to the appropriate work for which fees will be granted may be compensated. F.H. Krear & Co., 810 F.2d at 1265-1266. In the event that time entries for related and unrelated work cannot be divided, the Court has the authority to reduce the fees by an appropriate amount. Alnutt v. Cleary, 27 F.Supp.2d 395, 401 (W.D.N.Y. 1998).

The Marlborough Law Firm submitted numerous vague and

unrelated entries for which no reasonable client would pay.
Some of these examples include a May 23, 2015 entry for "E-mails
re corrected brief."  It is unclear which brief this describes
and what legal work the attorney was doing in connection with
the e-mails.  This is also an example of unrelated entries
because it is unclear how, if at all, this entry relates to the
contempt motions.

There were phone call entries with initials about
retaliation, such as the August 12, 2015:  "Call with KT re
retaliation."  While shorthand in time entries is permissible,
the Marlborough time entries are littered with initials.  In
Plaintiffs' briefs, they explain that these were initials of
clients and attorneys.  This is outside the bounds of
permissible entries for which a reasonable client would be
willing to pay because of the confusion it causes.  The
connection of the alleged retaliation to the contempt motions is
not established.  Calls with initials about retaliation are not
sufficiently specific to warrant compensation.

Some of the Marlborough time entries were for tasks that
are not legal in nature.  One example was the September 20, 2015
entry for "email received from KT re additional retaliatory
acts."  Mr. Marlborough (though the identification of the

10

attorney is absent from his firm's time record submissions) did
not conduct any legal work in order to receive an email. The
required details are absent from many of Mr. Marlborough's
submissions.

Even some of Mr. Marlborough's compensable entries related
to the contempt motions are vague. For example, on May 15, 2015
Mr. Marlborough had a one-hour long "Call w/AS re contempt
motion." Presumably AS is Adam Schulman, but there is no
description of what they discussed in reference to the contempt
motion. A client would expect more in order to compensate Mr.
Marlborough for this time and the Court requires time entries
that "describe with specificity the work done." Ragin, 870 F.
Supp. at 520.

For the reasons stated above 92 of the Marlborough Law
Firm's 208 entries are not reasonable amounting to $16,504.85 in
unreasonable fees. In addition, a 20% reduction is subtracted
from all other fees submitted by the Marlborough Law Firm for
vagueness such as 9.7 hours on May 13, 2015 for "Drafted
contempt brief;" 7.8 hours on May 20, 2015 for "Drafted contempt
reply;" or 9 hours on May 20, 2015 (time recorded by the same
attorney on the same day) for "Drafted reply brief." VFS
Financing, Inc. v. Pioneer Aviation, LLC, No. 08 Civ. 7655

11

(GBD)(AJP), 2009 WL 2447751, at *5 (S.D.N.Y. Aug. 11, 2009)
(applying a 10% reduction because "a number of VFS' attorneys'
billing entries are overly vague or duplicative"). These short
descriptions for time entries are not sufficiently specific to
be compensated, particularly when they purportedly describe a
full day of work. F.H. Krear & Co., 810 F.2d at 1265 (rejecting
three word entries for full days of work). Overall after
subtracting the 20% reduction from the subtotal, the Marlborough
Law Firm will receive a total of $54,132 in fees.

The Slater Law Firm suffered from some vague or unrelated
entries, but were overall significantly more detailed and
specific than the Marlborough Law Firm's entries. Further,
Slater voluntarily removed or reduced its billing in 11 cases,
including eight entries unrelated to the contempt motions in
Plaintiffs' reply brief (the three entries that were revised to
expenses at a lower billing rate will not be treated as
expenses, but as non-legal fees).

However, the Slater Law Firm's time entries still included
unrelated and vague entries. For example, the July 27, 2015
entry for "reviewed, revised amended complaint." Plaintiffs had
removed some of the entries related to the amended complaint in
their reply brief, but missed this entry. The same is true

12

about the conditional certification briefing, which is not compensable because it is unrelated to the contempt motion. While some of those entries were voluntarily removed in the reply brief, the June 8, 2015 entry for 3.1 hours to review a draft of the conditional certification brief remains in Slater's time entries and is not compensable.

Slater also included vague entries just as in the Marlborough Law Firm's entries, such as the July 24, 2015 entry for "draft decl." This entry does not include even whose declaration this attorney drafted or what document that declaration would be attached to. Another vague and likely unrelated request is that Jonathan Schulman "Made FOIL request" on June 4, 2015.

There are 28 of the Slater Law Firm's 107 entries that are not reasonable, amounting to $4,720 in unreasonable fees. Subtracting these invalid entries, the Court awards $34,245 to the Slater Law Firm.

**Conclusion**

Based on the findings and conclusions above, Plaintiffs' fee motion is granted in part and denied in part. The

13

Marlborough Law Firm is awarded $54,132 in fees and $72 in expenses.   The Slater Law Firm is awarded $34,245 in fees and $120.21 in expenses.

It is so ordered.

New York, NY
July 20 2016

ROBERT W. SWEET
U.S.D.J.