UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


------------------------x
IN RE DORIA\MEMON
DISCOUNT STORES WAGE                 14-CIV.-7990
& HOUR LITIGATION


--------------------x

**DECLARATION OF MICHAEL K. CHONG, ESQ. IN REPLY TO PLAINTFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL AND IN RESPONSE TO PLAINTIFFS' CROSS MOTION TO COMPEL NON-ESTATE DEFENDANTS TO PRODUCE RESPONSES TO PLAINTIFFS' OUTSTANDING DOCUMENT REQUEST**


I, Michael K. Chong, an attorney duly admitted to practice before the United States District Court for the Southern District of New York states:

1. I am currently counsel for the "non-Estate" Defendants in this action. I have knowledge of the facts and circumstances set forth in this Declaration. I make this Declaration in Response to Plaintiffs' Opposition to my Motion to Withdraw as Counsel, and in Response to Plaintiffs' Cross Motion to Compel the Non-Estate Defendants to Produce Responses to the Plaintiffs' Outstanding Discovery Requests.

2. In responding to Plaintiffs' Opposition and Cross Motion, I am mindful that as I am still currently counsel for the Non-Estate Defendants, and as such I cannot disclose any communications protected by attorney-client privilege.

1

3.   Plaintiffs' Opposition to the Motion to Withdraw as Counsel and Cross Motion to Compel the Non-Estate Defendants to Produce Responses to the Plaintiffs' Document Requests has been provided to my clients via email. The Motion to Withdraw as Counsel, the Affidavit in Support and the proposed Order were also provided to the Defendants by email and regular mail.

4.   I note that the Defendants have not filed any opposition to the Motion to Withdraw, and have not disputed or denied in any way the facts as set forth in my Affidavit in Support of the Motion to Withdraw as Counsel.

5.   I recognize that the Motion to Withdraw is filed at a late stage in the litigation.   However, I ask the Court to consider that I did not simply send the Defendants an invoice and then move to withdraw as counsel when it was not promptly paid. As detailed in my prior Affidavit, the issue of payment of legal fees incurred is an issue that was being regularly discussed with my clients over a period of several months, and that I was willing to negotiate a "payment plan" with the Defendants to pay outstanding legal fees over a period of time and even did so to no avail; I did not demand immediate payment of all outstanding legal fees, and was willing to "work with" the Defendants with respect to the payment of legal fees.

6.     Unfortunately, despite numerous communications over a period of months with respect to payment of legal fees, and "promises" by the Defendants that payments would be made, Defendants did not comply with their agreement to pay outstanding legal fees. Nor have Defendants agreed to or made any payment toward the trial retainer I advised Defendants I would require be paid in advance before I undertake the substantial work to prepare for and try this case.

7.     Plaintiffs argue in opposition to the Motion to Withdraw that I have failed to "substantiate" non-payment of legal fees. I am a member of the bar that has stated under oath that despite the numerous communications over a period of months, Defendants have not made payment for legal fees. I do not know how Plaintiffs expect that I can "substantiate" or "prove" a negative, i.e., that I have not received payment of outstanding legal fees.

8.     Plaintiffs also argue that I have continued to "vigorously represent" the interests of my clients with respect to other issues, specifically communications regarding mediation. I recognize that I cannot disclose the substance of the communications, and can only state that for a period of many months, overlapping with my communications with Defendants about payment of legal fees, I had numerous communications with both my clients and counsel about

possible mediation. Discussions about possible mediation long pre-date the filing of the Motion to Withdraw.

9.  Moreover, while the time to prepare for and attend mediation in a case of this complexity would be substantial, it pales greatly in comparison to the number of hours I would be required to devote to prepare for trial and the trial of this case. I respectfully submit that my efforts to see if all parties and counsel could reach an agreement for mediation should not be a factor "held against me" with respect to the Court's consideration of the Motion to Withdraw.

10. As the Defendants have not agreed to pay the trial retainer that I have requested, and given the complexity of this case, to require that I continue as counsel for the Defendants will require that I not only work a substantial number of hours without being compensated, I will actually be required to expend money out of my own pocket in order to continue representing the Defendants.

11. With the amount of time that I would be required to devote to preparing for trial and the trial, I will of necessity be required to hire additional attorneys, not only to assist me with this case, but to handle my other cases. I am a busy solo litigation attorney, and will be consumed seven days a week preparing for and trying this case.

12.  Plaintiffs cite to two cases, <u>Gonzalez v. Loving Hut et. al,</u> and <u>Maharaj v. Red Shirt et. al.</u> to suggest a "pattern" of moving to withdraw as counsel at a late stage of the litigation. Although the clients in <u>Gonzalez v. Loving Hut et. al,</u> erroneously and falsely accused me of making a misrepresentation to the Court that they had already retained new counsel to represent them, Plaintiffs omit to mention that the Motion to Withdraw as Counsel was granted.  A true copy the Order is attached as **Exhibit A**. Similarly, while made at a later stage of the litigation, and despite opposition, the Motion to Withdraw as Counsel in <u>Maharaj v. Red Shirt et.al.</u> was granted. A true copy of the Order Granting the Motion to Withdraw is attached as **Exhibit B.**

13.  In addition to the non-payment of legal fees as grounds for withdrawing as counsel, there has been a breakdown in communication with my clients that prevents me from effectively representing them in the litigation. I advised Plaintiffs' counsel in an email that the breakdown in communication was an additional ground for seeking to withdraw as counsel, and that the breakdown in communication was the reason I sought to defer the response to Plaintiffs' Supplemental Document Requests.  (**<u>Portesy Decl., Exhibit 4</u>**).

14. Without violating attorney-client privilege by discussing the specifics, the breakdown in communications and

deterioration of the attorney client relationship directly impacts my ability to prepare and serve a fully responsive Response to Plaintiffs' Supplemental Request for Documents.

15. Nonetheless, if the Court requires it as a condition of granting the Motion to Withdraw as Counsel, I will to the best of ability, and based upon the documents provided to me by Defendants, prepare a Response, have it reviewed and certified to by Defendants, and serve it on Plaintiffs' counsel. I respectfully request a period of seven (7) days to do so.

16. I am sending a copy of this Declaration with the attached Exhibits to the Defendants by email. For the foregoing reasons, I respectfully request that the Court grant the Motion to Withdraw as Counsel.


I declare under the penalties for perjury under the laws of the State of New Jersey that the foregoing is true and correct. This Declaration is executed the 12th day of March, 2018 in Bergen County, New Jersey.


s/Michael K. Chong
Michael K. Chong