UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

IN RE DORIA/MEMON DISC. STORES WAGE &
HOUR LITIG.

14 Civ. 7990

OPINION AND ORDER

------------------------------------------X

A P P E A R A N C E S:

<pre>
Attorneys for Plaintiffs

SLATER SLATER SCHULMAN LLP
445 Broad Hollow Road
Melville, NY 11747
By:  Adam Paul Slater, Esq.
     Jonathan E. Schulman, Esq.
     Anthony R. Portesy, Esq.

THE MARLBOROUGH LAW FIRM, P.C.
555 Fifth Avenue, 14th Floor
New York, NY 10017
By:  Christopher Marlborough, Esq.

Attorney for the Estate Defendant

THE HEPPT LAW OFFICE, PLLC
260 Madison Avenue
New York, NY 10016
By:  Joseph M. Heppt, Esq.
</pre>



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/18

**Sweet, D.J.**

Defendant Sofiya Doria, as Administrator of the Estate of Mohammed Doria (the "Estate Defendant"), has moved for the dismissal of claims brought by Plaintiffs Emmanuel Agyapong[1] ("Agyapong") and Mady Nassoko ("Nassoko") for failure to comply with a April 12, 2017, discovery order (the "Order") as sanctions for failure to comply with court orders, either pursuant to Federal Rule of Civil Procedure 37 or Federal Rule of Civil Procedure 41(b). The Estate Defendant also seeks attorneys' fees and costs for bringing the instant motion. For the reasons set forth below, the motion is granted in part and denied in part.

**Prior Proceedings**

The prior proceedings and underlying allegations of this long-lasting Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New York Labor Law ("NYLL") case are detailed in prior opinions of the Court. See In re Doria/Memon Disc. Stores Wage & Hour Litig., No. 14 Civ. 7990 (RWS), 2017 WL 4541434

---

[1] The Court assumes the latest correspondence from Plaintiffs' counsel contains the correct spelling of Agyapong's name. Dkt. No. 353; see also Dkt. No. 42.

1

(S.D.N.Y. Oct. 10, 2017) ("Class Certification Opinion"); In re Doria/Memon Disc. Stores Wage & Hour Litig., No. 14 Civ. 7990 (RWS), 2016 WL 270080 (S.D.N.Y. Jan. 21, 2016) ("Contempt Opinion"); Agropong v. Memon, No. 14 Civ. 7990 (RWS), 2015 WL 5610879 (S.D.N.Y. Sept. 23, 2015) ("Conditional Certification Opinion"). Familiarity is assumed. The following proceedings are recounted for purposes of resolving the instant motion.

This action was initiated by Plaintiffs on October 4, 2014. Dkt. No. 1. On May 14 and May 22, 2015, Nassoko and Agyapong filed Consents to Sue, respectively. Dkt. Nos. 18, 42. On June 25, 2015, Plaintiffs moved for conditional certification of their FLSA claims, which was granted on September 23, 2015. See Conditional Cert. Op., 2015 WL 5610879, at *2. At that time, the Court also granted Plaintiffs leave to file an Amended Complaint, which was filed on December 17, 2015. Dkt. No. 191.

On March 13, 2017, the Estate Defendant moved to compel interrogatory responses from Agyapong and Nassoko. Dkt. No. 274. On April 12, 2017, the Court granted the Estate Defendant's compel motion and ordered Agyapong and Nassoko to provide "a full and complete response, without objections" to Estate Defendant's First Set of Interrogatories within seven days. Dkt.

No. 281. The Order further noted that "[f]uture unresponsiveness to discovery or noncompliance with this Order could lead to dismissal of their [Agyapong and Nassoko's] claims with prejudice." Id.

On October 10, 2017, the Court granted Plaintiffs' motion for class certification over Plaintiffs' NYLL claims, in addition to a subclass bring claims under the Wage Theft Prevention Act, pursuant to Federal Rule of Civil Procedure 23(b)(3). See Class Cert. Op., 2017 WL 4541434, at *2, *9.

On December 29, 2017, the Estate Defendant moved the instant motion, which was heard on January 31, 2018. Dkt. No. 337.

On March 2 and March 7, 2018, the parties wrote the Court to update that Agyapong had provided interrogatory responses to the Estate Defendant. Dkt. Nos. 353-54. The parties disagreed as to whether dismissal was still an appropriate sanction.

