THE HEPPT LAW OFFICE PLLC
260 Madison Avenue, 8th Fl.
New York, New York 10016
(212) 973-0839

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DORIA/MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION. | Case No. 14-cv-7990 (RWS) |

SOFIYA DORIA, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I submit this declaration upon personal knowledge and in opposition to Plaintiffs' motion for partial summary judgment.

My Late Husband's Limited Involvement with the Stores

2. My late husband's business was owning and operating real estate.

3. My husband had excellent negotiating and organizational skills and agreed to help Mr. Memon by serving as the buyer for Mr. Memon's stores. He was not Mr. Memon's business partner.

4. My husband was not an owner of any of the stores at issue nor was he a manager, he was simply the buyer. He did not hire or fire any employees of the stores nor did he supervise any employees and did not determine the rate and method of payment. As the buyer, he did not control any of the workers' schedules or conditions of employment.

5. My husband was not an executive of any of the stores.

6. I don't know why certain filings with New York Department of State list my husband as an executive. However, it is my understanding that when a person forms a

1

corporation, he or she can put anyone's name down as an officer. It is clear to me that someone used my husband's name in this way without his knowledge.

7. In support of the Plaintiffs' motion, they submitted a declaration from Bibi Haniff. Attached to that declaration is a document purporting to show my husband signing an application as President of Popular Discount. However, I can state without a doubt that the signature on that document is not my husband's signature.

8. As I stated above, my husband was not an officer or executive of any of the stores but was simply the buyer. In fact, it is my understanding that Ms. Haniff has testified under oath that my husband was "just the buyer."

BX Good Luck

9. My husband owned several buildings, some of which were locations where some of the stores involved in this case were located. Rents from the buildings he owned were my husband's primary source of income.

10. My husband owned one store, BX Good Luck. However, BX Good Luck was not part of the network of stores that is at issue in this case.

11. It is my understanding that prior to my husband's death, he paid his employees at BX Good Luck in accordance with all applicable laws.

12. After my husband passed away, it was difficult for me to travel to the Bronx to run the store and Mr. Memon, a close friend of my late husband, agreed to run the store.

13. Mr. Memon did not have any ownership interest in the store prior to my husband's death.

### The Rodriguez Action

14. It is my understanding that the default judgment in the Rodriguez action was not a decision on the merits and there was no finding that my husband was an owner or employer for purposes of paying minimum wage or overtime to employees of the stores.

15. The declaration that my husband purportedly submitted in the Rodriguez action accurately stated that English was not his primary language. That certainly was not a "fraudulent" statement. Whether he understood the significance of the legal documents that were served on him is a question that only he can answer. However, it is likely that he did not understand their significance.

### Alif Discount

16. I had nothing to do with Alif Discount and I never signed any tax return for that company.

17. The tax return that the plaintiffs attach to their motion does not contain my signature, simply my name.

18. I never authorized anyone to use my name in connection with that tax return or any tax return for any of the discount stores.

### W-2's Issued to Me

19. I never worked for any of the stores.

20. I believe that the W-2's that the plaintiffs refer to are related to money that was owed to my husband that he earned as an employee prior to his death. That money was paid to me; I don't know why the accountant issued a W-2 to me because I was never an employee of any of the stores.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on July 31, 2018.

_____
SOFIYA DORIA

Signature verified on July 31st, 2018

[Notary seal: FARHEEN LODHI, NOTARY, NO. 01LO6143890, QUALIFIED IN QUEENS COUNTY, COMM. EXP. 04-17-2022, STATE OF NEW YORK]