Tʜᴇ Hᴇᴘᴘᴛ Lᴀᴡ Oғғɪᴄᴇ, PLLC
260 Madison Avenue, 8ᵗʰ Fl.
New York, New York 10016
(212) 973-0839

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMANUEL AGROPONG, et al., | |
| Plaintiffs, | Case No. 14-cv-7990 (RWS)(SN) |
| -against- | |
| MICHAEL MEMON, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW
IN SUPPORT OF THE OMNIBUS MOTION *IN LIMINE* OF SOFIYA DORIA,
AS ADMINISTRATOR OF THE ESTATE OF MOHAMED DORIA**

# Contents

I.    EVIDENCE AND ARGUMENT CONCERNING THE ESTATE  DEFENDANT'S ASSETS AND THE ADMINISTRATION OF THE ESTATE SHOULD BE EXCLUDED.................................................................1

    A.    The Estate Defendant's Wealth and Other Financial Circumstances Are Irrelevant and Would Be Unfairly Prejudicial.......................................................................................... 1

    B.    The Administration of the Estate Is Irrelevant and Would Be Unfairly Prejudicial.................. 3

II.    THE NEW YORK DEPARTMENT OF STATE DOCUMENTS REGARDING THE DEFENDANT ENTITIES MUST BE EXCLUDED BECAUSE THE DANGER OF UNDUE PREJUDICE OUTWEIGHS ANY PROBATIVE VALUE.................................................................................................................................4

III.    NEW YORK'S DEADMAN'S STATUTE AND/OR FEDERAL RULE OF EVIDENCE 804 PRECLUDE THE PLAINTIFFS FROM TESTIFYING ABOUT PERSONAL COMMUNICATIONS AND/OR TRANSACTIONS WITH THE DECEDENT MOHAMED DORIA CONCERNING HIS ALLEGED ROLE IN THE DEFENDANT COMPANIES9

    A.    New York's Dead Man's Statute............................................................................... 9

    B.    Federal Rule of Evidence 804 ................................................................................ 10

    C.    Examples of the Hearsay Testimony at Issue ........................................................... 12

IV.    THE ESTATE DEFENDANT RESERVES HER RIGHT TO FILE SUPPLEMENTAL MOTIONS IN LIMINE . 12

CONCLUSION ...........................................................................................................................13

# Table of Authorities

**Cases**

*Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984) ............................................7

*City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757 (6th Cir. 1980) ...................................3

*Cook v. Hatch Associates,* 2007 WL 1267023 (WDNY 2007)...........................................................7

*Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) ...............................................................3

*Eisenhauer v. Burger,* 431 F.2d 833, 837 (6th Cir.1970) ...........................................................2

*Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) ......................................3

*Hall v. Western Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993)...............................................7

*Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 197-198 (D. Conn. 2009). ..............................11

*Hernandez v. Jrpac Inc.*, 2016 WL 3248493 (S.D.N.Y. 2016) ....................................................2

*Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1309 (8th Cir. Mo. 1984)..................................7

*Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) .........................................................1, 2

*Loussier v. Universal Music Group, Inc.*, 2005 U.S. Dist. LEXIS 37545, at *7 (S.D.N.Y. July 14, 2005) ..2

*Miller et al., v Lu-Whitney*, 61 A.D.3d 1043 (3rd Dep't 2009)................................................9

*Munafo v. Metropolitan Transp.* 2003 WL 21799913 at *49 (EDNY 2003)...................................11

*New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2d Cir. N.Y. 1981) ...........................................8

*Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998)........................................7

*Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009)................8

*Poslock et al., v. Teachers' Retirement Board of Teachers' Retirement System et al.,* 88 N.Y.2d 146, 666
    N.E.2d 528 (1996) ............................................................................................9

*Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) ................................1

*Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633, 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010) ...........1

*United States v. Fosher*, 590 F.2d 381, 383 (1st Cir. 1979) ................................................7

*United States v. Socony Vacuum Oil Co.,*310 U.S. 150, 239, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940) ......2

*United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980)......................................................2

*Workman v. Cleveland-Cliffs Iron Co.*, N.D.Ohio 1975, 68 F.R.D. 562......................................10

## Federal Statutes

Fed. R. Evid. 804(b) .........................................................................................10

Fed. R. Evid. 401 ..........................................................................................1, 3

## State Statutes

CPLR §4519.............................................................................................9, 10

Sofiya Doria, as Administrator of the Estate of Mohamed Doria ("The Estate Defendant"), respectfully submits this Memorandum of Law in Support of her Motion *in Limine*.

