```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IN RE DORIA/MEMON DISCOUNT STORES            Case No. 14-cv-7990 (SN)
WAGE & HOUR LITIGATION

-----------------------------------------------------------X
```

**DECLARATION OF CHRISTOPHER MARLBOROUGH IN SUPPORT OF CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

CHRISTOPHER MARLBOROUGH, an attorney admitted to practice in the State of New York and the United States District Court for the Southern District of New York, hereby affirms under penalty of perjury that:

1. I am the Principal Attorney of the Marlborough Law Firm, P.C., Plaintiffs' Co-Lead Class Counsel in the above referenced action, along with the law firm of Slater Slater Schulman LLP.

2. I am familiar with the facts of this matter.

3. I submit this Declaration in support of the Class Representatives' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement.

4. In order to avoid the uncertainties of litigation and costs associated with the continued prosecution of this matter, the parties have entered into a Settlement Agreement and Release (the "Settlement Agreement"), attached hereto as Exhibit 1. The following Exhibits are annexed to the Settlement Agreement:

- Exhibit A: Class Member List;

- Exhibit B: Absent Class Members Notice;

- Exhibit C: FLSA Opt-In Plaintiff Notice;
- Exhibit D: Publication Notice;
- Exhibit E: Absent Class Member Proof of Claim Form;
- Exhibit F: Retaliation Release;
- Exhibit G: Estate Defendant Confession of Judgment; and
- Exhibit H: Defendant Memon Confession of Judgment.

5. Annexed hereto as Exhibit 2 is a [Proposed] Order Granting Class Representatives' Unopposed Motion for Preliminary Approval of Class and Collective Action.

6. The Class Representatives, Representative Plaintiffs who had prepared to testify at the trial, and numerous other Class Members that I have communicated with about the Settlement enthusiastically support the approval of the Settlement.

7. The basic terms of the Settlement Agreement were reached after extensive formal and informal fact and expert discovery, substantial motion practice, an unsuccessful attempt at mediation, and expedited settlement negotiations on the eve of trial.

8. The parties have jointly designated Angeion Group as the proposed Settlement Administrator. The Settlement Administrator has provided an initial estimate of their fees and costs of approximately $30,000.

9. The Settlement provides for payment to Class Members in one or two initial payments and a remainder payment. The second initial payment will only be necessary if there is a delay in payment after final approval of the Settlement relating to the Estate's ability to liquidate and/or encumber real property in the Estate.

10. The Remainder Payment to Class Members who cash settlement checks will

include any unclaimed funds and any remaining funds held in reserve.

11. The Settlement also provides for a second remainder payment to a *Cy Pres* Recipient. Class Counsel and the Settlement Administrator believe this will be in a *de minimus* amount. At the final approval hearing, Class Representatives intend to propose Make the Road New York, a New York City-based 501(C)(3) not-for-profit corporation promoting workplace justice and immigrant rights as the *Cy Pres* Recipient. Information concerning Make the Road's workplace justice initiatives are available at https://maketheroadny.org/issue/workplace-justice/.

12. The Settlement Agreement represents a significant recovery given the potential damages and the substantial risks that would present themselves if the case proceeds to trial. The risks for a full recovery for all class members are substantial.

13. First, while several of the Defendants have admitted liability, the Estate Defendant, which Plaintiffs believe will be paying the lion's share of the settlement funds, was prepared to offer at trial testimonial and other evidence that the decedent, Mohamed Doria was not an employer of any Class Members. The Estate Defendant planned to offer testimony from witnesses that a jury would likely find sympathetic, including the decedent's widow and one of his children. A successful defense on liability by the Estate defendants would foreclose any substantial recovery for the Class Members. Even if Class Representatives won a large verdict against the other Defendants, those Defendants would likely be unable to pay an eight-figure judgment.

14. Second, the post-trial damages inquest procedures proposed in the case posed a substantial challenge to recovery for Absent Class Members. The Court had indicated that following a trial of the Representative Plaintiffs and a separate trial on the

retaliation claims, Class Members would be required to prove up their damages on an individual basis through a series of inquests. Absent Class Members represent more than half of the Class Members in this lawsuit. Class Representatives believe that many, if not most of the Absent Class Members would be too fearful of retaliation to participate in the inquest process, jeopardizing their ability to recover any damages at all. For these Absent Class Members, their fear of retaliation is not unfounded. The Court has granted two motions for sanctions against certain Defendants in connection with multiple acts of retaliation in this case. Moreover, Class Counsel has compiled a list of more than one hundred acts of retaliation in connection with the assertion of wage and hour claims by Class Members in this case.

15. Before reaching the Settlement, Class Counsel conducted an investigation of Defendants' business practices, including consulting with sixty-three FLSA Opt-In Plaintiffs, participating in exhaustive discovery by reviewing essential documents related to the claims, and more than three dozen depositions of Plaintiffs, Defendants and third-party witnesses. Class Counsel also reviewed the Estate Defendants' financial assets through an Accounting proceeding in the Surrogate's Court.

16. Class Counsel retained a statistical expert to provide an assessment of potential damages in the case. The expert estimated damages for Class Members' minimum wage, overtime, spread of hours, Wage Theft Prevention Act and liquidated damages in the amount of approximately $16,000,000.

17. In sum, given the attendant risks of litigation, even though recovery could potentially be greater for some Class Members if Class Representatives succeeded on all of their claims under the FLSA and the NYLL at trial and survived an appeal, this

settlement provides substantial monetary recovery to class members without the risk of a jury trial.

18. Under the circumstances, Class Counsel believes the Settlement Agreement is fair and reasonable.

WHEREFORE, for the reasons set forth above and those in the accompanying memorandum of law, Class Representatives respectfully request that the Court preliminarily approve the settlement reached by the parties, along with such further relief as this Court deems necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Christopher Marlborough*
_____
CHRISTOPHER MARLBOROUGH

Dated: March 27, 2020
          Melville, New York