# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    Case No. 14-cv-7990
IN RE DORIA/MEMON DISCOUNT STORES    (SN)
WAGE & HOUR LITIGATION
-------------------------------------------------------------X

## STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

This Stipulation of Settlement and Release Agreement (the "Agreement") is entered into by and between Court appointed Class Representatives Keletso Tebogo, Ronald Agyemang, David Richardson, Angel Cartagena, Maria Sumano, and Olugbenga Opesanwo (collectively, the "Class Representatives") and their counsel, The Marlborough Law Firm, P.C. and Slater Slater Schulman LLP (collectively referred to as "Class Counsel") on behalf of themselves individually and the Class Members on the one hand, and the Individual Defendants and Corporate Defendants on the other hand. The Individual Defendants include Sofiya Doria, as Administrator of the Estate of the Mohamed Doria ("Administrator"), Iqbal Memon a/k/a Michael Memon, Gulam Doria, Usman Doria, Sikander Doria, Salim Doria, Musajee Vawda ("Individual Defendants"). The Corporate Defendants are Jackie Variety, Inc., Moonlite Discount, Inc., 167 Primo Trading, Inc., Popular Discount, Inc., 675 Morris Discount, Inc., Unique Discount, Inc., New Star Discount, Inc., Terminal Discount Inc., Best Discount, Inc., Willis Discount, Inc., WP Rainbow, Inc., 167 Trading, Inc., T.A. Rainbow, Inc., Clear Choice, Inc., Todo Barato, Inc., Bridge Discount, Inc., Daisy Cosmetics, Inc., 99 Cents Amor, Inc., W.A. Rainbow, Inc., University Discount, Inc., Q Mini Mart, Inc., Community Discount, Inc. and Neighborhood Discount ("Corporate Defendants," collectively with the Individual Defendants, "Defendants").

## RECITALS AND BACKGROUND

*The Instant Action*

WHEREAS, on October 3, 2014, several plaintiffs including Class Representative David Richardson filed a Complaint in this Action (the "Action") against several of the Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York's State Labor Laws ("NYLL") claiming that Defendants failed to pay minimum wage, overtime wages, and spread of hours premium pay to workers at a chain of Discount Stores in the Bronx and Queens (the "Discount Stores"). The initial Complaint also asserted claims for violations of the wage statement requirements of the Wage Theft Prevention Act (NYLL § 195); and

WHEREAS, on September 23, 2015, the Court issued an order certifying this action as a collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective is currently comprised of 63 opt-in Plaintiffs ("FLSA Opt-in Plaintiffs") who filed consents to join the action as plaintiffs and worked the Discount Stores; and

WHEREAS, on September 30, 2015, the Court held an evidentiary hearing on two contempt motions against Defendants Iqbal Memon and Gulam Doria; and

WHEREAS, on December 11, 2015, Plaintiffs filed an amended complaint against Defendants named in this Agreement and asserting classwide claims for violation of the notification of pay rate provisions of the Wage Theft Prevention Act and individual claims for violation of the anti-retaliation provisions of the FLSA and the NYLL on behalf of certain FLSA Opt-in Plaintiffs; and

WHEREAS, on January 21, 2016, the Hon. Judge Robert W. Sweet (D.J., deceased) issued a contempt Order against Defendants Iqbal Memon and Gulam Doria relating to certain acts of retaliation against several Plaintiffs for their participation in the lawsuit. On December 5, 2016, the Hon. Magistrate Judge Sarah Netburn issued an Order identifying several then current employee FLSA Opt-in Plaintiffs as "retaliation plaintiffs" as it relates to Judge's Sweet's earlier contempt Order (These FLSA Opt-in Plaintiffs, along with the FLSA Opt-in Plaintiffs asserting claims for retaliation in the Amended Complaint are hereafter referred to as "Retaliation Plaintiffs").

WHEREAS, on October 10, 2017, the Court issued an order certifying a Class of Discount Store Workers with respect to Plaintiffs' New York State Law claims pursuant to Federal Rules of Civil Procedure Rule 23.  The Certified Class was defined as "all non-exempt workers who worked at Defendants' Discount Stores at any time from October 4, 2008 to [January 10, 2017 excluding] Defendants and members of their immediate families." Thereafter notice was issued to the class based on limited contact information produced by Defendants and additional information produced by the Class Representatives. Upon notice to the Class, sixteen Class Members opted out of the Class. Excluding these opt-outs, the class is comprised of 133 members, including 63 FLSA Opt-in Plaintiffs and 70 Absent Class Members.

*The Surrogate's Court Proceedings*

WHEREAS on October 2, 2014, Sofiya Doria was appointed Administrator of the Estate of Mohamed Doria, by the Queens County Surrogate and required to post a bond in the amount of $1,296,235. Plaintiffs alleged that Mohamed Doria was a joint employer of the Class Members until the time of his death on August 18, 2014; and

WHEREAS, on May 6, 2015, Plaintiff David Richardson filed a classwide claim with the Estate for the claims in this action to preserve the rights of the Class. Class Representative Richardson subsequently filed an amended classwide claim upon his appointment as a Class Representative in this Action; and

WHEREAS, on December 12, 2015, Plaintiff David Richardson on behalf of himself and others similarly situated filed a petition for the removal of Sofiya Doria as Administrator for, among other reasons, failure to file an accounting of her actions as Administrator.  The Surrogate suspended the Administrator pending her posting of an additional $10 million bond to secure the assets of the Estate; and

WHEREAS, on or about April 12, 2016, the Administrator filed her accounting with the Surrogate for the period beginning at the time of Mohamed Doria's death and ending January 31, 2016. Thereafter, on or about April 9, 2017, July 17, 2017, and October 31, 2018, the Administrator filed her First, Second and Third Amended Accountings covering the same accounting period; and

WHEREAS, on or about May 10, 2019, Class Representative Richardson filed objections to the Administrator's Third Amended Accounting. The Administrator subsequently filed a motion to dismiss the objections and Defendants filed a motion to reserve the funds of the Estate to cover the classwide claim.

WHEREAS, on August 1, 2019, the Surrogate dismissed the accounting as stale, directed the Administrator not to transfer or otherwise encumber any estate assets without further order of the Surrogate's Court and directed the Administrator to file an updated accounting within thirty days after the trial of the instant Action. This Order from the bench was memorialized in a written Order dated December 4, 2019.

*The Fraudulent Conveyance Action*

WHEREAS, on September 10, 2018, on behalf of himself and the Class, Class Representative Keletso Tebogo filed a prospective Class Action Complaint in the State Supreme Court, Bronx County, against Defendant Memon, Siraj Bhaiyat (one of Mohamed Doria's brothers-in-law who is not a Defendant in the instant Action), their accountant Ainul Haque and his accounting company, concerning the alleged fraudulent conveyance of corporate assets a few days after the hearing on a contempt motion against Defendant Memon in the instant Action (the "Fraudulent Conveyance Action"). The proposed class definition in the Fraudulent Conveyance Action is the same as that certified in the instant Action; and

WHEREAS, on September 28, 2019, Class Representative Keletso Tebogo filed a motion for class certification in the Fraudulent Conveyance Action, which has been fully briefed and is pending before the Supreme Court; and

WHEREAS, the Parties have engaged in extensive formal and informal discovery during the course of the instant Action and the Surrogate's Court proceedings, including dozens of plaintiff and defendant depositions and multiple examinations of the Administrator. The Parties have also exchanged thousands of pages of documents. Moreover, Plaintiffs obtained information during the course of the litigation of the financial status of the Estate through the Accounting proceedings; and

WHEREAS, the Parties have engaged in numerous and protracted formal and informal settlement negotiations to arrive at the settlement described herein; and

WHEREAS, Defendants have denied and continue to deny all of the allegations made by Plaintiffs and Class Representatives in the Action and have denied and continue to deny that they are liable or owe unpaid wages or damages to anyone with respect to the alleged facts or causes of action asserted in the Action; and

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                                      3

WHEREAS, Defendants, without admitting or conceding any liability or admitting or agreeing that they owe any money to anyone whatsoever, have agreed to settle the Action on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Action; and

WHEREAS, the purpose of this Agreement is to fully and completely settle: 1) all state law wage claims (whether pursuant to statute, regulation and/or case law) during the Class Period, between Defendants and any Participating Class Member who does not file a Settlement Opt-Out Statement; 2) all FLSA wage claims during the Class Period for Authorized Claimants; 3) all retaliation claims asserted by the Retaliation Plaintiffs who do not file a Settlement Opt-Out Statement; 4) all fraudulent conveyance claims that were or could have been asserted against Defendant Memon or the Estate Defendant in the Fraudulent Conveyance Action proceeding under index number 29814/2018E; and 5) all claims asserted by David Richardson, individually or on behalf of the Class, in the Surrogate's Court Proceedings relating to the Estate of Mohamed Doria, in order to avoid the burden, expense, and uncertainty of continuing the claims against Defendants.

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on the Class Members and based upon their analysis and evaluation of a number of factors, and recognizing the risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel and the Class Representatives are satisfied that the terms and conditions of this Agreement are within the range of fairness, reasonableness and adequacy as it relates to the Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Action on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1** **Absent Class Members**. "Absent Class Members" are those Class Members who are not also FLSA Opt-in Plaintiffs.

**1.2** **Absent Class Member Notice**. "Absent Class Member Notice" shall mean the Notice of Proposed Settlement of the FLSA Collective Action and Class Action Lawsuit to Absent Class Members (annexed hereto as Exhibit B).

**1.3** **The Action**. "The Action" shall mean the lawsuit pending in the Southern District of New York, styled *In re Doria/Memon Discount Stores Wage and Hour Litigation,* under Docket Number 14-cv-7990 (SN).

1.4    **Agreement.** "Agreement" shall mean this Stipulation of Settlement and Release Agreement.

1.5    **Authorized Claimant.** "Authorized Claimant" shall mean all Class Members who submit completed W-4 and W-9 forms on or before the IRS Tax Form Submission Deadline or any extension thereto authorized by this Agreement who are either: (i) an FLSA Opt-in Plaintiff who does not timely opt-out of this Settlement by withdrawing his or her Consent to Sue form; or (ii) an Absent Class Member who timely files a Proof of Claim Form pursuant to the terms of this Agreement.

1.6    **Class or Class Member(s).** "Class" or "Class Members" shall mean members of the Class certified by this Court on January 10, 2017, who have not opted out the Action whose name is listed on the Class Member List annexed hereto as Exhibit A. The Class as certified by Judge Sweet was defined as "all non-exempt workers who worked at Defendants' Discount Stores at any time from October 4, 2008 to [January 10, 2017 [excluding] Defendants and members of their immediate families"

1.7    **Class Counsel or Plaintiffs' Counsel.** "Class Counsel" or "Plaintiffs' Counsel" shall mean The Marlborough Law Firm, P.C., 445 Broad Hollow Road, Suite 400, Melville, New York 11747 and Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, New York, New York 10022.

1.8    **Class Member List.** "Class Member List" shall mean the list of all potential claimants, identified by the list of Class Members and individuals opting out of the Class annexed hereto as Exhibit A.  Within ten days of the execution of this Agreement Defendants shall certify that they have the provided all contact information concerning the Absent Class members including the: (i) name; (ii) last known address; (iii) telephone number; and or (e-mail address) for each Absent Class Member identified on Exhibit A, to the extent that information is available to them.

1.9    **Class Representatives.** "Class Representatives" shall mean Keletso Tebogo, David Richardson, Angel Cartagena, Olugbenga Opsanwo, Maria Sumano, and Ronald Agyemang.

1.10    **Costs and Fees.** "Costs and Fees" shall mean Class Counsel's attorneys' fees, costs and expenses.

1.11    **Court.** "Court" shall mean the United States District Court for the Southern District of New York.

1.12    **Class Period.** "Class Period" shall mean the period from October 4, 2008 through January 10, 2017, inclusive.

1.13    **Cy Pres Recipient.** "Cy Pres Recipient" shall mean the IRC 501(c)(3) not-for-profit organization authorized by the Court to receive the amounts remaining in the Settlement Fund after all other payments have been made pursuant to this Agreement.

1.14    **Days.** "Days" shall mean calendar days.

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                                          5

**1.15**   **Defendants**. "Defendants" shall mean the Individual Defendants and the Corporate Defendants. The Individual Defendants include Sofiya Doria, as Administrator of the Estate of the Mohamed Doria, Iqbal Memon a/k/a Michael Memon, Gulam Doria, Sikander Doria, Usman Doria, Salim Doria, and Musajee Vawda. The Corporate Defendants include Jackie Variety, Inc, Moonlite Discount, Inc., 167 Primo Trading, Inc., Popular Discount, Inc., 675 Morris Discount, Inc., Unique Discount, Inc., New Star Discount, Inc., Terminal Discount Inc., Best Discount, Inc., Willis Discount, Inc., WP Rainbow, Inc., 167 Trading, Inc., T.A. Rainbow, Inc., Clear Choice, Inc., Todo Barato, Inc., Bridge Discount, Inc., Daisy Cosmetics, Inc., 99 Cents Amor, Inc., W.A. Rainbow, Inc., University Discount, Inc., Q Mini Mart, Inc., Community Discount, Inc. and Neighborhood Discount.

**1.16**   **Defendants' Counsel.** "Defendants' Counsel" shall mean: 1) Shawn A. Turck, Esq. of Turck Law P.C. for Defendant Memon and the Corporate Defendants; 2) Joseph M. Heppt, Esq. of the Heppt Law Office, PLLC for Defendant Sofiya Doria as Administrator of the Estate of Mohamed Doria; and 3) Kevin J. Costello, Esq. for Defendants Gulam Doria, Usman Doria, Salim Doria, Sikander Doria, and Musajee Vawda.

