```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMMANUEL AGROPONG, et al.,

                               Plaintiffs,

           -against-

MICHAEL MEMON, et al.,

                             Defendants.

-----------------------------------------------------------------X

14-CV-07990 (SN)

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**SARAH NETBURN, United States Magistrate Judge:**

On March 27, 2020, Plaintiffs in this action, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Laws ("NYLL"), filed a motion for preliminary approval of this wage and hour and workplace retaliation class settlement, appointment of a claims administrator, and approval of the notice of settlement. ECF No. 511.

Having reviewed the Class Settlement Agreement, ECF No. 513, Ex. 1 (the "Class Settlement Agreement") and the parties' submissions, the Court HEREBY ORDERS THE FOLLOWING:

1. The Court grants preliminary approval of the Class Settlement Agreement. The proposed agreement appears to be fair, reasonable and adequate such that class members should receive notice of the settlement. See Lizondro-Garcia v. Kefi LLC, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (courts should permit notice of settlement to be sent to class members where an initial evaluation shows that the settlement is in the range of possible approval) (collecting cases). See also Wright v. Stern, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) ("A

'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'") (quoting Wal–Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005)).

2. The Court appoints Angeion Group, the administrator the parties jointly designate, as the third-party settlement claims administrator.

3. A final fairness hearing on the question of whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate is scheduled in this Court, located at 40 Foley Square, Courtroom 219, New York, New York, 10007, on Wednesday, September 16, 2020, at 2:00 p.m.

4. The Court approves the procedures for Class Members to participate in, opt out of, or object to the Settlement, as set forth in the Settlement Agreement and the Proposed Notice and Claim Form. Plaintiffs are directed to distribute the Proposed Notice and Claims Form to the Class in the manner set forth in the Settlement Agreement, with all distribution of notice completed by no later than thirty days after the date of this Order (the "Notice Date").

5. To validly object to the Settlement Agreement, an objecting Class Member must provide the following information in the written objection: (i) the objecting Class Member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Class; (iii) a statement of the position(s) the objecting Class Member wishes to assert, including the factual and legal grounds for the position; (iv) copies of any other documents that the objector wishes to submit in support of his or her position; (v) whether the objecting Class Member intends to appear at the Fairness Hearing with or without separate counsel; and (vi) if the objecting Class Member intends to appear at the Fairness Hearing with separate counsel, the identities of all attorneys who will separately represent the objecting Class

Member.

6. Pending the Fairness Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

7. To facilitate administration of the Settlement Agreement pending final approval, the Court hereby enjoins all Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement Agreement unless and until such Class Members have filed valid requests for exclusion. This includes any Class Member's continuing prosecution of related claims before the New York State Department of Labor.

8. No later than Wednesday, September 2, 2020, Plaintiffs' counsel shall move and file a memorandum of law in support of final approval of the Settlement Agreement, an award of attorney's fees and costs, and service payments to the named plaintiffs.

9. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 511.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 5, 2020
         New York, New York