USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IN RE DORIA/MEMON DISCOUNT STORES         Case No. 14-cv-7990 (SN)
WAGE & HOUR LITIGATION

-----------------------------------------------------------X

**Final Order Granting Plaintiff Class Representatives' Motions for: 1) Final Approval of the Class Action Settlement And Approval of The FLSA Settlement; and 2) Attorneys' Fees and Reimbursement of Expenses and Service Awards**

The above-entitled matter came before the Court on Plaintiff Class Representatives' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"), and Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees, Expenses and Service Awards"). After reviewing the papers in support of the Motions for Final Approval, and Motion for Fees, Expenses and Service Awards and supporting declarations and exhibits, the arguments of counsel during the October 30, 2020 Fairness Hearing, and all other materials properly before the Court, the Court hereby finds and orders as follows:

     A.     On October 16, 2020, Plaintiff Class Representatives Keletso, David Richardson, Olugbenga Opesanwo, Ronald Agyemang, Angel Cartagena, and Maria Sumano ("Class Representatives") filed their Motion for Fees, Expenses and Service Awards.

     B.     On October 16, 2020, Class Representatives filed their Motion for Final Approval with respect to the proposed Stipulation of Settlement Agreement and Release ("Settlement Agreement").

C.	All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as in the Settlement Agreement.

NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.	The Court finds that the Settlement Agreement is fair, reasonable and adequate and should be approved on a final basis. The Settlement will ensure payment to Class and FLSA Collective Members and avoid the risk and expense of continued litigation.

2.	The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the releases of claims. Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

3.	The Court finds that there were no written objections to the Settlement and that no individuals opted out of the Settlement.

4.	The Parties' dissemination of the Notice to the Class via First Class United States Mail to the last known address of each Class Member to the extent such information was available in accordance with Section 2.3 of the Settlement Agreement. In addition, Publication Notice was issued through an internet press release on Business Newswire. The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary

requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

5. The Court appoints Make the Road, New York as the *cy pres* recipient as provided for in the Settlement.

6. Based on the foregoing, the Court grants final approval of the Class Action Settlement.

7. Based on the foregoing, the Court grants approval of the FLSA Settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes and satisfies the requirements set forth by the Second Circuit in *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2015).

8. The Court approves the requested Service Awards in the amount of Ten Thousand Dollars ($10,000.00) to each of the six Class Representatives and the five Representative Plaintiffs who were not also class representatives (Sergio Recinos, Abdur Rahim, James Osei Owusu, Israel Uduaghan, and Alioune Diagne) for their service and assistance in the prosecution of the litigation.

9. Class Counsel's request for attorneys' fees of $3,578,398 in this action is approved. Accordingly: 1) The Marlborough Law Firm, P.C. is hereby awarded $1,431,359 to be paid to the Seventh Amendment Qualified Settlement Fund in trust for the Marlborough Law Firm, P.C.; and 2) Slater Slater Schulman is hereby awarded $2,147,039 in attorneys' fees, a portion of which may be paid to a certain Qualified Settlement Fund in trust for one or more of Slater Slater Schulman LLP's principals. The total requested fees represent one-third of the Gross Settlement Fund after subtracting the $88,267 in attorneys' fees paid by Defendants in during the

litigation. Class Counsel are well qualified, experienced, and have aggressively litigated this action. The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by Class Counsel.

10. Slater Slater Schulman's request for reimbursement of expenses and costs is hereby granted. The firm is hereby awarded $76,351.78 in litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the Litigation.

11. The Court hereby awards Angeion Group, the Court appointed administrator for the Settlement for its actual costs and fees in connection with the administration of the Settlement estimated by Angeion to be $34,284. The Court finds that these fees and costs are reasonable in light of the work performed to date and the work to be performed in administering the Settlement.

12. The Settlement Claims Administrator will distribute the Settlement Checks, including Service Awards, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement.

13. The Settlement Claims Administrator is ordered to provide verification to Class Counsel and Defendants' Counsel of each distribution of Settlement Checks and withholding information, and to retain copies of all endorsed Settlement Checks.

14. This Litigation is dismissed with prejudice as to all Class Members with respect to the Released State Law Claims, asserted in the Litigation, as that term is used in the Settlement Agreement and as described in the Section 4.1(A) of the Settlement Agreement, including the claims of all Class Members who did not opt out

15. This Litigation is dismissed with prejudice as to all Authorized Claimants with respect to all Released FLSA Claims as that term is used in the Settlement Agreement and

described in the Section 4.1(B) of the Settlement Agreement.

16. This Litigation is dismissed with prejudice as to all retaliation claims of the Retaliation Plaintiffs from the start of the Class Period until October 10, 2019 as described in Section 4.1(D) of the Settlement Agreement.

17. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

18. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

It is so ORDERED this 30th day of October, 2020.

_____
SARAH NETBURN
United States Magistrate Judge