**Applicable Standards**

a. Rule 37(b)

Federal Rule of Civil Procedure 37(b) provides for the possibility of sanctions where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). A district court has "broad discretion in fashioning an appropriate sanction" under Rule 37. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002). One possible sanction under Rule 37(b) is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

When exercising its discretion to dismiss an action, the Second Circuit has provided factors that "may be useful" to consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (quoting Nieves v. City of N.Y., 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). "Dismissal is a drastic remedy that should be imposed only in extreme circumstances . . .

4

usually after consideration of alternative, less drastic sanctions." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (omission in original) (internal quotation marks omitted) (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)). A court must "consider the extent to which the prevailing party has been prejudiced by the defaulting party's noncompliance and must ensure that any sanction imposed is just and commensurate with the failure to comply." Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc., No. 16 Civ. 7322 (JMF), 2017 WL 4083581, at *5 (S.D.N.Y. Sept. 14, 2017) (internal citations and quotation marks omitted). However, dismissal can be "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." Agiwal, 555 F.3d at 303 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

In addition, Rule 37 provides that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified

5

or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

b. Rule 41(b)

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[A] Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted). The Second Circuit has stated that district courts must consider five factors prior to dismissal of a case:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane, 239 F.3d at 209 (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988))

6

(alterations in original). "Generally, no one factor is dispositive," and "a district court is not required to discuss each of the factors on the record." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001); see also Dinkins v. Ponte, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); Mahadi v. Johnson Controls, Inc., No. 02 Civ. 1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

Even a casual reader would observe the substantive similarities and overlap between Rules 37(b) and 41(b). "For practical purposes, courts have found that the factors to be addressed in a Rule 41(b) analysis are relevant to an analysis under 37(b), and there is little distinction between the two." Sanders v. Does, No. 05 Civ. 7005 (RJS), 2008 WL 2117261, at *2 (S.D.N.Y. May 15, 2008).

7

## The Estate Defendant's Motion is Granted in Part and Denied in Part

The Estate Defendant seeks the dismissal of Agyapong and Nassoko's claims against the Estate Defendant in their entirety as sanctions for their respective failures to observe the Order and provide interrogatory responses. The Estate Defendant contends that the non-compliance was willful, that Agyapong and Nassoko were on notice that failure to comply could lead to dismissal of their claims yet remained derelict of their Court-ordered obligations for almost a year, and that any lesser sanctions would be ineffective. See Estate Defendant's Mem. of Law in Supp. ("Estate Def.'s Mem.") 3-5, Dkt. No. 337. As part of its sanctions motion, the Estate Defendant also seeks attorneys' fees and costs. Id. 6-7.

Plaintiffs do not contest the Estate Defendant's fundamental claim that Agyapong and Nassoko failed to comply with the Order and, until recently, both had outstanding discovery requests.[2] Rather, Plaintiffs aver that Agyapong and Nassoko have been the victims of an intimidation campaign by non-Estate Defendants since this action has started, which has

---

[2] In the time since the Estate Defendant has made the instant motion and this Opinion and Order, Agyapong has turned over responses to the Estate Defendant's interrogatories. Dkt. No. 353. Nassoko has not.

8

been a factor in Agyapong and Nassoko's refusal to participate in discovery. Given that backdrop, Plaintiffs argue either that it would be appropriate to order no sanctions or, as an alternative to complete dismissal, a partial dismissal of Agyapong and Nassoko's opt-in, non-classwide FLSA claims while sustaining their opt-out classwide claims as absent class members. See Pls.' Mem. of Law in Opp. ("Pls.' Mem.") 6-10.

In support of their lesser sanctions proposal, Plaintiffs point to Enriquez v. Cherry Hill Mkt. Corp., No. 10 Civ. 5616 (FB) (MDG), 2012 WL 6641650 (E.D.N.Y. Oct. 22, 2012), report and recommendation adopted, No. 10 Civ. 5616 (FB) (MDG), 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012). In Enriquez, a collective action FLSA case in the process of acquiring class certification of NYLL state law claims, defendants moved to dismiss claims of three FLSA opt-in plaintiffs who failed to comply with discovery requirements. Id., 2012 WL 6641650, at *1. Counsel for the plaintiffs conceded that the three opt-in plaintiffs willfully failed to participate in discovery but averred that fear of retaliation caused the plaintiffs' reticence. Id., 2012 WL 6641650, at *2. Magistrate Judge Go reasoned that, while lesser sanctions would not be effective in securing the three

9

plaintiffs' compliance with their opt-in discovery obligations, those same plaintiffs

> should not be precluded from participating in a potential class action under state law. There is no requirement that a class member in a New York Labor Law action opt-in to an FLSA collective action. As courts have recognized, employees are often reluctant to act affirmatively and opt-in to an action against their employer. It would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate.