I.   EVIDENCE AND ARGUMENT CONCERNING THE ESTATE DEFENDANT'S ASSETS AND THE ADMINISTRATION OF THE ESTATE SHOULD BE EXCLUDED

The Plaintiffs have identified 13 documents as proposed trial exhibits that pertain solely to the assets of the estate, the estate's administration and/or the Surrogate's Court proceedings. Those documents are listed as P-65 through P-74 and P-7Ha6 through P-79. A copy of those documents is attached as Exhibit N to the Declaration of Joseph M. Heppt, sworn to on September 10, 2019 and submitted herewith (the "Heppt Declaration). All of these documents should be excluded from evidence on the grounds that whatever probative value they might have, which the Estate Defendant contends is nil, is wholly outweighed by the prejudicial effect they would have.

A.   The Estate Defendant's Wealth and Other Financial Circumstances Are Irrelevant and Would Be Unfairly Prejudicial

Several of the documents proposed by the Plaintiffs as trial exhibits contain detailed information regarding the value of the estate's assets.  See P-73 through P-77 and P-79. Evidence is relevant only if it has a tendency to make a fact more or less probable, and that fact is of consequence in determining the action. Fed. R. Evid. 401.  Evidence of the Estate Defendant's finances would not provide a proper basis for a jury to decide any fact of consequence in this case.  Evidence of wealth generally is inadmissible in trials not involving punitive damages.  *See, e.*g., *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970); *Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633, 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010). Punitive damages are not available in an action under the FLSA or the NYLL. *See, Reich v. S.*

1

*New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (Liquidated damages under the FLSA "are considered compensatory rather than punitive in nature"). *See also*, *Hernandez v. Jrpac Inc.*, 2016 WL 3248493 (S.D.N.Y. 2016) (holding the 2011 amendments to the NYLL removed the requirement for a showing of "willfulness" for liquidated damages thereby clarifying that liquidated damages under the NYLL are compensatory and not punitive).

Moreover, any evidence or argument relating to the Estate Defendants' finances would open the door to class prejudice and thus would be unfairly prejudicial. Appeals to class prejudice "are improper and have no place in a courtroom." *United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980). Courts uniformly condemn appeals to juror prejudices through references to a defendant's wealth. *See id.* at 32-33; *Koufakis*, 425 F.3d at 902. Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument. *See United States v. Stahl,* 616 F.2d 30, 33 (2d Cir.1980); *Draper v. Airco, Inc.,* 580 F.2d 91, 95 (3d Cir.1978); *Eisenhauer v. Burger,* 431 F.2d 833, 837 (6th Cir.1970). In *United States v. Socony Vacuum Oil Co.,* 310 U.S. 150, 239, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940), the Supreme Court held appeals to class prejudice to be highly improper and urged trial courts to be alert to prevent such discourse.

Accordingly, courts routinely hold that "[a]ny probative value that evidence of the corporate Defendants' wealth, financial condition, and unrelated revenues may have during the liability phase of the trial is substantially outweighed by the danger of unfair prejudice that might result from jurors basing their conclusions on the relative wealth of the parties." *Loussier v. Universal Music Group, Inc.*, 2005 U.S. Dist. LEXIS 37545, at *7 (S.D.N.Y. July 14, 2005). Similarly, argument that invites jury sympathy by referring to a defendant entity's size or wealth is improper. *See, e.g., Garcia v. Sam Tanksley Trucking,*

*Inc.*, 708 F.2d 519, 522 (10th Cir. 1983); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757 (6th Cir. 1980); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978).

In conformity with these many clear precedents, this Court should exclude evidence and argument concerning the Estate Defendants' finances because they are irrelevant and could only result in unfair prejudice. *See* Fed. R. Evid. 401, 403.