**1.17**   **Effective; Effective Date.** "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the latest date that the following occurred:

(A)   the Court has entered Judgment and ruled on the motions for Service Awards pursuant to Section 3.2(B) and for attorneys' fees and reasonable costs pursuant to Section 3.2(C) of this Agreement; and

(B)   the Judgment and the rulings on such motions have become Final. "Final" means the later of:

(1)   Thirty-one (31) days after the Court enters Judgment if no reconsideration or rehearing or appeal is sought;

(2)   If rehearing or reconsideration is sought, after any and all avenues of rehearing or reconsideration have been exhausted and no further rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Judgment and rulings on Service Awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

(3)   If a Notice of Appeal is filed, the latest of the following, if applicable, has occurred: (i) any appeal from the Final Order has been finally dismissed; (ii) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (iii) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (iv) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

**1.18**   **Estate Defendant.** "Estate Defendant" shall mean the Estate of Mohamed Doria by Sofiya Doria as Administrator.

**1.19**   **Event of Default.** "Event of Default" shall mean any event set forth in Section 3.4 of this Agreement.

**1.20**   **Fairness Hearing.** "Fairness Hearing" shall mean the hearing held before the Court, relating to the Motion for Final Approval.

**1.21**   **Fee Award.** "Fee Award" shall mean the Court-approved attorneys' fees, costs and expenses as described in Section 3.2(C) of this Agreement.

**1.22**   **Final Order.** "Final Order" shall mean the Order entered by the Court after the Fairness Hearing  or the Motion for Final Approval, approving the terms and conditions of this Agreement, including the distribution of the settlement payments, Service Awards, the approval of Attorneys' Fees, expenses and costs, and dismissal of this Action.

**1.23**   **FLSA Opt-in Plaintiffs.** "FLSA Opt-in Plaintiffs" shall mean all Class Members who submitted consent to join forms in this Action and did not thereafter opt-out of the Action or lose their opt-in status by Order of the Court.

**1.24**   **FLSA Opt-in Plaintiff Notice.** FLSA Opt-in Plaintiff Notice shall mean the Court-approved Notice of Proposed Settlement of the FLSA Collective Action and Class Action Lawsuit to FLSA Opt-in Plaintiffs (annexed hereto as Exhibit C).

**1.25**   **Fraudulent Conveyance Action.** "Fraudulent Conveyance Action" shall mean the action filed in and currently pending in New York Supreme Court, Bronx County, under index number 29814/2018E.

**1.26**   **Implementing Order.**   "Implementing Order" shall mean the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement; (ii) authorizing the form and manner of notice of the settlement to the Class; (iii) setting the dates and deadline for effectuating the settlement, including the Opt-Out/Objection Bar Date, date of the mailing of the Notice of Settlement and the date for the Fairness Hearing.

**1.27**   **IRS Tax Form Submission Deadline.** The IRS Tax Form Submission Deadline shall be one hundred eighty (180) days from the Claims Bar Date. The Settlement Administrator shall have discretion to extend this deadline for good cause shown for any Class Member who applied for a tax identification number prior to the Claims Bar Date, but has not been assigned a tax identification number.

**1.28**   **Net Settlement Amount.** "Net Settlement Amount" means the aggregate amount to be paid to all Authorized Claimants inclusive of the employers' share of withholding taxes, Costs and Fees, and the Reserve Amount.

**1.29**   **Notices of Settlement.** "Notices of Settlement" or the "Notices", shall mean the Court-approved Absent Class Member Notice (annexed hereto as Exhibit B) and the FLSA Opt-

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    7

In Plaintiff Notice (annexed hereto as Exhibit C), Notice of Proposed Settlement of the FLSA Collective Action and Class Action Lawsuit to Absent Class Members and Publication Notice (annexed hereto as Exhibit D) or as otherwise approved by the Court.

1.30   **Objector.** "Objector" shall mean an individual, including any FLSA Opt-in Plaintiff, who properly and timely files an objection to the proposed settlement and does not opt out of the Settlement as described in Section 2.6, below.

1.31   **Opt-Out/Objection Bar Date.** "Opt-Out/Objection Bar Date" shall mean the last date for a Class Member to perform one of the following acts as further defined in this Agreement: (i) file an Opt-Out Statement, or (ii) file timely written objections to the proposed settlement. The Statements shall be postmarked no later than sixty (60) days after the initial mailing of Notices of Settlement.

1.32   **Opt-Out Statement.** "Opt-Out Statement" shall mean the statement that Class Members must timely submit to the Settlement Administrator in order to opt-out of the Settlement.

1.33   **Participating Class Members**. "Participating Class Members" shall mean all Class Members other than those Class Members who submit valid opt-out Statements in accordance with the procedures set forth below.

1.34   **Parties**. "Parties" shall mean Defendants, Class Representatives, FLSA Opt-in Plaintiffs, and Participating Class Members.

1.35   **Proof of Claim Forms**. "Proof of Claim Forms" shall mean the forms issued to absent class members in the form annexed hereto as Exhibit E or as otherwise authorized by the Court.

1.36   **Qualified Settlement Fund or QSF**. "Qualified Settlement Fund" or "QSF" shall mean the account established by the Settlement Administrator for the Settlement Amount paid by Defendants. The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's Implementing Order and Final Approval Order. Interest earned on the QSF will become part of the Net Settlement Fund.  Absent an Event of Default, the total amount of money in the QSF to be funded by Defendants shall not exceed $11,000,000.00.

1.37   **Released FLSA Claims.** "Released FLSA Claims" shall mean the wage-related federal claims released pursuant Section 4.1(B) of this Agreement.

1.38   **Released State Law Claims.** "Released State Law Claims" shall mean the wage-related claims under New York State Law released pursuant Section 4.1(A) of this Agreement.

1.39   **Released Retaliation Claims.** "Released Retaliation Claims" shall mean the FLSA and New York Labor Law retaliation claims released by Retaliation Plaintiffs, defined herein.

1.40   **Releasees.**  "Releasees" shall mean the Estate of Mohamed Doria, Iqbal Memon a/k/a Michael Memon, Gulam Doria, Sikander Doria, Usman Doria, Salim Doria, and Musajee Vawda, their respective trusts, estates, heirs, executors, administrators, spouses,

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    8

attorneys, successors, and assigns, along with Jackie Variety, Inc., Moonlite Discount, Inc., 167 Primo Trading, Inc., Popular Discount, Inc., 675 Morris Discount, Inc., Unique Discount, Inc., New Star Discount, Inc., Terminal Discount, Inc., Best Discount, Inc., Jackie Enterprises, Inc., Tipu Trading, Inc., Classic Discount, Inc., Bary Discount, Inc., Bargain Buy, Inc., Bergan Discount, Inc., Willis Discount, Inc.,  WP Rainbow, Inc., 167 Trading, Inc., 3072 W.P. Discount, Inc., 99 Cents Wholesellers, Inc., B&S Trading, Inc., T.A. Rainbow, Inc., Clear Choice, Inc., 21st Century Varieties, Inc., Community Dollar, Inc., Rosy Discounts, Inc., Home Decore, Inc., Happy Dollar Discount, Inc., Roop Discount, Inc., Bx Good Luck, Inc., Todo Barato Discount, Inc., Muy Barato Discounts, Inc., Dynamic Discount, Inc., Bridge Discount, Inc., Kingsbridge Varieties Discount, Inc., Daisy Cosmetics, Inc., 99 Cents Amor, Inc., W.A. Rainbow, Inc., Alif Discount., Inc., Great Variety, Inc., Model Variety Stores, Inc., University Discount, Inc., Ruby Discount, Inc., M&Z Enterprises, Inc., 1101 Discount and Variety Stores, Inc., Sunny, Discount, Inc., Q Mini Mart, Inc., Hi-Tower Discount, Inc., Hi-Hope Trading, Inc., and 561 Amor, Inc., Community Discount, Inc. and Neighborhood Discount, together with each of their respective owners, managers, officers, directors, shareholders, attorneys, predecessors, successors and assigns.

**1.41    Representative Plaintiffs.** "Representative Plaintiffs" shall mean the following individuals designated to testify at a scheduled trial of the action, who are not also Class Representatives: 1) Sergio Recinos; 2) Abdur Rahim; 3) James Osei Owusu; 4) Israel Uduaghan; and 5) Alioune Diagne.

**1.42    Reserve Amount.** "Reserve Amount" shall mean the Twenty-Five Thousand Dollars ($25,000) of the QSF that shall be reserved pursuant to Section 3.2 for errors or omissions that may occur during the administration of this settlement.

**1.43    Retaliation Plaintiffs.** "Retaliation Plaintiffs" shall mean the following individuals identified in the Complaint as Retaliation Plaintiffs and/or those Plaintiffs identified in Judge Netburn's Order dated December 5, 2016 (Docket Entry 261): 1) Francisco Jimenez; 2) Miguel Rosendo; 3) Santiago Pelma; 4) Marcelin Auguste; 5) Yolanda Nieves; 6) Sonia Espinosa; 7) Adrian Batana; 8) Lino Bueno; 9) Sergio Recinos; 10) Hector Rosado; 11) Ronald Agyemang; 12) David Richardson; 13) Elietzer Pierre-Louis; 14) Josue-Pierre Louis; 15) Daniel Rodriguez; 16) Roberto Rodriguez; 17) Carlos Laguna; 18) Mamadou Diallo; 19) Keletso Tebogo; 20) Joseph Kofie; and 21) Israel Uduaghan.

**1.44    Settlement Administrator.** "Settlement Administrator" shall mean Angeion Group, a qualified entity to provide notice to Class Members and to administer the distribution of the settlement funds.

**1.45    Settlement Checks.** "Settlement Checks" shall mean the checks issued to Class Members from the Qualified Settlement Fund as calculated by the Settlement Administrator in accordance with this Agreement.

**1.46    Surrogate's Court Proceedings.** "Surrogate's Court Proceedings" shall mean the proceedings filed with and currently pending in the Queens County Surrogate's Court under index numbers 2014/4206/D and 2014-4206/A, B, C.

## 2.    SETTLEMENT PROCEDURES

**2.1    Preliminary Approval Motion.**

On or before March 27, 2020, Class Counsel shall file a Motion for Preliminary Settlement Approval ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Class Counsel will submit to the Court: (i) the proposed Notices of Settlement; (ii) the proposed Proof of Claim Form; (ii) the proposed Implementing Order; (iv) an executed version of this Agreement; and (v) the necessary documents, memorandum, affidavits and exhibits for the purposes of seeking preliminarily approval of the settlement. Defendants will be given two (2) days to provide approval of the terms, form, and content of the proposed Notices of Settlement, Proof of Claim Form, and Implementing Order before those documents are filed with the Court. Defendants may review the terms of the proposed Orders to ensure they are consistent with this Agreement. The Preliminary Approval Motion will also seek the setting of a date for individuals to submit Opt-Out Statements or written objections to the settlement, and the scheduling of a Fairness Hearing on the earliest practicable date.

(A)    In the Preliminary Approval Motion, Class Counsel shall inform the Court of the intended process to obtain a "Final Order" in accordance with the Court-approved schedule, so that at the Fairness Hearing, the Court may, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Releases, as described herein; (3) dismiss the Action with prejudice, while reserving jurisdiction over the enforcement of the Settlement Agreement; (4) award costs, expenses, Class Counsel's attorneys' fees and any service awards; and (5) authorize distribution and payment to Authorized Claimants.

(B)    Plaintiffs will file the Preliminary Approval Motion as "unopposed." Defendants agree not to oppose such application so long as it is consistent with the terms and conditions of this Agreement.

**2.2    Retention of the Settlement Administrator and Responsibilities of the Settlement Administrator, Defendants and Class Counsel.**

(A)    The Settlement Administrator shall be paid out of the Qualified Settlement Fund and shall be responsible for:

1.    preparing, printing and disseminating the Notices of Settlement and Proof of Claim Forms to the Class in accordance with the Implementing Order;

2.    copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party;

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    10

3.   receiving, reviewing and promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections or other written or electronic communications from Class Members which the Settlement Administrator receives;

4.   receiving, reviewing and promptly furnishing to counsel for the Parties copies of any Proof of Claim forms;

5.   vetting any suspicious claims for potential fraud based on criteria derived from Counsel for the Parties and in consultation with the Class Representatives, including collecting photographic evidence, and responses to workplace questionnaires, and reporting of any documentary evidence in connection with any arbitration proceedings concerning potentially fraudulent claims;

6.   filing with the Court any Opt-out Statements or written objections;

7.   issuing IRS W-4 and W-9 forms to FLSA Opt-in Plaintiffs and those Absent Class Members and processing the completed IRS tax forms;

8.   keeping track of Opt-out Statements including maintaining the original mailing envelope in which the request was mailed;

9.   ascertaining current address and addressee information for each Notice of Settlement, IRS W-4 and W-9 form and Settlement Check returned as undeliverable and the mailing of Notices, and Settlement Checks;

10.   responding to inquiries of Class Members regarding procedures for filing objections, and Opt-out Statements;

11.   referring to Plaintiffs' Counsel all inquiries by the Class regarding matters not within the Settlement Administrator's duties specified herein;

12.   responding to inquiries from Class Counsel and Defendants' Counsel consistent with the Settlement Administrator's duties specified herein;

13.   promptly apprising Class Counsel and Defendants' Counsel of the activities of the Settlement Administrator;

14.   maintaining adequate records of its activities, including the dates of the mailing of Notices and receipt of Opt-Out Statements, returned mail and other communications and attempted written or electronic communications with the Class;

15.   preparing drafting and mailing IRS W-4 and W-9 forms, Settlement Checks, and Service Awards as applicable to Authorized Claimants;

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    11

16.     providing Defendants' counsel with timely written notice of instructions as to where to make payment to the Settlement Fund;

17.     following distribution of the Settlement proceeds, providing an accounting to Class Counsel and Defendants' Counsel as to how the proceeds were distributed and whether the checks were cashed/deposited by the Class Members; and

18.     such other tasks upon which the Parties mutually agree.