Id., 2012 WL 6641650, at *3 (internal citations omitted). The Enriquez court ultimately recommended only dismissing the three plaintiffs' opt-in FLSA claims, a report and recommendation which was adopted in full by the Hon. Frederic Block. Enriquez, 2012 WL 6626008, at *1.

Following Enriquez, courts in the Second Circuit have looked to and applied Judge Go's reasoning in cases just like here. See, e.g., Morse v. Alpine Access, Inc., No. 517 Civ. 235 (BKS) (ATB), 2017 WL 5187744, at *3 (N.D.N.Y. Sept. 26, 2017) ("Accordingly, this court recommends that Morowitz be dismissed as a named plaintiff on the state law claims, without prejudice to her future participation, to the extent the court deems appropriate, as a class member on state law claims if the Rule 23 class actions are certified."), report and recommendation

10

adopted, No. 517 Civ. 235 (BKS) (ATB), 2017 WL 5186464 (N.D.N.Y. Nov. 8, 2017); Ruiz v. Citibank, N.A, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *4 (S.D.N.Y. Aug. 19, 2014) ("[I]t would be unjust to dismiss Plaintiffs' state law claims when they fail to comply with FLSA discovery while other Plaintiffs who never opted in to FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal . . . in line with how other courts within the Circuit have treated similar situations."); Johnson v. Wave Comm GR LLC, No. 610 Civ. 346 (DNH) (ATB), 2013 WL 12137762, at *3 (N.D.N.Y. June 6, 2013) ("Accordingly, this court would recommend that the unresponsive plaintiff be dismissed as a named plaintiff on the NYLL claims, without prejudice to his future participation, to the extent the court deems appropriate, as a class member on these state law claims if the Rule 23 class actions remains certified."), report and recommendation adopted, No. 610 Civ. 346 (DNH) (ATB), 2013 WL 12137763 (N.D.N.Y. July 1, 2013).

The situation presented by Agyapong and Nassoko mirrors Enriquez, and Judge Go's rationale is persuasive. Agyapong and Nassoko have a "history of ignoring Court orders and deadlines and refusing to even communicate with their own counsel." Savage v. Unite Here, No. 05 Civ. 10812 (LTS) (DCF), 2007 WL 1584206,

at *1 (S.D.N.Y. May 31, 2007); see Dkt. Nos. 277 (detailing Plaintiffs' counsel's failed attempts to reach Nassoko and Agyapong at the time of the Estate Defendant's initial motion to compel), 344 ¶ 7. Agyapong's last-minute discovery responses, while recognized, does not ameliorate concerns raised by long-lasting, willful non-compliance that he will continue to be delinquent in his obligations. See S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010) (citation omitted) (observing that "plaintiff's hopelessly belated compliance should not be accorded great weight"). The many months of delay have "prejudiced not only the defendants in their ability to mount a timely and cost-effective defense to the action, but also the other plaintiffs by delaying their action for civil relief." Johnson, 2013 WL 12137762, at *3. Taken together, "no lesser sanctions than dismissal" is proper. Ruiz, 2014 WL 4635575, at *6; see Dungan v. Donahue, No. 12 Civ. 5139 (ILG) (RLM), 2014 WL 2941240, at *4-*6 & n.2 (E.D.N.Y. June 30, 2014) (dismissing an action under Rules 37(b) and 41(b) when plaintiff himself provided no excuse for failing to comply with court orders for over four months). Nevertheless, "[i]t would be unjust to dismiss Plaintiffs' state law claims when they fail to comply with FLSA discovery while other Plaintiffs who never

opted in to FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal." Id.

The Enriquez court's Solomonic solution provides the appropriate relief between these competing interests. Accordingly, this Court agrees with the reasoning already adopted by others in the circuit and concludes that, pursuant to Rules 37(b) and 41(b), a just and appropriate sanction in such circumstances is to dismiss only Nassoko and Agyapong's non-classwide opt-in claims. Nassoko and Agyapong may, however, stay in the certified class action and maintain their classwide claims.