B.   The Administration of the Estate Is Irrelevant and Would Be Unfairly Prejudicial

As noted above, evidence is relevant only if it has a tendency to make a fact more or less probable, and that fact is of consequence in determining the action. *See* Fed. R. Evid. 401. Documents and/or testimony regarding how the estate has been administered by Ms. Doria, or the proceedings in the Surrogate's Court, do not relate at all to the role that Mohamed Doria may have played in the discount stores. That role, if any, is the central fact of consequence in determining the action, i.e., whether Mohamed Doria was an "employer" for purposes of the FLSA or the NYLL. Furthermore, this evidence would necessarily involve a discussion of or reference to the estate's assets or the bond posted by the estate in the Surrogate's Court proceeding. These facts, as noted above, would be highly prejudicial and improper in this jury trial. Therefore, those proposed exhibits and testimony regarding the administration of the estate and/or the Surrogate's Court proceeding should be excluded pursuant to Rules 401 and 403.

Finally, it must be noted that the entire accounting proceeding, which was brought by Plaintiff Richardson in the Surrogate's Court, has been dismissed by the Surrogate. A copy of that Order is attached to the Heppt Declaration as Exhibit O.

II.    THE NEW YORK DEPARTMENT OF STATE DOCUMENTS REGARDING
       THE DEFENDANT ENTITIES MUST BE EXCLUDED BECAUSE THE
       DANGER OF UNDUE PREJUDICE OUTWEIGHS ANY PROBATIVE VALUE

Plaintiffs have listed as proposed trial exhibits a number of documents reflecting information filed with the New York State Department of State concerning various corporate entities.  The documents are listed by Plaintiffs as P-97 – P-113; P-116 – P-125; and P-130 – P-131. A copy of these documents is attached to the Heppt Declaration as Exhibit Q.[1]

Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Even assuming that the documents bear sufficient *indicia* of trustworthiness – which they do not – they should still be precluded under Rule 403 because their probative value is substantially outweighed by the danger of unfair prejudice. "

It is commonly understood that when forming a corporation in New York and filing those formation documents with the Department of State, any name can be listed as an executive of the corporation. In fact, New York Business Corporation Law § 104, which governs the filing of certificates with the Department of State, provides in relevant part:

> No certificate of authentication or conformity or other proof shall be required with respect to any verification, oath or acknowledgment of any instrument delivered to the department of state under this chapter, if such verification, oath or acknowledgment purports to have been made before a notary public, or person performing the equivalent function, of one of the states, or any subdivision thereof, of the United States or the District of Columbia. ... Without limiting the effect of section four hundred three of this chapter, filing and indexing by the department of state shall not be deemed a finding that a certificate conforms to law, nor shall it be deemed to constitute an approval by the department of state of the name of the corporation or the contents of the

---

[1] As of this writing, the Estate Defendant has not been able to locate or obtain copies of all of the documents that are the subject of this motion. A supplemental Declaration will be filed with those documents as soon as they are obtained.

certificate, nor shall it be deemed to prevent any person with appropriate standing from contesting the legality thereof in an appropriate forum.

NY BCL §104 (emphasis added). Thus, the use of the New York State Department of State documents at trial could confuse the jury by erroneously suggesting that the government agency confirmed the contents of the filings including the names of the executive officers of the company. A suggestion that is directly at odds with the statute – a distinction that would likely be beyond the jury's appreciation.

Ainul Haque, the non-party witness who actually prepared and filed the documents at issue, testified that the information contained in the filings was provided solely by Defendant Memon. He further testified that Mohamed Doria, whose widow denies that he was ever an officer of any of Mr. Memon's companies, never discussed with him any of the information to be filed with the DOS.

> Q With regard to the corporations or entities that you formed over the years with regard to the Discount stores, who, if anyone, provided you with information regarding the executives or officers of those corporations?
>
> A It was Mr. Iqbal Memon, Mike Memon.
>
> Q Did Mohamed Doria ever tell you that he was an executive officer of any of the corporations?
>
> A Iqbal Memon gave me the information.
>
> Q Did Mohamed Doria ever communicate with you regarding the formation of any of these corporations?
>
> A No.

Haque Testimony, 6/18/18 page 130-131. [2]

> Q When you filed any of the documents

---

[2] A copy of the deposition testimony of Ainul Haque quoted herein is attached to the Heppt Declaration as Exhibit P.