(B)     In addition, on a rolling basis throughout the claims period, and no later than fifteen (15) days prior to the Fairness Hearing, the Settlement Administrator shall certify to Class Counsel and to Defendants' Counsel in electronic format: (i) a list of all Absent Class Members who submit Proof of Claim Forms; (iii) a list of all Class Members who opt-out of the settlement at any time during the opt-out period; (iv) a list of all claims determined to be fraudulent and the status of any objections to that determination; and (v) a listing of the Settlement Administrator's fees, costs, and expenses. The Settlement Administrator shall also provide Class Counsel with an updated address list for the Class Members. Throughout the period of settlement administration, the Settlement Administrator will provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notices of Settlement, and any other aspect of the Settlement administration process.

(C)     Defendants' Counsel shall be responsible for: (i) promptly and simultaneously copying Class Counsel and the Settlement Administrator on material correspondence; (ii) reasonably cooperating with the Settlement Administrator; (iii) providing reasonably available data to assist the Settlement Administrator in locating Class Members; (iv) providing additional documents and information as reasonably requested by Class Counsel or the Settlement Administrator in connection with the approval and/or administration of the Settlement, to the extent such documents and/or information are in Defendants' possession, and (v) providing other reasonably available information related to the administration of the Settlement.

(D)     The Parties will have equal access to the Settlement Administrator. Class Counsel and Defendants agree to use their best efforts to cooperate with the Settlement Administrator and provide reasonable assistance in administering the Settlement.

**2.3    Notice to Class Members and Claims Process.**

(A)     **Mailing of Notice.** Separate Notices shall be issued to the FLSA Opt-in Plaintiffs and Absent Class Members. The Notices shall be sent in English, Spanish and French translations and shall inform Class Members about this Settlement and shall also advise them of the opportunity to object to, or opt-out of the Settlement pursuant to this Agreement, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Implementing Order by the Court, the

Settlement Administrator shall mail to all Class Members for whom they have address information, the Court–approved Notices of Settlement via First Class United States mail. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Member for whom a Notice is returned by the post office as undeliverable, including a skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address. The Settlement Administrator shall notify Class Counsel and Defendants' Counsel of any Notice of Settlement sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice of Settlement returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

(B) **Publication Notice.** Within ten (10) days after the entry of the Implementing Order, Class Counsel, through the Claims Administrator, will cause a Summary Notice, substantially in a form attached hereto as Exhibit "D" to be published on the internet as a press release on BusinessWire.com for the duration of the claims period. The summary Publication Notice will include links to the English, French and Spanish translations of the Absent Class Member Notice and will highlight the terms of the proposed Settlement and provide instructions for obtaining the complete Settlement Agreement and/or Proof of Claim Form, and how to file a Request for Exclusion from the Class or Object to the Settlement.

(C) **Opt-Out/Objection Bar Date.** Class Members shall have sixty (60) days from the initial mailing to submit an Opt-Out Statement or written objections to the Settlement. Opt-Out Statements and written objections submitted without a postmark must be received by the Settlement Administrator on or before the Opt-Out/Objection Bar Date.

To the extent that the envelope, fax or email does not contain a postmark or sending date, the date that the Settlement Administrator stamps the envelope, written objection or Opt-Out Statement 'received' shall apply.

An additional fifteen (15) days will be given for individuals that can demonstrate good cause shown including not receiving notice, military service, hospitalization, or other circumstances. Good cause will be determined by the Settlement Administrator acting in good faith.

(D) **Skip Trace.** To the extent that a Notice of Settlement is returned without a forwarding address, the Settlement Administrator will conduct a skip-trace to locate the Class Member, and re-mail the Notice of Settlement. The Class Member shall then have until the Opt-Out/Objection Bar Date or fifteen (15) days from the date of re-mailing, whichever is later to Opt-Out or Object to the Settlement.

(E) **Proof of Claim Forms and Taxpayer Identification Information.** Proof of Claim forms must be submitted by the Opt-Out Objection Bar Date. Any Proof of Claim Forms that do not include taxpayer identification information may be accepted provided that the Absent Class Member provides such information on or

before the IRS Tax Form Submission Deadline or any extension thereto provided for in this Agreement. Similarly, in order to be eligible for payment, FLSA Opt-In Plaintiffs must submit their taxpayer identification information on or before the IRS Tax Form Submission Deadline or any extension thereto provided for in this Agreement.

(F)   **Fraudulent Claims.** The Settlement Administrator may identify fraudulent claims and in consultation with Counsel for the Parties may make an initial determination excluding fraudulent claims. Claimants submitting potentially fraudulent claims will be notified in writing that they may appeal the initial determination through an arbitration before Patrick Michael McKenna, Esq.

## 2.4   Approval of the Implementing Order.

(A)   Class Counsel shall apply to the Court for preliminary approval of the Settlement and approval of the proposed Notices, on or before March 27, 2020.

(B)   The proposed Implementing Order shall seek the setting of a deadline of sixty (60) days from the initial mailing of the Notices of Settlement to Class Members: (a) for Class Members to file Opt-out Statements; or (b) file a Proof of Claim Form; and/ or file written objections to the settlement. The submission of an Opt-Out Statement excludes that person from the Class. Any Class member who files an Opt-Out Statement many not also file a Proof of Claim Form or file written objections. The Proposed Implementing Order shall also seek to set a date for the Fairness Hearing for Final Approval of the Settlement which shall be no earlier than one hundred days (100) days following the date that the Court enters the proposed Implementing Order. The Proposed Implementing Order shall also set an IRS Tax Form Submission Deadline of one hundred eighty days (180) days from the Claims Bar Date.

(C)   Class Counsel shall inform the Court of the intended process to obtain a "Final Order" that will, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Releases; and (3) dismiss the Action; and (4) award Class Counsel attorneys' fees, expenses and costs.

(D)   Class Counsel shall provide a "Microsoft Word" version of the Preliminary Approval Motion, including the Memorandum of Law and Declaration in Support to Defendants' Counsel for review and comment reasonably in advance of any deadline to file the same. Upon completion of such review, Class Counsel may file the motion as "unopposed." Defendants reserve the right to oppose such application, however, only if the motion is inconsistent with the terms and conditions of this Agreement.

(E)   The Parties shall work together, diligently and in good faith, to obtain expeditiously an Implementing Order, Final Order, and dismissal in accordance with this Agreement with prejudice. Any disputes which arise between the Parties

related to the Parties' efforts to obtain a Final Order, and dismissal with prejudice shall be submitted to the Court.

**2.5    Opt-outs.**

(A)    The end of the time period to opt-out of the Settlement by filing an Opt-Out Statement ("Opt-out Period") shall be on the Opt-Out/Objection Bar Date (subject to the skip trace provisions set forth above).

(B)    Class Members who choose to opt-out of the Settlement as set forth in this Agreement must send via, fax, e-mail, overnight or First Class United States mail, postage prepaid, a written, signed statement to the Settlement Administrator that states he or she is opting out of the Settlement, and include his or her name, address, and telephone number(s) and a statement indicating his or her intention to opt-out such as: "I opt out of the Doria/Memon Discount Stores Wage and Hour Litigation Settlement." To be effective, an Opt-Out Statement must be postmarked by the Opt-Out/Objection Bar Date (subject to the skip trace provisions set forth above). The Settlement Administrator shall send each Opt-Out Statement to Class Counsel and Defendants' Counsel by e-mail delivery no later than three (3) days after the receipt of the Opt-Out Statement.

(C)    The Settlement Administrator will send a list of all Settlement Opt-out Statements to Class Counsel and Defendants' Counsel no less than seven (7) days before the Fairness Hearing. The Settlement Administrator will retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

(D)    Any Class Member who submits a Settlement Opt-Out Statement pursuant to this Agreement may not also file objections to the Settlement, file a proof of claim form, or otherwise participate in the Settlement. The submission of an Opt-Out Statement excludes that person from the Class for all purposes.

(E)    Any Class Member who does not submit a Settlement Opt-Out Statement pursuant to this Agreement: (1) will be deemed to have accepted the settlement and the terms of this Agreement; (2) will be bound by the Final Order in this Action; and (3) will have released all New York State wage and hour claims as set forth in this Agreement.

**2.6    Objections to Settlement.**

(A)    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first provide their objections in writing. The end of the time period to submit written objections to the Settlement shall be on the Opt-Out/Objection Bar Date (subject to the skip trace provisions set forth above).

(B)    Each written objection must state with specificity the grounds for the objection and must also state whether the objection applies only to the objector, a subset of

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    15

class members or to the entire class. To be effective, the written objections must be sent to the Settlement Administrator via fax, e-mail, overnight or First-Class United States mail, and must state each reason for each of the objections. The statement must also include the name, address and telephone number of the objecting Class Member. The Settlement Administrator shall stamp the date received on the original and send copies of each objection and supporting documents to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection.

(C)     An Objector, who files a written objection as set forth above, has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. An Objector must be a participating Class Member and an objection does not constitute the filing of a Settlement Opt-Out Statement. Any Class Member who files a Settlement Opt-Out Statement, is prohibited from filing objections to the Settlement.

(D)     The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

**2.7     Fairness Hearing and Motion for Final Approval and Dismissal.**

At the Fairness Hearing, the Parties will request that the Court, among other things: (i) approve the Stipulation of Settlement and Release Agreement as fair, reasonable, adequate, and binding on all Participating Class Members who have not timely opted out of the Settlement; (ii) order the attorneys' fees, expenses and costs as approved by the Court to be paid to Class Counsel out of the Qualified Settlement Fund; (iii) order the dismissal with prejudice of all Released State Law Claims of Participating Class Members who did not opt-out of the Settlement; (iv) order entry of Final Judgment in accordance with this Agreement; and (v) retain jurisdiction over the interpretation, implementation and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation and enforcement of this Agreement and of the Settlement contemplated thereby.

**2.8     Effect of Failure to Grant Final Approval.**  In the event the Court fails to enter the Final Order in accordance with this Agreement, the Action will proceed as if no settlement had been reached.

**3.     SETTLEMENT TERMS**

**3.1     Funding.**

(A)     Defendants shall be jointly and severally liable for funding the Settlement Fund. Defendants shall fund the settlement in three payments transferred to the QSF

totaling Eleven Million Dollars ($11,000,000). The "First, Second and Third" Settlement Payments" respectively.

(B)     The First Settlement Payment in the amount of Five Hundred Thousand Dollars ($500,000) shall be paid by Defendant Memon to the QSF within thirty days of the Court's issuance of the Implementing Order.

(C)     The Second Settlement Payment in the amount of Three Million Dollars ($3,000,000) shall be paid by the Estate Defendant to the Settlement Fund within ten (10) business days of the later of the District Court's issuance of the Implementing Order or the Surrogate's Court's Order lifting of the restraint on the Administrator's right to transfer estate assets.

(C)     The Third Settlement Payment in the amount of the outstanding balance of the total Eleven Million Dollar ($11,000,000) Settlement Fund shall be paid by Defendants to the Settlement Fund within one hundred twenty days (120) days of the later of the Court's issuance of the Implementing Order or the Surrogate's Court's Order lifting of the restraint on the Administrator's right to transfer estate assets. In the event that the First and Second Settlement Payments are made in a timely manner, the amount of the Third Settlement Payment shall be Seven Million Five Hundred Thousand Dollars ($7,500,000).

(D)     The payment dates may be extended by the District Court for good cause shown, upon application of any Defendant.

(E)     Nothing contained herein shall be deemed to alter the joint and several liability of Defendant Memon and the Estate Defendant for payment of the full Settlement Amount.

## 3.2   Settlement Fund Computation and Allocations.

(A)     **Allocation to Retaliation Plaintiffs.** The Settlement Administrator will pay Thirty Thousand Dollars ($30,000) in damages to each of the twenty-one (21) Retaliation Plaintiffs provided that the Retaliation Plaintiff does not opt-out of the Settlement in compensation for their FLSA and NYLL retaliation claims ("Retaliation Awards") upon the execution of a retaliation release substantially in the form set forth in Exhibit F, annexed hereto, or as otherwise approved by the Court.

(B)     **Allocation of Service Awards.** Class Counsel shall seek Court Approval of the payment of Service Awards of Ten Thousand Dollars ($10,000.00) for each of the six Class Representative and the five Representative Plaintiffs who are not also Class Representatives. These Service Awards will be sought in consideration for work these Plaintiffs performed on behalf of the Class, including their active roles in trial preparation, settlement negotiations and/or devising and implementing litigation strategy. Defendants may not oppose or comment on this application. The substance of Plaintiffs' application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of

the fairness, reasonableness, adequacy and good faith of the settlement of the Action. The outcome of the Court's ruling on the application for Service Awards shall not terminate this Agreement or otherwise affect the Court's Final Approval.

(C)    **Allocation of Professional Fees, Costs and Expenses.** At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund.  The petition will also seek Service Awards as set forth above, and reimbursement of Class Counsel's actual litigation expenses, including but not limited to expert fees, consulting fees, outside surrogate's counsel fees and costs. The fees, costs and Service Awards shall be paid from the Qualified Settlement Fund. These items and the Settlement Administration expenses will therefore reduce the Qualified Settlement Fund by the amount approved by the Court. Defendants may not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

(D)    **Allocation to Authorized Claimants.** The individual settlement allocations to be distributed to each Authorized Claimant in connection with their wage and hour and notice claims shall be computed based on the following factors: (1) a base amount for each Authorized Claimant, (2) consideration of whether the class member is also an FLSA Opt-in Plaintiff or Retaliation Plaintiff; and (3) the number of weeks worked during the Class Period. The method for calculating these amounts shall be determined in accordance with the length of employment indicated by the sworn statements of the FLSA Opt-in Plaintiffs in the course of the Litigation and the employment dates provided by the Absent Class Members in their Proof of Claim forms.

    (1)    Each Authorized Claimant shall receive a base amount of Two-Thousand Dollars ($2,000.00). Under no circumstances will any Authorized Claimant be entitled to less than Two Thousand Dollars ($2,000.00).

    (2)    Authorized Claimants shall also receive one (1) point per workweek worked during the Class Period. The number of workweeks shall be rounded up to the nearest whole number.