Lastly, the Estate Defendant seeks attorneys' fees and costs under Rule 37(b)(2)(C). "Although the Second Circuit has never explicitly held that the payment of expenses pursuant to Rule 37(b)(2)(C) is mandatory, the burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party." Kizer v. Abercrombie & Fitch Co., No. 12 Civ. 5387 (JS) (AKT), 2016 WL 5338537, at *2 (E.D.N.Y. Sept. 23, 2016). Plaintiffs contend that it would be unjust to award monetary sanctions against employees who

presently they are being paid below minimum wage at stores run by relatives of the Estate Defendant and who, because of this lawsuit, are in constant fear of losing their employment. See Pls.' Mem. 10; see Declaration of Joseph Kofie dated January 10, 2018, Dkt. No. 343. For the following reasons, the request is denied.

As a preliminary matter, were any expense sanctions to be awarded, it could only reasonably be against Agyapong and Nassoko. The record shows that Plaintiffs' counsel have been diligent in trying to reach opt-in Plaintiffs and furnish the required discovery, and even the Estate Defendant argues that it was the "non-compliant plaintiffs" who "disobeyed" the Order. Estate Def.'s Mem. 7; see Gordon v. Kaleida Health, No. 08 Civ. 378S (F), 2013 WL 2250431, at *7 (W.D.N.Y. May 21, 2013) ("However, as the record supports that the failure to provide discovery in compliance with the court's [order] cannot fairly be attributed to any lack of diligence or other fault by Plaintiffs' counsel, the court finds that such expenses . . . are solely attributable to the unresponsive opt-in Plaintiffs, and not Plaintiffs' counsel."); Fed. R. Civ. P. 37(b)(2)(C) (allowing a court to order "disobedient party, the attorney advising that party, or both" to pay expenses).

14

At this point in the action—with a class certified and neither Agyapong nor Nassoko assigned as Class Representatives—Agyapong and Nassoko are, functionally-speaking, absent class members who have chosen to opt-in to the FLSA action. See Class Cert. Op., 2017 WL 4541434, at *9. FLSA actions are intended to "encourage entry into the suit by affected employees" and "designed to protect a vulnerable part of the work force[;]" courts "should be reluctant to punish individuals who initially decide to join and then back out." Colella v. N.Y.C. Transit Auth., No. 12 Civ. 6041 (GBD) (MHD), 2014 WL 7967835, at *7 (S.D.N.Y. Dec. 2, 2014), report and recommendation adopted in part, No. 12 Civ. 6041 (GBD) (MHD), 2015 WL 906168 (S.D.N.Y. Mar. 3, 2015); Shahriar v. Smith & Wolensky Restaurant Grp., Inc., 659 F.3d 234, 243-44 (2d Cir. 2011) (describing the need to limit roadblocks in the way of plaintiffs who may be hesitant to assert their rights under the FLSA). A further sanction of fees and costs would discourage involvement such action and cautions away from granting the Estate Defendant's request.

Moreover, while not condoning the behavior of delinquent opt-in Plaintiffs like Agyapong and Nassoko, to order such an award against plaintiffs alleging minimum wage violation, on top

15

of the already serious sanction of dismissing some of their claims, would amount to a "disproportionately severe sanction." Luiken v. Domino's Pizza LLC, No. 09 Civ. 516 (DWF) (AJB), 2009 WL 4723296, at *6 (D. Minn. Dec. 2, 2009) (rejecting award of expense sanctions in part because plaintiff was a "Domino's Pizza delivery person"); see, e.g., Davenport v. Charter Commc'ns, LLC, No. 12 Civ. 7 (AGF), 2016 WL 5371575, at *3 (E.D. Mo. Sept. 26, 2016) ("[T]he Court finds that such an award would be unjust, particularly on top of the already harsh sanction of dismissal with prejudice."); Dinkel v. Medstar Health Inc., 304 F.R.D. 339, 348 (D.D.C. 2014) (quoting Luiken and stating that finding "costs against a delinquent opt-in plaintiff in an FLSA collective action . . . would be 'unjust'").

Lastly, as at least one court has observed, the Estate Defendant's "motion can properly be deemed to fit within Rule 41(b), which does not have the same presumptive fee-shifting requirement as Rule 37." Colella, 2014 WL 7967835, at *7 (collecting cases). This, too, counsels against an award of fees and costs.

16

Taken together, an expense award under these circumstances would be "unjust," and the request is denied. Fed. R. Civ. P. 37(b)(2)(C)

**Conclusion**

For the foregoing reasons, the Estate Defendant's motion is granted in part and denied in part. Agyapong and Nassoko's opt-in claims are dismissed, but sanctions are denied as to the dismissal of Agyapong and Nassoko's classwide claims and the Estate Defendant's request for attorneys' fees and costs.

It is so ordered.

**New York, NY**
**March /4, 2018**

_____
ROBERT W. SWEET
U.S.D.J.