> regarding any of the Discount store entities with
> the Department of State, you filed those documents
> based on information that was provided to you by
> Mr. Memon; is that correct?
>
> A Yes.

Haque Testimony, 6/18/18 page 134.

Furthermore, Mr. Haque's testimony suggests that some of the filings contain fictitious

names. For example, when shown Plaintiffs' Exhibit 4, which included a listing of the

corporations, Mr. Haque seemed to admit that the list included "fictitious names:"

> Q And you don't know why there's more
> than fifty corporations listed on this?
>
> A  Some of them names I see here, they
> are, most of them, are fictitious name that you
> picked up.

Haque Testimony, 8/23/18, page 41. When asked about the NYS DOS filing for Q Minimart,

Mr. Haque was asked about the name Rokiya Moosajec, which is listed as an executive of the

company:

> Q  I'm saying, Rukiya and Musajee are
> two different people?
>
> A Yes.
>
> Q  Not one person with two names Rukiya
> Musajec?  Do you know anyone named Rukiya Musajec?
>
> A Yes.  No, I know Musajee.
>
> Q You don't know that because that
> would be a fictitious name?
>
>  A I know Musajee.

Haque Testimony, 6/18/18, page 70.

Simply stated, Mr. Haque's testimony raises serious doubts as to the probative value

of these proposed exhibits. Business Corporation Law § 104 quoted above makes it clear that

the "filing and indexing by the department of state shall not be deemed a finding that a certificate

conforms to law, <u>nor shall it be deemed to constitute an approval by the department of state of</u> the name of the corporation or <u>the contents of the certificate</u>." NY BCL §104.  Accordingly, the filings have little probative value. "To admit the reports under these circumstances would amount to admitting the opinion of an expert witness to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence." *Cook v. Hatch Associates,* 2007 WL 1267023 (WDNY 2007), at *8; *Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1309 (8th Cir. Mo. 1984) (recognizing that the dangers of prejudicing, confusing, misleading the jury and unduly delaying trial if an agency report is admitted are particularly present in a jury trial versus bench trial); *see also Paolitto v. John Brown E. & C., Inc.,* 151 F.3d 60, 65 (2d Cir. 1998) (affirming district court's exclusion of a state employment agency's determination of no probable cause); *Hall v. Western Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993) (affirming district court's decision to exclude a state agency report under Rule 403 where "all the evidentiary matter before the [state agency] could be presented to the jury" and thus the sole purpose would be "to suggest to the jury that it should reach the same conclusion" as the agency).

Because the proposed exhibits contain information that was filed with the New York State Department of State, those documents would undoubtedly be presented to the jury in "an aura of special reliability and trustworthiness" that is not commensurate with their actual reliability, and thus they must be precluded. *United States v. Fosher*, 590 F.2d 381, 383 (1st Cir. 1979). Moreover, a jury "may [be] influenced by the official character of [a] report [and] afford it greater weight than it [is] worth." *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th Cir. 1984). *See also, Guidi v. Inter-Continental Hotels Corp.*, 2003 WL 1907904 (S.D.N.Y. 2003) (excluding evidence of a foreign proceeding).

The Second Circuit has affirmed the exclusion of government reports under Rule 403 and 404(b) for this very reason, stating as follows:

> Even if the report was admissible, however, the district court did not abuse its discretion in holding, in the alternative, that the report should be excluded under Fed.R.Evid. 403 because the likelihood that it would confuse the jury and protract the proceedings outweighed its probative value. *United States v. Robinson*, 560 F.2d 507 (2 Cir. 1977), *cert. denied*, 435 U.S. 905, 55 L. Ed. 2d 496, 98 S. Ct. 1451 (1978). . . . . [A]s a so-called government report which in fact was incomplete and based largely on hearsay, the report would have been presented to the jury in "an aura of special reliability and t rustworthiness" which would not have been commensurate with its actual reliability. *United States v. Fosher*, 590 F.2d 381, 383 (1 Cir. 1979); *see United States v. Costello*, 221 F.2d 668, 674 (2 Cir. 1955), *aff'd*, 350 U.S. 359, 100 L. Ed. 397, 76 S. Ct. 406 (1956); Weinstein and Berger, 1 Weinstein's Evidence P 403(04) (1980).