    (3)    FLSA Opt-in Plaintiffs shall receive an additional one-half of one (.5) point per workweek during the Class Period.

    (4)    To calculate each Authorized Claimant's proportionate share, the Settlement Administrator shall:

        (a)    Add all points for all Authorized Claimants together to receive the "Total Denominator";

        (b)    Divide the number of points for each Authorized Claimant Member by the Total Denominator to obtain each Authorized Claimants "Percentage of the Net Settlement Fund."

(c)     Multiply each Authorized Claimant's Percentage of the Net
Settlement Fund by the Net Settlement Fund (after attorneys' fees
costs and expenses, Service Awards, Retaliation Awards, and the
Twenty-Five Thousand Dollar ($25,000) Reserve Amount).

(E)     **Tax Characterization**.  For tax reporting purposes, the funds distributed to
Authorized Claimants for unpaid wages shall be apportioned as follows: fifty
percent (50%) shall be reported on IRS Forms W-2 and fifty percent (50%) shall
be reported on 1099 income. The Settlement Administrator shall be responsible
for deducting reportable payroll, income and other employment related taxes. The
Settlement Administrator shall be responsible for issuing and collecting tax forms
to Participating Class Members in accordance with this Section. All employer-
side taxes due to any taxing authority relating to payments made to Authorized
Claimants as result of this Settlement Agreement shall be paid from the QSF and
shall not be paid by the Releasees.

**3.3     Settlement Fund Distribution.**

(A)     In the event that the QSF is fully funded on or before the Effective date the
following distribution plan shall be applicable. After setting aside the Reserve
Amount, the Settlement Administrator shall make the following payments from
the available funds in the QSF in the following order: (1) mail all Court-approved
Service Awards to the service award recipients; (2) mail all Court-approved
retaliation awards to the Retaliation Plaintiff who have executed individual
retaliation claim releases; (3) pay itself anticipated notice and administration
expenses as authorized by the Parties and approved by the Court; (4) mail, wire,
or hand deliver the Court-approved costs, and litigation expenses to Class
Counsel; (5) mail, wire, or hand deliver the attorneys' fees as approved by the
Court to Class Counsel; and (6) issue the remaining amount available in the
Settlement Fund to all Authorized Claimants who have submitted completed W-2
and W-9 Forms in proportion to their Percentage of the Net Settlement Fund as
defined in Section 3.2(D)(4) below, while retaining payments to individuals who
have filed timely Proof of Claim forms and applied for but have not yet received
tax identification numbers.

(B)     In the event that the QSF is not fully funded on or before the Effective Date the
following distribution schedule shall be applicable.

(a)     within ten days of the later of the Effective Date and the payment of
Defendants; First and Second Settlement Payments to the QSF, after
setting aside the Reserve Amount, the Settlement Administrator shall
make the following payments from the available funds in the QSF in the
following order: (1) mail all Court-approved Service Awards to the service
award recipients; (2) mail all Court-approved retaliation awards to the
Retaliation Plaintiff who have executed individual retaliation claim
releases; (3) pay itself anticipated notice and administration expenses as
authorized by the Parties and approved by the Court; (4) mail, wire, or

hand deliver the Court-approved costs, and litigation expenses to Class Counsel; (5) mail, wire, or hand deliver thirty percent (30%) of the attorneys' fees as approved by the Court to Class Counsel; and (6) issue the remaining amount available in the Settlement Fund to all Authorized Claimants who have submitted completed W-2 and W-9 Forms in proportion to their Percentage of the Net Settlement Fund as defined in Section 3.2 (D)(4) below, while retaining payments to individuals who have filed timely Proof of Claim forms and applied for but have not yet received tax identification numbers.

(b)     Within ten days of the receipt by the QSF of Defendants' Third Settlement Payment, the Settlement Administrator after setting aside the Reserve Amount, shall make the following payments from the available funds in the QSF at the time in the following order: (1) pay itself any additional unpaid administration expenses incurred; (2) mail, wire, or hand deliver the remaining attorneys' fees as approved by the Court to Class Counsel; (3) issue Settlement Checks to all Authorized Claimants who have submitted completed W-2 and W-9 Forms in proportion to their Percentage of the Net Settlement Fund as defined in Section 3.2(D)(4) below, while retaining payments to individuals who have filed timely Proof of Claim forms and applied for but have not yet received tax identification numbers.

(C)     The Settlement Administrator shall continue to issue Settlement Checks to Authorized Claimants on a rolling basis in response to IRS Tax forms submitted by the Authorized Claimant prior to the IRS Tax Form Submission Deadline or any extension thereto in accordance with this Agreement.

(D)     **Remainder Amount.** Within ninety (90) days of the IRS Tax Form Submission Deadline any extension thereto as provided for in this Agreement, the Settlement Administrator shall distribute any remaining funds including: (1) the remainder of the Reserve Amount, if any; (2) any uncashed Settlement Checks remaining in the Settlement Fund ninety (90) days after the second settlement payment; (3) any amounts not issued due to expiration of the IRS Tax Form Submission Deadline and any extension thereto; and (4) any unused administration expenses, to Authorized Claimants who have previously cashed settlement checks on a pro rata basis based on their Percentage of the Net Settlement Fund as defined in Section 3.2(D)(4).

(E)     One hundred (100) days after the payment of the Remainder Amount, all funds remaining in the Settlement Fund shall be used to pay any outstanding administration expenses and remaining funds shall be paid to the Cy Pres Recipient.

**3.4**    **Default.**

(A)    In the event that any of Defendants' Settlement Payments are not paid to the QSF by the dates on which they are due, including any extension authorized by the Court for good cause shown, the Settlement Administrator shall notify counsel for the Parties by email and overnight mail.

(B)    In order to secure the Settlement Payments as described in this Settlement Agreement, at the time this agreement is executed, the Estate Defendant and Defendant Memon shall each execute Confessions of Judgment in the form annexed as Exhibits G and H, respectively to this Settlement Agreement in the amount of up to Fourteen Million Dollars ($14,000,000.00), less any amounts previously paid to the Settlement Fund. In no event shall any Confession of Judgment exceed the sum of $14,000,000.00 and the execution of one or both Confessions of Judgment shall not exceed the total sum of $14,000,000.00.

(C)    The Confessions of Judgment shall be held in escrow by Class Counsel unless and until a default in payment occurs and Defendants fail to cure the default within thirty (30) days of receipt of the Settlement Administrator's notice by overnight mail to Defendants' Counsel and to the Administrator. Defendants will have until the end of the thirty-day cure period to seek to enjoin Plaintiffs from enforcing the applicable Confession of Judgment in the District Court. After this period has expired or such injunction has been denied, Class Counsel shall be authorized to release the applicable Confession of Judgment from escrow and shall be authorized to take all steps necessary and proper under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York and the rules of the State Courts of New York to file the Confessions of Judgment and to obtain a judgment in the amount outstanding and take all actions necessary and proper to enforce the judgments. Defendants shall be jointly and severally liable for all costs, expenses and attorneys' fees incurred in connection with the collection of any judgment, except that in the event that the default is based solely on Defendant Memon's failure to make the First Settlement Payment, Defendant Memon shall be liable for all costs, expenses and attorneys' fees incurred in connection with the collection of the judgment.

(C)    Defendants shall be jointly and several liable for the full Eleven Million Dollar ($11,000,000) Settlement Amount and Defendants Memon and the Estate Defendant shall be jointly and severally liable for a default resulting in less than the full Eleven Million Dollar ($11,000,000) Settlement Amount.  However, the Estate Defendant shall not be liable under the Confessions of Judgment for the failure of Defendant Memon to pay the First Settlement payment of Five Hundred Thousand Dollars ($500,000) provided the full Eleven Million Dollar ($11,000,000) Settlement Amount is paid pursuant to this Agreement.

(D)    Nothing contained herein shall be deemed a waiver of the Estate Defendant's right to seek contribution from Defendant Memon.

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    21

4.      **RELEASES**

4.1     **Released Class and FLSA Collective Claims.**

(A)     **Release of State Law Claims.**  By operation of the entry of the Judgment and Final Approval, except as to such rights or claims as may be created by this Agreement, each individual Class Member, who worked at any time as Discount Store Workers, and who does not timely opt-out pursuant to this Agreement, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys (the "Releasors"), forever and fully discharge and release Releasees, as well as their predecessors, successors, assigns, attorneys, insurers, reinsures, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators from all wage and hour claims asserted, or wage and hour claims that could have been asserted under state law by and on behalf of the Class Members in the Litigation during the Class Period whether known or unknown (the "Released State Law Claims"). The Released State Law Claims include all wage and hour claims under the New York Labor Law during the Class Period including but not limited to the following: (1) relating to or governing the failure to pay wages, minimum wages, overtime wages, for all hours worked, for compensable working time, mileage reimbursement, expense reimbursement, or spread of hours pay; (2) for failure to provide meal and rest breaks claims; (3) for failure to reimburse for business expenses; (4) for unlawful deductions from wages or unpaid costs; (5) for failure to provide wage notices, wage statements, or other notices as required by federal, state, or local law; (6) for failure to keep, make, preserve and furnish accurate records of time worked; (7) of joint or single employment; and/or (8) breach of the covenant of good faith and fair dealing; (9) derivative benefit claims resulting from alleged failure to pay any wages and/or overtime); (10) failure to comply with the wage statement and notification of pay rate requirements of the Wage Theft Prevention Act, and (11) claims for liquidated damages, interest, penalties (including late payment penalties), premium pay, Services Awards, restitution, equitable relief, settlement administration fees and costs, and attorneys' fees, costs, interest and expenses related to any such claims.

(B)     **Release of FLSA Claims.** In addition, each Authorized Claimant will specifically and affirmatively release Releasees from any FLSA claims for any unpaid minimum wage, overtime wages, liquidated damages, attorneys' fees and costs related to such claims for work performed during the Class Period that were or could have been asserted in the litigation, whether known or unknown. FLSA Opt-in Plaintiffs will be deemed to have agreed to the release of FLSA claims by failing to withdraw their previously filed Consent to Sue Forms. Absent Class Members, who are Authorized Claimants will release their FLSA claims by executing the Proof of Claim Form. The Absent Class Member Proof of Claim Form will include the following language:

        I understand that by joining this lawsuit and agreeing to participate in the settlement of it, I am agreeing to release Defendants and their associated

entities in the above captioned action from all wage and hour claims under New York Law and the Fair Labor Standard Act which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including unpaid regular and overtime wages, all derivative benefits claims (claims for benefits, both ERISA and non-ERISA, resulting from alleges failure to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees expenses and costs for all time periods during the Class Period from October 4, 2008 to October 10, 2017.

Any substantive modification or amendment of the above language by an Authorized Claimant may not be accepted. The Settlement Administrator will provide Defendants with a photocopy of each executed Proof of Claim Form.

(C)    Except as provided in this Agreement, upon payment of the attorneys' fees, expenses and costs as approved by the Court, Class Counsel and the Class Representatives, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have for attorneys' fees or costs associated with Class Counsel's representation of Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses, and costs associated with Class Counsel's representation in the Litigation.

(D)    **Further Release by Retaliation Plaintiffs.** On or before the Opt-Out/Objection Bar Date, Retaliation Plaintiffs who do not opt out of the action will execute a release of any and all claims against Defendants relating to workplace retaliation under the FLSA (29 U.S.C. § 215) and the New York Labor Law (NYLL § 215) from the start of the Class Period until October 10, 2019. A copy of the NYLL and FLSA Retaliation Release is annexed hereto as Exhibit F.

(E)    **Release of Surrogate's Court Claims.** David Richardson, on his behalf and on behalf of the Class, agrees to cooperate with the Administrator in seeking an Order from the Surrogate's Court lifting the restriction on the transfer or encumbrance of the estate's assets to the extent necessary to fund the Settlement. Within seven (7) days after the NYS Administrative Judge lifts the restrictions on filing documents in the New York State courts, the Estate Defendant shall file the petition to lift the restrictions on the estate assets with the Surrogate's Court and within five (5) days of such filing, shall provide confirmation to the District Court that such petition was filed. Finally, upon the funding of the Settlement Amount, David Richardson shall withdraw his claim in the Surrogate's Court proceeding with prejudice.

(F)    **Fraudulent Conveyance Action.**  Class Representatives agree to cooperate with Defendants to facilitate the dismissal with prejudice of Defendant Memon from the Fraudulent Conveyance Action.

**4.2    Non-Assignment and Non-Admission.**

(A)     **No Assignment.**  Each Class Representative represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action.

(B)     **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Class Representatives and/or any Class Members, individually or collectively, all such liability being expressly denied. Settlement of this Action, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in this Action; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

## 5.     TERMINATION OF AGREEMENT

**5.1     Grounds and Procedures for Settlement Termination.**

(A)     **Opt-Out Provision.**  Defendants have the right to terminate this Agreement only if individuals comprising fifteen percent (15%) of the total number of Class Members submit Opt-Out Statements.

(B)     Termination of this Agreement shall be accomplished by email or facsimile transmitted to Class Counsel at least five (5) calendar days prior to the scheduled Fairness Hearing.

**5.2     Effect of Termination.** Termination shall have the following effects:

(A)     In the event this Agreement is terminated, subject to the provisions of Section 5.1(A), the Parties will continue with the Action as of the date of this Agreement with all rights and defenses intact as if no agreement had been entered into by the Parties.

(B)     Defendants shall have no obligation to make any payments to any Party, Class Representative, Class Member, Class Counsel or otherwise. Defendants will be responsible for any notice and administration costs associated with the Settlement and any payments made by the Defendants pursuant to this Agreement shall be refunded after deducting such notice and administration costs. Any refund under this provision shall be made to counsel for the  payor.

(C)     The Parties shall advise the Court of the termination and shall apply to the Court to have a single approved notice mailed to Class Members and Settlement Opt-Outs advising them of the termination. If approved by the Court, then the Settlement Administrator shall provide a Court-approved notice to Class Members that the Agreement did not receive Court Approval and that, as a result, no payments will be made to Authorized Claimants under this Agreement. Such notice shall be mailed by the Settlement Administrator via overnight mail or First-Class United States mail.