*New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2d Cir. N.Y. 1981). Nor will a limiting instruction alleviate the unfair prejudice created by introduction of the  NYS DOS documents.  The prejudice, as discussed above, stems from the fact that the jury might feel compelled to rely upon the statements contained  in the DOS filings  instead of relying upon  their own independent judgment. *See, e.g., Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (precluding agency report on grounds of the danger of unfair prejudice because the jury will give undue weight to the agency's conclusions, and thus should be excluded under FRE 403.) No limiting instruction will cure the unfair prejudice created by these exhibits.

Accordingly, because the filings with the Department of State do not meet the requirements of Fed. R. Evid. 803(8)(B) and would be highly prejudicial to the Estate Defendant, they must be excluded under Rule 403.

III.   NEW YORK'S DEADMAN'S STATUTE AND/OR FEDERAL RULE OF
       EVIDENCE 804 PRECLUDE THE PLAINTIFFS FROM TESTIFYING ABOUT
       PERSONAL COMMUNICATIONS AND/OR TRANSACTIONS WITH THE
       DECEDENT MOHAMED DORIA CONCERNING HIS ALLEGED ROLE IN THE
       DEFENDANT COMPANIES

The fact that Mohamed Doria passed away prior to this action being brought presents

an important evidentiary issue concerning to what extent, if any, the Plaintiffs can introduce

evidence at trial regarding statements allegedly made by Mr. Doria concerning his role in the

discount stores.   As explained below, under both New York's "Dead Man's Statute" and

Federal Rule of Evidence 804(b), the Plaintiffs should be precluded from testifying about any

statements allegedly made by Mr. Doria that would impact on the issue of whether he was

an "employer" under the FLSA or NYLL.

A.     New York's Dead Man's Statute

The "Dead Man's Statute," CPLR §4519, prohibits a witness from testifying on his own

behalf concerning a personal transaction or communication between the witness and a

deceased person except where a protected person (i.e. the executor, administrator or person

deriving their interest from the decedent) is examined on his own behalf concerning that

transaction, or if the testimony of the deceased person is given into evidence concerning the

same transaction. *See* CPLR §4519; *See also Poslock et al., v. Teachers' Retirement Board of

Teachers' Retirement System et al.,* 88 N.Y.2d 146, 666 N.E.2d 528 (1996); see also *Miller et

al., v Lu-Whitney,* 61 A.D.3d 1043 (3rd Dep't 2009).

The Dead Man's Statute applies to the Plaintiffs in the case at bar. They are interested

parties who could seek to testify on their own behalf concerning personal transactions

and/or communications between themselves and the deceased Mohamed Doria. Specifically,

each Plaintiff should be precluded from testifying that he had any personal transaction or

communication with Mr. Doria concerning Mr. Doria's alleged ownership interest or alleged management responsibilities in the Defendant Companies.

Should this Court find that CPLR §4519 is inapplicable in this case, the hearsay testimony regarding transactions or communications with the deceased must be excluded under the Federal Rules of Evidence Rule 804.

### B.    Federal Rule of Evidence 804

The hearsay rule, Rule 802, is a rule of exclusion that makes an out-of-court statement generally inadmissible when the statement is  offered to prove the truth of its contents. Rule 804 establishes a number of exceptions to that rule of exclusion when the person whose testimony or statement is offered is "unavailable as a witness." Fed. R. Evid. 804(b) ("The following *are not excluded by the hearsay rule . . . .*") (emphasis added). Under Rule 804, "A declarant is considered to be unavailable as a witness if the declarant cannot be present or testify at the trial or hearing because of death …" Rule 804(a)(4).

Subd. (b)(3) of Rule 804 authorizes admission of hearsay evidence with respect to an unavailable declarant where the statement is against declarant's interest. This requires a more definite showing of declarant's awareness of the possibility of liability being imposed as a result of his statement than would be shown by the statement of a deceased witness who at time of the statement was not aware of fact that his statement might be make him liable in a subsequent lawsuit. *Workman v. Cleveland-Cliffs Iron Co.*, 68 F.R.D. 562 (N.D.Ohio 1975).