(D)     If the Settlement is terminated, Defendants retain the right to: (1) contest the merits of the claims being asserted in the Action; and (2) oppose contentions by the Class Representatives and Participating Class Members and assert all other rights and/or defenses.

(E)     If this settlement is not consummated for any reason, including: (1) a termination under this Agreement; (2) a ruling by the Court declining to enter an Implementing Order or Final Order substantially in the form submitted by the Parties (including a reversal and/or modification on appeal of the Court's Implementing Order or Final Order); or (3) for any other reason not presently contemplated, then the Parties shall continue to litigate the Action as if there was no Agreement.

(F)     By operation of entry of the Final Order, all Released Claims shall be deemed forever and fully released, discharged, and merged into this Agreement.

## 6.     INTERPRETATION AND ENFORCEMENT

**6.1**    **Cooperation Between the Parties; Further Acts**. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**6.2**    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**6.3**    **Binding Effect.** This Agreement is a binding agreement and contains all material agreed-upon terms.

**6.4**    **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

6.5    **Captions.**   The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.6    **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

6.7    **Voidable Provisions.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

6.8    **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, excluding the conflict of law principles thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.9    **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation, enforcement or implementation of this Agreement and of the settlement contemplated thereby, including, without limitation, upon the occurrence of an Event of Default.

6.10    **Waivers, Modification or Amendment.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.11    **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.12    **Notice.** All other notices and documents set forth herein shall be delivered to counsel for Defendants: (1) Turck Law, P.C., 225 Broadway, Suite 1901, New York, New York 10007, shawn@turcklaw.com; (2) the Heppt Law Office, PLLC, 260 Madison Avenue, 8th Floor, New York, New York 10016, joseph.heppt@hepptlaw.com; and (3) Kevin J. Costello, Esq., 4333 194th Street, Flushing, New York 11358 kevinjcostello@yahoo.com and Class Counsel: (1) The Marlborough Law Firm, P.C., 445 Broad Hollow Road, Suite

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

**6.13   Recitals and Background Clauses.** The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

**6.14   Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**6.15   Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement may be executed in counterparts.

AGREED:

**Class Representatives:**

_____          Dated: _03 | 25 | 2020_
Olugbenga Opesanwo

_____          Dated: _____
Maria Sumano

_____          Dated: _____
Angel Cartagena

_____          Dated: _____
Keletso Tebogo

_____          Dated: _____
Ronald Agyemang

_____          Dated: _____
David Richardson

**Defendants:**

_____          Dated: _____
Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

_____          Dated: _____
Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                                27

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

**6.13    Recitals and Background Clauses**. The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

**6.14    Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**6.15    Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement nay be executed in counterparts.

AGREED:

**Class Representatives:**

_____
Olugbenga Opesanwo

Dated: _____

_____
Maria Sumano

Dated: 03/24/2020

_____
Angel Cartagena

Dated: _____

_____
Keletso Tebogo

Dated: _____

_____
Ronald Agyemang

Dated: _____

_____
David Richardson

Dated: _____

**Defendants:**

_____
Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

Dated: _____

_____
Iqbal Memon, on behalf of himself
and the Corporate Defendants

Dated: _____

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

27

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

**6.13** **Recitals and Background Clauses.** The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

**6.14** **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**6.15** **Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement may be executed in counterparts.

AGREED:

**Class Representatives:**

_____     Dated: _____
Olugbenga Opesanwo

_____     Dated: _____
Maria Sumano

_Angel Cartagena_                    Dated: 3/24-20
Angel Cartagena

_____     Dated: _____
Keletso Tebogo

_____     Dated: _____
Ronald Agyemang

_____     Dated: _____
David Richardson

**Defendants:**

_____     Dated: _____
Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

_____     Dated: _____
Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    27

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

6.13 **Recitals and Background Clauses**. The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

6.14 **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

6.15 **Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement may be executed in counterparts.

AGREED:

**Class Representatives:**

_____         Dated: _____
Olugbenga Opesanwo

_____         Dated: _____
Maria Sumano

_____         Dated: _____
Angel Cartagena

_____         Dated: 3/24/2020
Keletso Tebogo

_____         Dated: _____
Ronald Agyemang

_____         Dated: _____
David Richardson

**Defendants**:

_____         Dated: _____
Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

_____         Dated: _____
Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    27

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

6.13 **Recitals and Background Clauses**. The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

6.14 **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

6.15 **Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement may be executed in counterparts.

AGREED:

**Class Representatives:**

_____     Dated: _____
Olugbenga Opesanwo

_____     Dated: _____
Maria Sumano

_____     Dated: _____
Angel Cartagena

_____     Dated: _____
Keletso Tebogb

_____     Dated: 3/24/2020
Ronald Agyemang

_____     Dated: _____
David Richardson

**Defendants**:

_____     Dated: _____
Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

_____     Dated: _____
Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    27

and Abesville, New York 11247, c/o ... martborroughtaxxtion ... and (2) Slater Slater
Schulman LLP 445 Madison Avenue 20th Floor, ... schulman@ssdfirm.com

**0.13** **Recitals and Background Clauses.** The Recitals and Background Clauses are
incorporated into this Agreement and made an integral part of this Agreement.

**0.14** **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized
representatives.

**0.15** **Facsimile and Email Signatures.** Any genuine paper signature made and transmitted by
facsimile or email for the purpose of executing this Agreement shall be deemed an
original signature for purposes of this Agreement and shall be binding upon the party
whose counsel transmits the signature page by facsimile or email. This Agreement may
be executed in counterparts.

AGREED

**Class Representatives:**

_____          Dated: _____

Olugbenga Opesanwo

_____          Dated: _____

Maria Sumano

_____          Dated: _____

Angel Cartagena

_____          Dated: _____

Keletso Tebogo

_____          Dated: _____

Ronald Agyemang

*David Richardson*                    Dated: 3/25/2020

David Richardson

**Defendants:**

_____          Dated: _____

Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

_____          Dated: _____

Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

27

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

**6.13**   **Recitals and Background Clauses.** The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

**6.14**   **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**6.15**   **Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement may be executed in counterparts.

AGREED:

**Class Representatives:**

_____          Dated: _____
Olugbenga Opesanwo

_____          Dated: _____
Maria Sumano

_____          Dated: _____
Angel Cartagena

_____          Dated: _____
Keletso Tebogo

_____          Dated: _____
Ronald Agyemang

_____          Dated: _____
David Richardson

**Defendants:**

_____          Dated: _____
Sofiya Doria, as Administrator of
the Estate of Mohamed Doria

_____          Dated: _____
Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    27

400, Melville, New York 11747, chris@marlboroughlawfirm.com, and (2) Slater Slater Schulman LLP, 488 Madison Avenue, 20th Floor, jschulman@sssfirm.com.

6.13    **Recitals and Background Clauses.** The Recitals and Background Clauses are incorporated into this Agreement and made an integral part of this Agreement.

6.14    **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

6.15    **Facsimile and Email Signatures.** Any pen-to paper signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. This Agreement may be executed in counterparts.

AGREED:

**Class Representatives:**

_____          Dated: ___  _____

Olugbenga Opesanwo

_____          Dated: _____  _____

Maria Sumano

_____          Dated: _____

Angel Cartagena

_____          Dated: ___  _____

Keletso Tebogo

_____          Dated: __.  _____

Ronald Agyemang

_____          Dated: _____

David Richardson

**Defendants:**

_____          Dated: _____

Sofiya Doria, as Administrator of
the Estate of Mahamed Doria

_____          Dated: 25 MAREh 2020

Iqbal Memon, on behalf of himself
and the Corporate Defendants

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    27

_____     Dated: 03/24/20
Gulam Doria

_____     Dated: 03/24/20
Usman Doria

_____     Dated: 03/24/20
Sikander Doria

_____     Dated: 03/24/20
Salim Doria

_____     Dated: 03/24/20
Musajee Vawda


Attorneys for the FLSA Collective and the Certified Class:


THE MARLBOROUGH LAW FIRM, P.C.


_____     Dated: 3/25/20
Christopher Marlborough
445 Broad Hollow Road, Suite 400
Melville, New York 11747
Tel: (212) 991-8960
Email: chris@marlboroughlawfirm.com


_____     Dated: _____
Jonathan E. Schulman
John C. Luke
SLATER SLATER SCHULMAN LLP
488 Madison Avenue, 20th Floor
New York, New York 10022
Tel: (212) 922-0906
Email: jluke@sssfirm.com
       jschulman@sssfirm.com

_____                    Dated: _____
Gulam Doria

_____                    Dated: _____
Usman Doria

_____                    Dated: _____
Sikander Doria

_____                    Dated: _____
Salim Doria

_____                    Dated: _____
Musajee Vawda

**Attorneys for the FLSA Collective and the Certified Class:**

**THE MARLBOROUGH LAW FIRM, P.C.**

_____                    Dated: _____
Christopher Marlborough
445 Broad Hollow Road, Suite 400
Melville, New York 11747
Tel: (212) 991-8960
Email: chris@marlboroughlawfirm.com

_____                    Dated: 3/26/2020
Jonathan E. Schulman
John C. Luke
**SLATER SLATER SCHULMAN LLP**
488 Madison Avenue, 20th Floor
New York, New York 10022
Tel: (212) 922-0906
Email: jluke@sssfirm.com
        jschulman@sssfirm.com

STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT                    28

# Exhibit A

IN RE DORIA MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION
CLASS MEMBER LIST                                    P a g e | **1**

|    | First Name | Last Name | Status |
|----|-----------|-----------|--------|
| 1  | Agyemang | Ronald | Opt-In Plaintiff |
| 2  | Auguste | Marcelin | Opt-In Plaintiff |
| 3  | Aziz | Anessa | Opt-In Plaintiff |
| 4  | Baleseng | Ketshephamang | Opt-In Plaintiff |
| 5  | Batana | Adrian | Opt-In Plaintiff |
| 6  | Bayo | Noha | Opt-In Plaintiff |
| 7  | Bishnauth | Bibi Fernaaz | Opt-In Plaintiff |
| 8  | Britton | Michael | Opt-In Plaintiff |
| 9  | Bruce | Christopher | Opt-In Plaintiff |
| 10 | Bueno | Lino | Opt-In Plaintiff |
| 11 | Camara | Moussa | Opt-In Plaintiff |
| 12 | Cartagena | Angel  Sr | Opt-In Plaintiff |
| 13 | Diagne | Alioune | Opt-In Plaintiff |
| 14 | Diallo | Abdul Malick | Opt-In Plaintiff |
| 15 | Diallo | Amadou | Opt-In Plaintiff |
| 16 | Diallo | Brahima | Opt-In Plaintiff |
| 17 | Diallo | Mamadou | Opt-In Plaintiff |
| 18 | Diop-Sow | Abdourahmane | Opt-In Plaintiff |
| 19 | Doe-tetteh | Mark | Opt-In Plaintiff |
| 20 | Espinosa | Sonia | Opt-In Plaintiff |
| 21 | Funke | Salawu Khairat | Opt-In Plaintiff |
| 22 | Goncalvez | Comlan Marius | Opt-In Plaintiff |
| 23 | Iseguede | Peter | Opt-In Plaintiff |
| 24 | Jimenez | Francisco | Opt-In Plaintiff |

IN RE DORIA MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION
CLASS MEMBER LIST                                        P a g e | **2**

| 25 | Kofie | Joseph | Opt-In Plaintiff |
| 26 | Koysor | Nazrul | Opt-In Plaintiff |
| 27 | Laguna | Carlos | Opt-In Plaintiff |
| 28 | Leon | Lee | Opt-In Plaintiff |
| 29 | Mandungu | Jocelyn | Opt-In Plaintiff |
| 30 | Nieves | Yolanda | Opt-In Plaintiff |
| 31 | Nunez | Santa Christina | Opt-In Plaintiff |
| 32 | Olugbenga | Opesanwo | Opt-In Plaintiff |
| 33 | Osei-Owusu | James | Opt-In Plaintiff |
| 34 | Pantoja | Abel (Raffy) | Opt-In Plaintiff |
| 35 | Passa | Kamal | Opt-In Plaintiff |
| 36 | Pelma | Santiago | Opt-In Plaintiff |
| 37 | Pierre-Louis | Elietzer | Opt-In Plaintiff |
| 38 | Pierre-Louis | Josue | Opt-In Plaintiff |
| 39 | Rahim | Abdur | Opt-In Plaintiff |
| 40 | Recinos | Sergio | Opt-In Plaintiff |
| 41 | Richardson | David | Opt-In Plaintiff |
| 42 | Rios | Felipe | Opt-In Plaintiff |
| 43 | Rodriguez | Daniel | Opt-In Plaintiff |
| 44 | Rodriguez | Roberto | Opt-In Plaintiff |
| 45 | Rodriguez | Wilda | Opt-In Plaintiff |
| 46 | Rooplall | Jennifer | Opt-In Plaintiff |
| 47 | Rosado | Hector | Opt-In Plaintiff |
| 48 | Rosendo | Miguel | Opt-In Plaintiff |
| 49 | Sanchez | Yuriana Martinez | Opt-In Plaintiff |