Here, Plaintiffs should be precluded from testifying about what Mr. Doria purportedly said regarding his alleged ownership interest or management responsibilities in the Defendant Companies. Such testimony indisputably is based upon hearsay for  which

no exclusion or exception applies. Furthermore, there can be no showing that Mr. Doria was aware at the time that any of the statements allegedly were made that such statements could subject him to liability in a subsequent lawsuit. Even though Mr. Doria had been sued in another action[3] for failure to pay minimum wages, none of the Plaintiffs here are alleging that Mr. Doria stated that he was not paying them minimum wages or overtime wages. Clearly, after the prior suit, Mr. Doria would have been on notice that such a statement could subject him to liability. It would be unreasonable, however, to expect a non-lawyer like Mr. Doria to appreciate the legal implications under the FLSA of more general statements made during a normal workday (assuming they were made at all).

Permitting inquiry into the truth of plaintiff's allegations of statements allegedly made by Mr. Doria would result in a mini-trial on each one of those allegations, which in turn would result in an inordinate amount of witness testimony on collateral matters. Under such circumstances, the Court is entitled to exclude evidence of limited relevance on the grounds that its marginal probative value is substantially outweighed by a danger of wasting time. *Munafo v. Metropolitan Transp.* 2003 WL 21799913 at \*49 (EDNY 2003); *Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 197-198 (D. Conn. 2009).

Finally, several plaintiffs have made statements to the effect that "everyone knew Mohamed was the big boss." General knowledge – the equivalent of saying "everybody knows" – may be sufficient for a conversation at a backyard barbecue, but it certainly does not meet the rigorous standards for competent evidence in a court of law. Accordingly, the Plaintiffs should be precluded from testifying about Mohamed Doria's role in the discount stores for which they lack any independent non-hearsay evidentiary

---

[3] That action Rodriguez, et al. v. Bergan Discount Inc., et al. was settled without any ruling on the merits.

support.

C.    Examples of the Hearsay Testimony at Issue

Each of the Plaintiffs that are expected to testify at trial have made various statements under oath during the course of this case as to alleged statements by or communications with the deceased Mohamed Doria concerning Mr. Doria's alleged role in the stores. Under the case law discussed above, Plaintiffs should be precluded from testifying at trial as to these alleged statements by or communications with Mr. Doria. Specific examples of the statements at issue are listed in the Heppt Declaration.

IV.    THE ESTATE DEFENDANT RESERVES HER RIGHT TO FILE
       SUPPLEMENTAL MOTIONS IN LIMINE

The Estate Defendant respectfully reserves her right to object to any *in limine* motions submitted by Plaintiffs and to file supplemental motions *in limine*. The Estate Defendant specifically reserves the right to make additional motions in limine directed at such exhibits. The Estate Defendant also reserves the right to object to evidence at trial whether or not such objection is raised by motion *in limine*.  In addition, the Estate Defendant reserves the right to supplement her trial witness and exhibit lists if necessary, in light of the Court's rulings on any motions in limine.

Each of the Plaintiffs that are expected to testify at trial have made various statements under oath during the course of this case as to alleged statements by or communications with the deceased Mohamed Doria concerning Mr. Doria's alleged role in the stores. Under the case law discussed above, Plaintiffs should be precluded from testifying at trial as to these alleged statements by or communications with Mr. Doria. Specific examples of the statements at issue are listed in the Heppt Declaration.

IV.     THE ESTATE DEFENDANT RESERVES HER RIGHT TO FILE
        SUPPLEMENTAL MOTIONS IN LIMINE

The Estate Defendant respectfully reserves her right to object to any *in limine* motions submitted by plaintiffs and to file supplemental motions *in limine*. The Estate Defendant specifically reserves the right to make additional motions in limine directed at such exhibits. The Estate Defendant also reserves the right to object to evidence at trial whether or not such objection is raised by motion *in limine*.  In addition, the Estate Defendant reserves the right to supplement her trial witness and exhibit lists if necessary, in light of the Court's rulings on any motions in limine.

<u>CONCLUSION</u>

For the reasons set forth above, the Estate Defendant respectfully submits that her motion *in limine* should be granted in its entirety, and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
        September 10, 2019

Joseph M. Heppt, Esq.
Bar Code: 511499
260 Madison Avenue, 8th Fl.
New York, New York 10016
(212) 973-0839

*Attorney for Defendant Sofiya Doria, as*
*Administrator of the Estate of*
*Mohamed Doria*