IN RE DORIA MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION
CLASS MEMBER LIST                                    P a g e | **3**

| 50 | Saylor | James | Opt-In Plaintiff |
|----|--------|-------|------------------|
| 51 | Singh | Cusila | Opt-In Plaintiff |
| 52 | Singh | Jasmattie | Opt-In Plaintiff |
| 53 | Singh | Ravindranauth | Opt-In Plaintiff |
| 54 | Suazo | Santos | Opt-In Plaintiff |
| 55 | Suedass | Sarita | Opt-In Plaintiff |
| 56 | Sumano | Maria Sara | Opt-In Plaintiff |
| 57 | Tebogo | Keletso | Opt-In Plaintiff |
| 58 | Tenadu | Wilson | Opt-In Plaintiff |
| 59 | Toure | Mariana | Opt-In Plaintiff |
| 60 | Uduaghan | Israel | Opt-In Plaintiff |
| 61 | Ulloa | Pedro | Opt-In Plaintiff |
| 62 | Yakubu | Mohammed | Opt-In Plaintiff |
| 63 | Basabe | Marcos | Opt-In Plaintiff |
| 64 | Adnan | (current employee) | Absent Class Member |
| 65 | Agropong | Emmanuel | Absent Class Member |
| 66 | Altarph | Mohammed | Absent Class Member |
| 67 | Babaka | Mr. | Absent Class Member |
| 68 | Bah | Marian | Absent Class Member |
| 69 | Bah | Mariyatou K. | Absent Class Member |
| 70 | Begum | Rahima | Absent Class Member |
| 71 | Begum | Fardushi | Absent Class Member |
| 72 | Benson | Fifi | Absent Class Member |
| 73 | Betts | Begay | Absent Class Member |
| 74 | Yunis | Lakhi | Absent Class Member |

IN RE DORIA MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION
CLASS MEMBER LIST                                    P a g e | **4**

| 75 | Boedi | Fofana (Victoria) | Absent Class Member |
| 76 | Brown | Attia | Absent Class Member |
| 77 | Cruz | Jose | Absent Class Member |
| 78 | Deon | | Absent Class Member |
| 79 | Diallo | Foitoymoto | Absent Class Member |
| 80 | Diallo | Aisstou | Absent Class Member |
| 81 | Diallo | Houssana Tou | Absent Class Member |
| 82 | Dijre | Abdul | Absent Class Member |
| 83 | Reid | Alan | Absent Class Member |
| 84 | Dolo | Yoecelia | Absent Class Member |
| 85 | Ferdos | Zanaat | Absent Class Member |
| 86 | Ferdous | Syeda | Absent Class Member |
| 87 | Gilan | Wasim | Absent Class Member |
| 88 | Hatia | Imran | Absent Class Member |
| 89 | Huda | MD Shamsal | Absent Class Member |
| 90 | Islam | MD Rafiquel Azeem | Absent Class Member |
| 91 | Ismail | Mohammed | Absent Class Member |
| 92 | Kame | Alpha Ousmane | Absent Class Member |
| 93 | Kane | Alfa | Absent Class Member |
| 94 | Kazi | Sharifa (Nadira's | Absent Class Member |
| 95 | Khamraj | Husband) | Absent Class Member |
| 96 | Khan | Sahadat | Absent Class Member |
| 97 | Khan | Liaqat | Absent Class Member |
| 98 | Ofuri | Kingsley | Absent Class Member |
| 99 | Lal | Harry | Absent Class Member |

IN RE DORIA MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION
CLASS MEMBER LIST                                              P a g e | **5**

| 100 | Leesat | Hawa | Absent Class Member |
|---|---|---|---|
| 101 | Machicote | Ismael | Absent Class Member |
| 102 | Maharaj | Vinjra (Kerry) | Absent Class Member |
| 103 | Miah | Abul | Absent Class Member |
| 104 | Morris | Michael | Absent Class Member |
| 105 | Nadira | (Khamraj's Wife) | Absent Class Member |
| 106 | Nassoko | Mady | Absent Class Member |
| 107 | Ofuri | Kingsley | Absent Class Member |
| 108 | Omar | Issah | Absent Class Member |
| 109 | Ovonankg | Elvis | Absent Class Member |
| 110 | Persaub | Rohan | Absent Class Member |
| 111 | Persaud | Toolaram | Absent Class Member |
| 112 | Quinones | Luis | Absent Class Member |
| 113 | Rahman | MD | Absent Class Member |
| 114 | Rahman | Suet | Absent Class Member |
| 115 | Raju | Mirpuri | Absent Class Member |
| 116 | Ramkhellawan | Rohan | Absent Class Member |
| 117 | Ramos | Hoje | Absent Class Member |
| 118 | Recinos | Dairy | Absent Class Member |
| 119 | Reed | Lucien | Absent Class Member |
| 120 | Rodriguez | Alfonso | Absent Class Member |
| 121 | Roopwatie | Jaylalla/Jhyuall | Absent Class Member |
| 122 | Sawe | Fofoumatta | Absent Class Member |
| 123 | Shajahan | Mohammed | Absent Class Member |
| 124 | Singh | Ranjit | Absent Class Member |

IN RE DORIA MEMON DISCOUNT STORES WAGE AND HOUR LITIGATION
CLASS MEMBER LIST                                    P a g e | **6**

| 125 | Soto | Geraldo | Absent Class Member |
| 126 | Smile | Marion | Absent Class Member |
| 127 | Sowe | Fatima | Absent Class Member |
| 128 | Suleman | Chota | Absent Class Member |
| 129 | Tahera | Saima | Absent Class Member |
| 130 | Sela | Waggeh | Absent Class Member |
| 131 | Yunis | Lakhi | Absent Class Member |
| 132 | Kamrul | Haran | Absent Class Member |
| 133 | Mena | Alex | Absent Class Member |

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================

In re Doria/Memon Discount Stores
Wage and Hour Litigation                             Civ. Action No. 14-cv-7990 (SN)
=========================================

## NOTICE OF SETTLEMENT OF CLASS ACTION
## AND FAIR LABOR STANDARDS ACT COLLECTIVE ACTION LAWSUIT

**TO:** All current and former employees of the Discount Stores operated by Mohamed Doria and/or Iqbal Memon between October 4, 2008 and October 10, 2017 (the "Class Period") whose names are included on the enclosed Absent Class Member List.  For the purposes of this Notice, such employees are referred to as the "Absent Class Members."

## PLEASE READ THIS NOTICE CAREFULLY

This Notice relates to a proposed settlement of wage and hour claims of current and former Discount Store workers at Defendants' locations at any time between October 4, 2008 and October 10, 2017. This notice has been authorized by the United States District Court for the Southern District of New York. It contains important information about your right to receive a settlement check, to object to the settlement, or to elect not to be included in the settlement by excluding yourself from the case ("opt-out").

Defendants have agreed to settle the employee wage and hour claims for work performed at the Discount Stores during the Class Period. The total settlement amount is $11,000,000. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and are fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**PARTICIPATE:**  Unless you exclude yourself from the settlement, you will be deemed to have participated in the class and will release your New York wage and hour claims. In addition, you can submit a Proof of Claim form to receive a payment. If you submit a Proof of Claim form, you also will release your minimum wage and overtime claims under the Fair Labor Standards Act.

As described more fully below, **if you wish to receive money as part of this settlement, you must submit a Claim Form and properly completed W-4 and W-9 Forms enclosed with this Notice.  If you need additional time to obtain a tax identification number you should send in the Claim Form without the tax identification information, seek to obtain a tax identification number and inform the Settlement Administrator of you efforts to obtain the tax identification number.**

If the Court approves this settlement, you should receive a settlement check within thirty days after the Court approves the Settlement and the Settlement has been funded by Defendants. There is currently a restriction in place in the Surrogate's Court of Queens County limiting the Estate of Mohamed Doria from contributing to the Settlement. Full payment of the settlement funds can only be distributed once the restriction is lifted and the estate's assets are liquidated.

**EXCLUDE YOURSELF:** If you wish to exclude yourself ("opt-out") from the lawsuit, you must follow the directions outlined in response to Question 6 below. If you opt out, you will not be part of the settlement but you will keep the right to bring your own case against Defendants with your own lawyers at your own expense.

**OBJECT:** You can object by telling the Court what you do not like about the settlement and why it should not be approved. If you wish to object to the settlement, you must write to us at the address listed in response to

Question 10 below, about why you believe the settlement is unreasonable, and must do so no later than _____, **2020.** If the Court rejects your objection, you will still be bound by the terms of the settlement.

**In order to receive money from the settlement you must submit a claim and the required tax forms. If you do nothing, you will not receive any money from the settlement, but your New York State law claims will be released.**

### 1. Why did I receive this notice?

You received this notice because Court records indicate that you worked at the Discount Store at issue in this case at some time during the Class Period, you did not previously file a consent to join the case and you are not a family member of any of the Defendants, including Iqbal Memon and Mohamed Doria.

### 2. Why is there a settlement?

Class Counsel has analyzed and evaluated the merits of the individual and collective claims made against Defendants in this action. Specifically, Class Counsel has performed extensive legal research, analyzed and projected damages for the individual members of the Class, and engaged in the exchange of discovery, including more than two dozen depositions and written discovery responses and documents from other Class Members. Based upon Class Counsel's analysis of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever for Class Members, or might result in a recovery that is less favorable and/or that would not occur for several years, Class Counsel entered into this proposed settlement.

### 3. How much will I receive if I file a claim?

The amount you will receive depends on how many people participate in the settlement and the number of weeks each participating Class Member worked at the Discount Stores during the Class Period. The maximum amount to be paid in the settlement is $11,000,000. After attorneys' fees, expenses, administration and other costs, employer- and employee-side taxes, service awards and retaliation awards are deducted, the amount each person receives will be calculated based on the number of weeks they worked at the Discount Stores. There is a maximum of $630,000 provisionally designated for potential payments to certain Class Member for their retaliation claims in this lawsuit. If the Settlement is approved by the Court, none of the settlement money will revert back to Defendants.

To determine the proportionate share for each class member, each class member will receive a base payment of $2,000. In addition, Settlement allocations of the remaining funds after the payments described above will be determined based on the number of points for each class member divided by the total number of points for all class members based on the following allocation formula. For each week worked during the Class Period each of the 133 Class Members will be assigned one point.  Class Members who previously opted-in to the litigation, did not have their FLSA claims dismissed and participated in discovery throughout the litigation will receive an additional half point for each week worked during the Class Period.

For tax purposes, all payments distributed to each claimant for their minimum wage, overtime and notice claims shall be split evenly between wages and liquidated and/or other non-wage damages, and the employee's share of taxes shall be withheld from the wage Settlement Check that you will receive if you file a claim.

### 4. Procedures To File A Claim

If you wish to receive money from the settlement you **must** submit the enclosed Claim Form **and** a properly completed W-4 and W-9 Form. You have a right to participate in this settlement regardless of your immigration status. However, in order to receive a settlement check you must provide a correct Social Security Number ("SSN") or Tax Identification Number ("TIN"), which matches the number on file with the Social Security

Administration. Your settlement payment will be delayed if you submit a W-4 or W-9 with incorrect or missing information. If you do not have a TIN or SSN, you may still participate in the settlement so long as you file a Proof of Claim form on or before _____ __, 2020 and obtain a TIN or SSN on or before _____ [120 days from mailing date]. **IF YOU DO NOT HAVE A TIN OR SSN YOU SHOULD APPLY FOR ONE IMMEDIATELY BECAUSE THE APPROVAL PROCESS TAKES SOME TIME. YOU SHOULD ALSO CONTACT THE SETTLEMENT ADMINISTRATOR AND INFORM THE ADMINISTRATOR THAT YOU HAVE APPLIED FOR A TAX IDENTIFICATION NUMBER.**

### 5. Settlement Fund and Termination Provisions

The parties have agreed that the maximum amount that Defendants will pay under the parties' settlement agreement, absent a default of payment, inclusive of payments to workers, employer and employee taxes, Class Counsel's attorneys' fees, costs, and expenses, Settlement Claims Administrator's costs and fees, and approved Service Awards is $11,000,000. Defendants may terminate this settlement if 15% or more Settlement Class Members opt-out of the settlement.

### 6. How do I exclude myself ("opt-out") from the settlement?

You may exclude yourself ("opt-out") from this case if you do not want to receive a settlement payment, but you want to maintain your right to sue Defendants on your own. To withdraw from this case, you **must** send a written, signed statement to Class Counsel clearly indicating your wish to opt out of the "Doria/Memon Discount Stores Wage and Hour Litigation Settlement." You **must** include your name, address, and telephone number in your opt-out letter to Class Counsel. To be effective, your opt-out letter **must** be faxed, emailed, or mailed via First Class United States Mail, postage prepaid, to the address below, and postmarked by **[insert Bar Date when set by Court].**

**Angeion Group**

**_____, PA**

**Tel: _____ Fax: _____**

**E-Mail: info@_____.com**

**RE: Doria/Memon Discount Stores Wage and Hour Litigation Settlement**

### 7. What happens if I do not opt-out by _____ 2020.

If you fail to opt-out by **[BAR DATE] 2020** then you will automatically be part of this settlement and will be deemed to have released all wage and hour claims under New York law which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including but not limited to unpaid regular and overtime wage claims, all related wage and hour and wage payment claims, all derivative benefit claims (i.e., claims for benefits, both ERISA and non- ERISA, resulting from alleged failure to pay overtime or other wages) during the Class Period, and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs. If you file the enclosed Claim Form, you will be deemed an opt-in party plaintiff under the Fair Labor Standards Act ("FLSA"), will be deemed to have released all wage and hour claims described above under both New York law and the FLSA, and will be entitled to receive your allocated share of the settlement. If you do nothing, you will still be part of the settlement, however, you will not receive monetary payment; your claim in this case against Defendants as a member of the class will be dismissed with prejudice by the Court if the Settlement is approved.

### 8. If I exclude myself ("opt-out"), can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit.

## 9. Who are the lawyers and how will the lawyers be paid?

The following law firms represent you in this case.

The Marlborough Law Firm, P.C.      Slater, Slater, Schulman, PLLC
Christopher Marlborough             John C. Luke    Jonathan E. Schulman
445 Broad Hollow Road, Suite 400    400 Madison Avenue, 20th Floor
Melville, New York 11747            New York, New York 10022
Telephone: (212) 991-8960           Telephone: (212) 922-0906
Email: chris@marlboroughlawfirm.com Email:  jschulman@sssfirm.com

Class Counsel will ask the Court to approve a fee of up to one-third of the maximum settlement amount described above ($3,666,666.67) in addition to costs and expenses. Any fee, costs and expense awards will be deducted from the $11,000,000 million fund. The Court will ultimately decide the amount of attorneys' fees and expenses that will be paid to Class Counsel. Class Counsel will also seek incentive awards of ten thousand dollars ($10,000) each for the six Class Representatives and five class member witnesses who has prepared to testify at a trial of the action.

## 10. How do I object to the settlement?

You can object to the settlement if you don't like any part of it. You must give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement. To object, you must send a letter saying that you object to this proposed settlement. Your statement must include all reasons for the objection and any supporting documentation. Your statement must also include your name, address, and telephone number. If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. You may send your objection to the settlement administrator by fax, email, or mail via First-Class United States mail, postage prepaid, to the address or number below. Your objection may not be heard unless it is received by the Settlement Claims Administrator by _____**2020.**

> **Settlement Claims Administrator**
> **_____, NY**
> **Tel: _____ Fax: _____**
> **E-Mail: info@_____.com**
> **RE: Doria/Memon Discount Stores Wage and Hour Litigation**

Class Counsel will file your objection with the Court. You may not both object to the settlement **and** opt-out of this case.

## 11. What's the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself ("opting out") is telling the Court that you don't want to be part of the Class and this proposed settlement. If you opt out, you have no basis to object because you will no longer remain a party to this action. If you do not opt-out of the settlement you will be deemed to have released your New York State law claims in this lawsuit against Defendants in this action and if you submit a  Proof of Claim Form you will be releasing your federal claims as well.

**12. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at _____.m. on _____ 2020, at the United States District Court, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, in Courtroom 219. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.

If there are objections, the Court will consider them as well. After the hearing, the Court will decide whether to approve the settlement. If the settlement is approved, the Court may also decide how much to pay to Class Counsel. We do not know how long these decisions will take.

**YOU MAY, BUT ARE NOT REQUIRED TO, ATTEND THE FAIRNESS HEARING**

**13. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are contained in the Settlement Agreement. You can review the Settlement Agreement by contacting the Settlement Claims Administrator or Class Counsel and asking for a copy (see contact information in Questions 9 and 10).

**Please do not contact the court with questions about the settlement.**

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================
In re Doria/Memon Discount Stores
Wage and Hour Litigation                          Civ. Action No. 14-cv-7990 (SN)
========================================

## NOTICE OF SETTLEMENT OF CLASS ACTION
## AND FAIR LABOR STANDARDS ACT COLLECTIVE ACTION LAWSUIT

**TO:**   All current and former employees of the Discount Stores operated by Mohamed Doria and/or Iqbal Memon between October 4, 2008 and October 10, 2017 (The "Class Period") who previously filed a consent to join the lawsuit as FLSA Opt-In Plaintiffs.

## PLEASE READ THIS NOTICE CAREFULLY

This Notice relates to a proposed settlement of wage and hour claims of current and former Discount Store workers at Defendants' Discount Store locations at any time during the Class Period. This notice has been authorized by the United States District Court for the Southern District of New York. It contains important information about your right to receive a settlement check, to object to the settlement, or to elect not to be included in the settlement by excluding yourself from the case ("opt-out").

Defendants have agreed to settle the employee wage claims for work performed at the Discount Stores. The total settlement amount is $11,000,000. The Court has not decided who is right and who is wrong in this lawsuit. Your legal rights may be affected, and you have a choice to make now. These rights and options are summarized below and are fully explained in this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**PARTICIPATE:**   **If you wish to receive money as part of this settlement, you must submit properly completed W-4 and W-9 Forms enclosed with this Notice.** Unless you exclude yourself from the settlement, you will be deemed to have participated in it, but you will not receive a settlement payment unless you submit the required tax forms. As described more fully below, if the Court approves this settlement, you should receive a settlement check within thirty days from the later of Court approval or the date the Settlement has been funded by Defendants, provided there is no appeal of the settlement. There is currently a restriction in place in the Surrogate's Court of Queens County limiting the Estate of Mohamed Doria from contributing to the Settlement. Full payment of the settlement funds can only be distributed once the restriction is lifted and the estate's assets are liquidated.

**Opt-Out:**   If you wish to exclude yourself ("opt-out") from the lawsuit, you must follow the directions outlined in response to Question 6 below. If you opt out, you will not be part of the settlement, but you will keep the right to bring your own case against Defendants with your own lawyers at your own expense.

**OBJECT:**   You can object to the settlement by telling the Court what you do not like about the settlement and why it should not be approved. If you wish to object to the settlement, you must write to us, at the address listed in response to Question 10 below, about why you believe the settlement is unreasonable, and must do so no later than **[insert date set by Court].** If the Court rejects your objection, you will still be bound by the terms of the settlement.

**In order to receive money from the settlement you must submit the required tax forms. If you do nothing, you will not receive any money from the settlement, but your claims will be released.**

### 1. Why did I receive this notice?

You have received this notice because you are a member of the certified class of Discount Store workers in this case and you have filed a consent to join this lawsuit and submitted sworn statements indicating that you worked at the Discount Stores during the Class Period.

### 2. Why is there a settlement?

Class Counsel has analyzed and evaluated the merits of the individual and collective claims made against Defendants in this action. Specifically, Class Counsel has performed extensive legal research, analyzed and projected damages for members of the Class, and engaged in discovery including, more than two dozen depositions, the exchange of relevant documents and responses to written questions by more than sixty class members. Based upon Class Counsel's analysis of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever for Class Members, or might result in a recovery that is less favorable and/or that would not occur for several years, Class Counsel entered into this proposed settlement.

### 3. How much will I receive if I file a claim?

The maximum amount to be paid in the settlement is $11,000,000. After attorneys' fees, expenses, administration costs, employer- and employee-side taxes, service awards and retaliation awards (there is a maximum of $630,000 provisionally designated for potential payments for retaliation asserted in this lawsuit) are deducted, the amount each claimant receives will be calculated based on the number of weeks they and other claimants worked at the Discount Stores and whether they previously filed a consent to join the lawsuit. In no event shall any of the settlement funds revert back to Defendants.

To determine the proportionate share for each class member, each class member will receive a base payment of $2,000. In addition, settlement allocations of the remaining funds after the payments described above will be determined based on the number of points for each class member divided by the total number of points for all class members based on the following allocation formula. For each week worked during the Class Period each of the 133 Class Members will be assigned one point.  Class Members who previously opted-in to the litigation, did not have their FLSA claims dismissed and participated in discovery throughout the litigation will receive an additional half point for each week worked during the Class Period.

For tax purposes, all payments distributed to each claimant for their minimum wage, overtime and notice claims shall be split evenly between wages and liquidated and/or other non-wage damages for tax purposes, and the employee's share of taxes shall be withheld from the Settlement Check that you will receive.

### 4. Procedures to receive a payment

If you wish to receive your settlement money you **must** submit properly completed W-4 and W-9 Forms. You have a right to participate in this settlement regardless of your immigration status. However, to participate you must provide a correct Social Security Number ("SSN") or Tax Identification Number ("TIN"), which matches the number on file with the Social Security Administration in order to receive a settlement check. Your settlement payment will be delayed if you submit a W-4 or W-9 with incorrect or missing information. If you do not have a TIN or SSN, you may still participate in the settlement so long as you file a Proof of Claim form on or before **[insert date set by Court]**, 2020 and obtain a TIN or SSN on or before **[insert date set by Court]** IF YOU DO NOT HAVE A TIN OR SSN YOU SHOULD APPLY FOR ONE IMMEDIATELY BECAUSE THE APPROVAL PROCESS TAKES SOME TIME.

**5. Settlement fund and termination provisions**

The parties have agreed that the maximum that Defendants will pay under the parties' settlement agreement, inclusive of payments to workers, employer and employee taxes, Class Counsel's attorneys' fees, costs, and expenses, Settlement Claims Administrator's costs and fees, and approved Service Awards, is $11,000,000. Defendants may terminate this settlement if 15% or more Settlement Class Members opt-out.

**6. How do I exclude myself ("opt-out") from the settlement?**

You may exclude yourself ("opt-out") from this case if you do not want to receive a settlement payment, but you want to maintain your right to sue Defendants on your own. To withdraw from this case, you **must** send a written, signed statement to the Settlement Administrator clearly indicating your wish to opt out of the "Doria/Memon Discount Stores Wage and Hour Litigation Settlement." You **must** include your name, address, and telephone number in your opt-out letter. To be effective, your opt-out letter **must** be faxed, emailed, or mailed via First Class United States Mail, postage prepaid, to the address below, and postmarked by **[insert Bar Date when set by Court].**

**Angeion Group**

**_____, PA**

**Tel: _____ Fax: _____**

**E-Mail: info@_____.com**

**RE: Doria/Memon Discount Stores Wage and Hour Litigation Settlement**

**7. What happens if I do not opt-out by _____ 2020?**

If you fail to opt-out by **[insert date set by Court] 2020** then you will automatically be part of this settlement and will be deemed to have released all wage and hour claims under federal and New York law which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including unpaid regular and overtime wage claims, all related wage and hour and wage payment claims, all derivative benefit claims (i.e., claims for benefits, both ERISA and non- ERISA, resulting from alleged failure to pay overtime or other wages) during the Class Period, and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees, expenses, and costs.

**8. If I exclude myself ("opt-out"), can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit.

**9. Who are the lawyers and how will the lawyers be paid?**

The following law firms represent you in this case.

| | |
|---|---|
| The Marlborough Law Firm, P.C. | Slater, Slater, Schulman, PLLC |
| Christopher Marlborough | John C. Luke        Jonathan E. Schulman |
| 445 Broad Hollow Road, Suite 400 | 400 Madison Avenue, 20th Floor |
| Melville, New York 11747 | New York, New York 10022 |
| Telephone: (212) 991-8960 | Telephone: (212) 922-0906 |
| Email: chris@marlboroughlawfirm.com | Email:  jluke@sssfirm.com |

Class Counsel will ask the Court to approve a fee of up to one-third of the maximum settlement amount described above ($3,666,666.67). Any fee award will be deducted from the $11,000,000 settlement fund. The Court will ultimately decide the amount that will be paid to Class Counsel.

## 10. How do I object to the settlement?

You can object to the settlement if you don't like any part of it. You must give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement. To object, you must send a letter saying that you object to this proposed settlement. Your statement must include all reasons for the objection and any supporting documentation. Your statement must also include your name, address, and telephone number. If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. Fax, email, or mail via First-Class United States Mail, postage prepaid, your objection to the address below. Your objection may not be heard unless it is received by the Settlement Claims Administrator by _____**2020.**

**Settlement Claims Administrator**
**P.O. Box _____**
**Philadelphia, PA**
**Tel: _____ Fax: _____**
**E-Mail: _____@angeion.com**
**RE: Doria/Memon Discount Stores Wage and Hour Litigation**

Class Counsel will file your objection with the Court. You may not both object to the settlement **and** opt-out of this case.

## 11. What's the difference between objecting and opting out?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself ("opting out") is telling the Court that you don't want to be part of the Class and this proposed settlement. If you opt out, you have no basis to object because you will no longer remain a party to this action. If you do not opt-out of the settlement you will be deemed to have released your claims in this lawsuit against Defendants in this action.

## 12. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____.m. on _____ 2020, at the United States District Court, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, in Courtroom 219. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate.

If there are objections, the Court will consider them as well. After the hearing, the Court will decide whether to approve the settlement. If the settlement is approved, the Court may also decide how much to pay to Class Counsel. We do not know how long these decisions will take. **YOU MAY, BUT ARE <u>NOT</u> REQUIRED TO ATTEND THE FAIRNESS HEARING**

## 13. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are contained in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy by contacting the Settlement Claims Administrator or Class Counsel (see contact information in Questions 9 and 10). **Please do not contact the court with questions about the settlement.**

# Exhibit D

# LEGAL NOTICE

**If you worked at one or more of the Discount Stores in the Bronx and Queens, New York operated by MOHAMED DORIA and/or IQBAL MEMON, you could get a payment from a class action settlement.**

- For more information in English or to obtain a claim form read this notice: www.angeion.com/discountstoreenglish.pdf.
- Para mas information en Espanol, o para obtener un formulario de reclamo lee este aviso: www.angeion.com/discountstoresspanish.pdf.
- Pour plus d'informations en françaisou pour obtenir un formulaire de reclamation lire cet avis: www.angeion.com/discountstoresfrench.pdf.

A settlement has been proposed in a class action lawsuit called *In re Doria/Memon Wage and Hour Litigation,* No. 14-cv-7990 concerning the Defendants' alleged failure to pay proper wages and issues proper documentation to employees and Defendants' alleged retaliation against certain class members. The Settlement will provide $11,000,000 to pay claims of employees on the class member list for work performed during the "class period" from October 4, 2008 to October 10, 2017. If you are a class member and you have not already joined the case, you may send in a claim form from the weblinks above to get benefits from the settlement or you may exclude yourself from the settlement. You may also choose to remain in the settlement and object to it.

The United States District Court for the Southern District of New York authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlement. In addition, the Surrogate's Court for the Estate of Mohamed Doria must lift restrictions on the estate's assets to allow the money to be paid out.

**Who's Included**

To see if you are an affected class member, check the following link:
www.angeion.com/discountstoreclassmemberlist.pdf.

**What is this Case About?**

The lawsuit claims that Defendants, including Iqbal Memon and Mohamed Doria and corporations they operated failed to pay minimum wage, overtime and spread of hours premium pay to workers. The Complaint also claims that Defendants failed to issue wage statements and notifications of pay rate required by law and that Defendants unlawfully retaliated against certain plaintiffs for participating in the lawsuit. Defendants have denied any wrongdoing. The Court has not decided whether Plaintiffs or Defendants are right. Defendants have agreed to settle the claims relating to work performed during the class period and for

retaliation for a total settlement amount of $11,000,000.00.

**What Does This Settlement Provide?**

Defendants have agreed to create a fund of $11,000,000 to be divided among all class members, whose claims are authorized, including absent class members who submit claim forms and workers who have already joined the case.

**How Do You Ask For A Payment?**

Obtain a detailed notice and claim form package. Just call or write to the Notice Administrator at the number below. To qualify for payment, you must submit a claim form along with the necessary tax forms. Claims Forms are due by _____ __, 2020.  You must also provide a valid social security number or Individual Taxpayer Identification Number in order to receive payment. You must provide that information by _____ __, 2020.

**What Are Your Other Options?**

If you don't want to be legally bound by the settlement, you must exclude yourself by _____ __, 2020 or you won't be able to sue Defendants about the legal claims in the case. If you exclude yourself you can't get money from the settlement. If you stay in the settlement, you may object to it by _____ __, 2020. The detailed notice explains how to exclude yourself or object to the settlement.

The Court will hold a hearing in the case on _____ __, 2020, to consider whether to approve the settlement and a request by the lawyers and class representatives for an award of attorneys' fees not to exceed one-third of the settlement fund, expenses, costs and incentive awards. The fees, costs and incentive awards will be paid from the settlement fund.  You may ask to appear at the hearing, but you don't have to. For more information call toll free 1-800-___-___, or write to Angeion Group- Discount Store Settlement, P.O. Box xxxx, Philadelphia, PA 00000-000.

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 14-cv-7990

In Re Doria/Memon Disc. Stores Wage & Hour Litig.

**ABSENT CLASS MEMBER**

**PROOF OF CLAIM FORM**

**PERJURY WARNING:** *KNOWINGLY PROVIDING FALSE INFORMATION CAN SUBJECT YOU TO CRIMINAL PROSECUTION FOR PERJURY*

1. **PROVIDE CONTACT INFORMATION:  If the information in the Litigation Information is incorrect or missing, please provide the correct information in the blank space on the Corrected Contact Information Column.**

| | Litigation Records | Corrected Contact Information (if necessary) |
|---|---|---|
| Name: | [NAME FIELD] | |
| Address 1: | [ADDRESS 1 FIELD] | |
| Address 2: | [ADDRESS 2 FIELD] | |
| City, State, Zip: | [CITY, STATE, ZIP FIELD] | |
| E-Mail: | [E-MAIL FIELD] | |
| Phone: | [PHONE FIELD] | |

2. **PROVIDE YOUR EMPLOYMENT INFORMATION:**

| | Litigation Records | Corrected Employment Information |
|---|---|---|
| Start Date: | [START DATE FIELD] | |
| End Date: | [END DATE FIELD] | |
| Tax Payer ID No. (Social Security Number or ITIN number) | UNKNOWN | |

3. **COMPLETE THIS FORM AND SUBMIT TAX FORMS.** In order to be eligible for a settlement payment, you must submit this form to the Settlement Administrator by _____, __, 2020 [*60 DAYS FROM THE MAILING DATE*].  You must also SEND completed IRS W-4 and W-9 forms to the Settlement Administrator by _____ __, 2020 [*120 days from date of mailing*].

- If you have your taxpayer identification information, you should submit those tax forms along with this Proof of Claim Form in the postage paid envelope provided.
- If you do not have the taxpayer identification information, you should apply for the taxpayer ID number immediately as it may take some time to get a number.
- **IN ORDER TO RECEIVE A SETTLEMENT PAYMENT, THE TAXPAYER ID INFORMATION THAT YOU PROVIDE MUST MATCH THE INFORMATION ON FILE WITH THE SOCIAL SECURITY ADMINISTRATION.**

4. If you do not submit this Proof of Claim form and both tax forms by the deadlines, you will not receive a settlement payment.

5. **SIGNATURE, ATTESTATION AND FLSA RELEASE** (You must sign and date below)

I *swear under penalty of perjury* that I worked at one or more of the Discount Stores operated by Mohamed Doria and/or Iqbal "Mike" Memon on the dates indicated above.

I further swear that I have a bona fide dispute with the Defendants named in the action as to my wages for minimum wage and overtime work and thus consent to participate in the settlement of this class action and to join the FLSA collective action against the Defendants, styled *In re Doria/Memon Discount Stores Wage and Hour Litigation*, 14-cv-7990 (SN).

I understand that by joining this lawsuit and agreeing to participate in the settlement of it, I am agreeing to release Defendants from all wage and hour claims under New York Law and the Fair Labor Standard Act which have been brought in the lawsuit or that are based on the same facts and circumstances as the claims in the lawsuit, including but not limited to unpaid regular and overtime wages, all derivative benefits claims (claims for benefits, both ERISA and non-ERISA, resulting from alleges failure to pay overtime or other wages), and all interest on such claims, liquidated damages, punitive damages, and/or other damages, attorneys' fees expenses and costs for all time periods during the Class Period (between October 4, 2008 and October 10, 2017).

I understand that the information contained in this Proof of Claim is subject to such verification as the Settlement Administrator or Class Counsel may request or as the Court may direct, and I agree to cooperate with any such verification efforts.

Signature: _____ Date: _____

Type Name: [NAME FIELD]

# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X          Case No. 14-cv-7990
IN RE DORIA/MEMON DISCOUNT STORES          (SN)
WAGE & HOUR LITIGATION
---------------------------------------------------------X


## NYLL and FLSA RETALIATION RELEASE


I, _____, hereby agree to the following:


**A.**      In consideration for the payment due to me pursuant to Section 3.2(A) of the Stipulation of Settlement and Release Agreement, dated March __, 2020 ("Settlement Agreement"), concerning my claims for workplace retaliation under the Fair Labor Standards Act and the New York Labor Law and subject to the terms and conditions of that Settlement Agreement, the sufficiency of which sums and benefits is acknowledged and which are in addition to those sums and benefits to which I am otherwise entitled for my minimum wage, overtime, spread of hours and Wage Theft Prevention Act claims, I knowingly and voluntarily and unconditionally release and forever discharge "Releasees" as defined in the Settlement Agreement, of and from all workplace retaliation claims under the NYLL or the FLSA.


**B**.      Pursuant to 29 USC §626(f), nothing in this Agreement shall be construed as a waiver of rights or claims that arise after I sign this Agreement.  I am not being asked to, and do not release, any claims which may not be waived as a matter of law.


**C.**      I have consulted with my attorney regarding this release prior to signing it.  I have carefully read and/or reviewed this agreement with my attorney and fully understand all of the provisions of this Release prior to signing it.


D.      In the event that I choose to Opt-Out of the Settlement according to the Opt-Out procedures set forth in the Settlement Agreement, this release will become void.

IN WITNESS WHEREOF, I knowingly and voluntarily executed this Release as of the date set forth below:

Dated: _____, 2020

Signed: _____

State of New York )
                  ) ss.:
County of _____)

On the _____day of _____ in the year 2020, before me, the undersigned notary public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X      Case No. 14-cv-7990
IN RE DORIA/MEMON DISCOUNT STORES      (SN)
WAGE & HOUR LITIGATION
----------------------------------------------------------X


### AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                      )  ss.:
COUNTY OF QUEENS    )

Sofiya Doria in her capacity as Administrator of the Estate of Mohamed Doria, being duly sworn, deposes and says:

1.      I am administrator of the Estate of Mohamed Doria (the "Estate"), a defendant in the above captioned action pending in the Southern District of New York.

2.      I reside in Queens, New York and the Estate is presently being administered in the Queens County Surrogate's Court. I authorize entry of judgment against the Estate in the Southern District of New York and the State Courts of Queens County.

3.      I confess judgment on behalf of the Estate and authorize entry of judgment in favor of Class Representatives Keletso Tebogo, Olungbenga Opesanwo, Maria Sumano, Angel Cartagena, David Richardson, and Ronald Agyemang  ("Class Representatives") and the certified class against the Estate in the sum certain of Fourteen Million Dollars and Zero Cents ($14,000,000.00) plus applicable federal statutory interest thereon from the date of entry of judgment pursuant to the filing of this affidavit, as permitted by the terms of the Settlement Agreement and hereby authorize the Class Representatives or their representatives, administrators or assigns to enter judgment for such sum against the Estate, less any amounts previously paid to the Settlement Fund in partial satisfaction of the Estate's obligations under the

Settlement Agreement.

      4.   In the event that this Confession of Judgment is filed with any Court, it shall be accompanied by a sworn statement from Class Counsel and the Settlement Administrator as to the amount of payments made and the amount outstanding on the Confession of Judgment, that the default terms of the Settlement Agreement have been satisfied, that the time to cure the default has expired, and that the Estate had an opportunity to oppose the default.

      5.  As evidenced by the Settlement Agreement, Class Representatives and the Estate settled an action that commenced against the Estate and other Defendants seeking minimum wage, overtime and spread of hours compensation, liquidated damages, prejudgment interest and penalties for violations of the wage statement and notification of pay rate provisions of the New York Wage Theft Prevention Act and the Estate agreed in the Settlement Agreement to pay Class Representatives certain amounts by certain dates and provided this affidavit to Class Representatives for less than the full amount that plaintiffs sought in their complaint as security for the performance of the Estate's obligations under the Settlement Agreement.

      6.  This confession of judgment is for the purpose of securing the Class Representatives and the Certified Class against a contingent liability in the event of a successful trial of the above-referenced action. I acknowledge that the amount in controversy against the Estate in the above-captioned exceeds twenty million dollars ($20,000,000), a sum greater than the amount for which the Estate confesses judgment.

      7.  Class Representatives have alleged that workers allegedly employed by Mohamed Doria were not paid minimum wage and overtime and were not issued wage statements and notifications of pay rate as required by law. Class Counsel's expert has analyzed the potential damages in the case and calculated a figure substantially in excess of twenty million

($20,000,000) inclusive of attorneys' fees.  Thus, this confession of judgment does not exceed the potential liability in the case.

8.   I, as Administrator of the Estate, have been represented by counsel throughout the lawsuit.  My counsel negotiated the terms of the Confession of Judgment on an arms' length basis. The settlement and the confession of judgement have received the approval of the United States District Court for the Southern District of New York.

9.   Within seven days of the request of the Class Representatives, I agree to execute another affidavit of confession of judgment under the same terms and including any additional details and addressing any objections that the clerk might have to the filing or enforcement of this Confession of Judgment.

_____
Sofiya Doria as Administrator
of the Estate of Mohamed Doria


State of New York)
                 ) ss.:
County of Queens)

On the _____day of March in the year 2020, before me, the undersigned notary public, personally appeared Sofiya Doria, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X          Case No. 14-cv-7990
IN RE DORIA/MEMON DISCOUNT STORES          (SN)
WAGE & HOUR LITIGATION
-----------------------------------------------------------X


**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK          )
                                                  )  ss.:
COUNTY OF QUEENS          )

      Iqbal Memon a/k/a Mike Memon, being duly sworn, deposes and says:

      1.      I am a defendant in the above captioned action pending in the Southern District of New York.

      2.      I reside in Queens, New York, I authorize entry of judgment against the me in the Southern District of New York and the State Courts of Queens County.

      3.      I confess judgment and authorize entry of judgment in favor of Class Representatives Keletso Tebogo, Olungbenga Opesanwo, Maria Sumano, Angel Cartagena, David Richardson, and Ronald Agyemang  ("Class Representatives") and the certified class against me in the sum certain of One Million Dollars and Zero Cents ($1,000,000) in the event of a default on the First Settlement Payment as defined in the Settlement Agreement and Fourteen Million Dollars and Zero Cents ($14,000,000.00) in the event of a default on the Third Settlement Payment as defined in the Settlement Agreement, plus applicable federal statutory interest thereon from the date of entry of judgment pursuant to the filing of this affidavit, as permitted by the terms of the Settlement Agreement and hereby authorize the Class Representatives or their representatives, administrators or assigns to enter judgment for such sum against me, less any amounts previously paid to the Settlement Fund in partial satisfaction of my

obligations under the Settlement Agreement.

4.    In the event that this Confession of Judgment is filed with any Court, it shall be accompanied by a sworn statement from Class Counsel and the Settlement Administrator as to the amount of payments made by me and the other Defendants and the amount outstanding on the Confession of Judgment, that the default terms of the Settlement Agreement have been satisfied, that the time to cure the default has expired, and I have had an opportunity to oppose the default.

5.    As evidenced by the Settlement Agreement, Class Representatives and I settled an action that commenced against me and other Defendants seeking minimum wage, overtime and spread of hours compensation, liquidated damages, prejudgment interest and penalties for violations of the wage statement and notification of pay rate provisions of the New York Wage Theft Prevention Act and I agreed in the Settlement Agreement to pay Class Representatives certain amounts by certain dates and provided this affidavit to Class Representatives for less than the full amount that plaintiffs sought in their complaint as security for the performance of the my obligations under the Settlement Agreement.

6.    This confession of judgment is for the purpose of securing the Class Representatives and the Certified Class against a contingent liability in the event of a successful trial of the above-referenced action. I acknowledge that the amount in controversy against me in the above-captioned exceeds twenty million dollars ($20,000,000), a sum greater than the amount for which I confesses judgment.

7.    Class Representatives have alleged that workers employed by me were not paid minimum wage and overtime and were not issued wage statements and notifications of pay rate as required by law. Class Counsel's expert has analyzed the potential damages in the case and

calculated a figure substantially in excess of twenty million ($20,000,000) inclusive of attorneys'
fees.  Thus, this confession of judgment does not exceed the potential liability in the case.

8.   I have been represented by counsel throughout the lawsuit.  My counsel
negotiated the terms of the Confession of Judgment on an arms' length basis. The settlement and
the confession of judgement have received the approval of the United States District Court for
the Southern District of New York.

9.   Within seven days of the request of the Class Representatives, I agree to execute
another affidavit of confession of judgment under the same terms and including any additional
details and addressing any objections that the clerk might have to the filing or enforcement of
this Confession of Judgment.

_____
Iqbal Memon a/k/a Mike Memon


State of New York)
                 ) ss.:
County of Queens)

On the _____day of March in the year 2020, before me, the undersigned notary
public, personally appeared Iqbal Memon, personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that she executed the same in her capacity,
and that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.


_____
Notary Public